## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARCIA LORRAINE MADDEN<br>142 Michigan Ave NE 411<br>Washington, DC 20017-1024<br><br>       Plaintiff,<br><br>   v.<br><br>THE DISTRICT OF COLUMBIA<br>VETERANS MEDICAL CENTER, et al.<br>50 Irving Ave NW<br>Washington DC 20017-24[1]<br><br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Civil Action No. |

### NOTICE OF REMOVAL OF CIVIL ACTION

The United States Attorney, through the undersigned attorneys, on behalf of all Federal

Defendants in this matter, respectfully files this Notice of Removal, pursuant to 28 U.S.C.

§§ 1442(a)(1) and 1446, of a complaint filed by Marcia Lorraine Madden ("Plaintiff").  Under 28

U.S.C. 1442(a)(1), a civil action pending in state court may be removed when, as here, brought

against the United States or an Agency thereof. *See also District of Columbia v. Merit Sys. Prot.*

*Bd.*, 762 F.2d 129, 132-33 (D.C. Cir. 1985)(noting that when Federal parties remove an action

under §1442 (a)(1) the Federal court assumes jurisdiction over all the claims and parties in the

case regardless of whether the federal court could have assumed original jurisdiction); *District of*

*Columbia ex rel. American Combustion Inc. v. Transamerica Ins. Co.*, 797 F.2d 1041, 1045

(D.C. Cir. 1986) (citing *District of Columbia ex rel. Driggs Co. v. Ranger Constr. Co.*, 394

---

[1]This is the address Plaintiff lists in her Complaint.  The correct address is 50 Irving
Street, NW, Washington, DC 20010.

F.Supp. 801 (D. D.C. 1974)).  In support of this notice, Federal Defendants state as follows:

1.      Defendants are in receipt of a summons and complaint in the case of *Marcia Lorraine Madden v. The District of Columbia Veterans Medical Center, et al.*, Civil Action No. 0002077-12, in the Civil Division of the Superior Court of the District of Columbia (the "Civil Action").  A copy of the complaint (attached hereto as Exhibit A) was received by the Office of the United States Attorney for the District of Columbia on March 26, 2012, though the office has not been properly served.[2]

2.      Plaintiff, who lists over 40 Defendants in her complaint, appears to include many entities that are Federal Defendants.  These include, but may not be limited to, the District of Columbia Veterans Medical Center, Orlando Veterans Medical Center, Atlanta Veterans Medical Center, New York Harbor Health Care System (Brooklyn Veterans Medical Center), and California VA Regional Office (together "Department of Veterans Affairs"), the New York District EEOC Office and Atlanta District EEOC Office (together "United States Equal Employment Opportunity Commission"[3]), Mountain Home Air Force Base Hospital and MEO Office ("U.S. Air Force"), the U.S. Department of Commerce, the U.S. Department of Transportation, the U.S. Department of Energy, and the U.S. Department of Housing and Urban Development.  Defendants are agencies of the United States entitled to remove this action pursuant to 28 U.S.C. § 1442(a)(1).  Thus, the Civil Action is properly before this Court.

_____

[2]Federal Defendants do not waive any defenses with respect to service or service of process.

[3]The United States Equal Employment Opportunity Commission filed a Motion to Dismiss in the Superior Court of the District of Columbia.  A copy of that motion is attached as Exhibit B.

3.      Plaintiff's allegations contained in the complaint appear to allege tort and

employment discrimination claims against the Federal Defendants.  Plaintiff is seeking money

damages in the amount of $37,000,000.00.

4.      Plaintiff's claims are ones for which the District Court has original jurisdiction

because the suit is against agencies or officials of the United States for claims arising under

federal statutes.  28 U.S.C. § 1442(a).

WHEREFORE, this action is properly removed from the Superior Court of the District of

Columbia, to this Court, pursuant to 28 U.S.C. §§ 1442(a)(1), and 1446; *Merit Sys. Prot. Bd;*

*Transamerica Ins. Co., supra.*

April 17, 2012                                Respectfully submitted,

                                              RONALD C. MACHEN JR., DC Bar #447889
                                              United States Attorney
                                              for the District of Columbia

                                              DANIEL F. VAN HORN, DC Bar #924092
                                              Acting Chief, Civil Division

                        By:             /s/

                                              J. GREGORY LENNON
                                              Special Assistant United States Attorney
                                              United States Attorney's Office
                                              555 4th Street, NW
                                              Washington, DC 20530
                                              202-353-4024
                                              greg.lennon@usdoj.gov

3

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

### Civil Division

| | | |
|---|---|---|
| **MARCIA LORRAINE MADDEN**<br>**142 Michigan Ave NE 411**<br>**Washington, DC 20017-1024** | )<br>)<br>)<br>) | |
| **Plaintiff,** | )<br>) | **Civil Action No. 0002077-12** |
| **v.** | )<br>) | |
| **THE DISTRICT OF COLUMBIA**<br>**VETERANS MEDICAL CENTER, ET AL.**<br>**50 Irving Ave NW**<br>**Washington DC 20017-1024** | )<br>)<br>)<br>) | |
| **Defendants.** | )<br>) | |

## NOTICE OF FILING OF NOTICE OF REMOVAL OF CIVIL ACTION

TO:   MARCIA LORRAINE MADDEN
        142 Michigan Ave., NE #411
        Washington, DC 20017-1024

and

ALL DEFENDANTS NAMED IN THE COMPLAINT

**PLEASE TAKE NOTICE THAT ON** April 17, 2012, the District of Columbia

Veterans Medical Center, Orlando Veterans Medical Center, Atlanta Veterans Medical Center,

New York Harbor Health Care System (Brooklyn Veterans Medical Center), and California VA

Regional Office (together "Department of Veterans Affairs"), the New York District EEOC

Office and Atlanta District EEOC Office (together "United States Equal Employment

Opportunity Commission"), Mountain Home Air Force Base Hospital and MEO Office ("U.S. Air Force"), the U.S. Department of Commerce, the U.S. Department of Transportation, the U.S. Department of Energy, and the U.S. Department of Housing and Urban Development,  (all together "Federal Defendants"), filed with the Clerk of the United States District for the District of Columbia, a Notice of Removal of Plaintiff's complaint in the above-referenced civil action, pending in the Superior Court of the District of Columbia.  A copy of the Notice of Removal is attached hereto.  The Superior Court of the District of Columbia "shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d).

April 17, 2012

Respectfully submitted,

RONALD C. MACHEN JR., DC Bar #447889
United States Attorney
for the District of Columbia

DANIEL F. VAN HORN, DC Bar #924092
Acting Chief, Civil Division

By:      /s/
J. GREGORY LENNON
Special Assistant United States Attorney
United States Attorney's Office
555 4th Street, NW
Washington, DC 20530
202-353-4024
greg.lennon@usdoj.gov

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of April, 2012 I caused service of the

following: Notice of Filing of Notice of Removal of Civil Action and Notice of Removal of Civil

Action, to be made on Plaintiff and other parties as indicated below:

/s/
J. GREGORY LENNON
Special Assistant United States Attorney

**Plaintiff:**

Marcia Lorraine Madden
142 Michigan Ave., NE 411
Washington, DC 20017-1024

**Defendants:**

1. U.S. Department of Veterans Affairs
Office of the General Counsel
810 Vermont Ave., NW
Washington, DC 20420
CODE 021B

2. Primary and Extended Care Center - Queens
179th Street and Linden Blvd.
St. Alban's, NY 11425

3. New York State Division of Human Rights at Syracuse
One Fordham Road
Bronx, NY 10458

4. U.S. Equal Employment Opportunity Commission
Office of the General Counsel
131 M St., NE
Washington, DC 20507-0001

5. U.S. Department of the Air Force
Chief, General Litigation Division
HQ Air Force Legal Operations Agency

1500 West Perimeter Road, Ste 1370
Joint Base Andrews, MD  20762

6. Grady Health System
80 Jesse Hill Dr.
Atlanta, GA 30303

7 Atlanta Medical Center (Tenet Health)
303 Parkway Dr., NE
Atlanta, GA 30312

8. Nurse Finders (Emory University Hospital)
2221 Peachtree Rd., NE
Atlanta, GA 30302

9. Supplemental Healthcare (North Fulton Hospital/Northeast Georgia Medical Center)
4243 Dunwoody Club Dr.
Atlanta, GA 30350

10. Northside Hospital
1000 Johnson Ferry Rd.
Atlanta, GA 30342

11. Georgia Department of Labor
2211 Beaver Ruin Rd.
Norcross, GA 30071

12. Saisson Inc./Alpha Nursing Services
777 Cleveland Ave., SW #301
Atlanta, GA 30315

13. Laurel Baye Healthcare of Lake Lanier
2451 Peachtree Industrial Blvd.
Buford, GA 30518

14. Emory Children's Clinic and Elaine Clark Center
1961 N. Druid Hills Rd.
Atlanta, GA 30329

15. Duluth Medical Services/Georgia Regional Hospital
3883 Rogers Bridge Rd.
Duluth, GA 30096

and

3498 Rogers Bridge Rd.
Duluth, GA 30096

16. Joan Glancey Memorial Hospital
c/o Kim H. Sperduto
1133 20th Street, NW
Washington, DC 20036
**Attorney for Defendant**

17. Georgia Regional Hospital - Acute Care
3073 Panthersville Rd.
Decatur, GA 30034

18. Pediatric Services of America
350 Technology Parkway
Norcross, GA 30092

19. Queens Hospital Center (New York Health System and Hospital Corporations)
82-68 164th St.
Jamaica, NY 11432

20. SUNY Health Science Center at Syracuse
750 E. Adams St.
Syracuse, NY 13210

21. Crouse Irving Memorial Hospital
736 Irving Ave.
Syracuse, NY 13210

22. Community General Hospital
4900 Boad Rd.
Syracuse, NY 13215

23. Benjamin Rush Center
650 South Salina St.
Syracuse, NY 13202

24. Lakeside Behavioral Health Care - Mental Health
c/o David B. Stratton
Jordan Coyne & Savits, L.L.P.
1100 Connecticut Ave., NW

Suite 600
Washington, DC 20036-4117
**Attorney for Defendant**

25. St. John's Episcopal Hospital, South Shore
c/o Robert W. Goodson
Wilson Elser Moskowitz Edelman & Dicker, L.L.P.
700 11th St., NW
Suite 400
Washington, DC 20001
**Attorney for Defendant**

26. Gwinnett County Police Department and Gwinnett County Detention Center and
      Sheriff's Admin
c/o Victoria M. Shearer
Karpinski, Colaresi & Karp, P.A.
Sun Trust Building
120 E. Baltimore St.
Suite 1850
Baltimore, MD 21202
**Attorney for Defendants**

27. Fulton County (Criminal Warrants Division)
160 Pryor St., SW ste. J135
Atlanta, GA 30303

and

185 Central Ave.
Atlanta, GA 30303

28. Fulton County Jail
901 Rice St.
Atlanta, GA 30318

29. Orange County Courthouse
425 N. Orange Ave.
Orlando, FL 32801

30. U.S. Department of Commerce
Office of the General Counsel
14th and Constitution Avenue, N.W., Room 5870
Washington, D.C.  20230

31. U.S. Department of Transportation
Office of the General Counsel
1200 New Jersey Ave., SE
Washington, DC 20590

32. Hollywood Movers
2211 Van Buren Street
Hollywood, FL 33020

33. U.S. Department of Energy
Office of the General Counsel
1000 Independence Ave., SW
Washington, DC 20585

34. U.S. Department of Housing and Urban Development
Office of the General Counsel
U.S. Department of Housing and Urban Development
451 7th Street, SW, Room 10110
Washington, D.C.  20410

35. Presidential Towers/Beverly Hills Properties
3100 West 3rd St., #331
Los Angeles, CA 90029

36. Diamond Management Group, Inc.
7205 Hollywood Blvd. # 204
Los Angeles, CA 90046

37. Bernstein Management Corporation
1300 Massachusetts Ave. #607
Washington, DC 90005

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARCIA LORRAINE MADDEN<br>142 Michigan Ave NE 411<br>Washington, DC 20017-1024<br><br>       Plaintiff,<br><br>    v.<br><br>THE DISTRICT OF COLUMBIA<br>VETERANS MEDICAL CENTER, et al.<br>50 Irving Ave NW<br>Washington DC 20017-24<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.

# EXHIBIT A

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

MARCIA LORRAINE MADDEN
2 Michigan Ave NE #11                        *Plaintiff*
Washington, DC 20017-1024

vs.                                          CIVIL ACTION No. __0002077-12__

THE UNITED STATES FOR
THE DISTRICT OF COLUMBIA
Veterans Medical Center et al.
50 Irving Ave NW                             *Defendants*
Washington DC 20017-1024

                                             RECEIVED
                                             Civil Clerk's Office
                                             MAR 02 2012
                                             Superior Court of the
                                             District of Columbia
                                             Washington, D.C.

COMPLAINT

1.  Jurisdiction of this court is founded on D.C. Code Annotated, 2001 edition, as amended, Sec. 11-921.

{ COMPLAINT : ABUSES/ASSAULTS; INJUSTICES/REPRISALS;
EMPLOYMENT DISCRIMINATIONS AND TERMINATIONS; SLANDER
AND LIBEL; DEFAMATIONS; INVASION OF PRIVACY; MALPRACTICE
FALSE IMPRISONMENTS; INTENTIONAL INFLICTION OF
EMOTIONAL DISTRESS.
CLAIM FOR DAMAGES, INJURIES, Other} FEBRUARY 29,2012

Wherefore, Plaintiff demands judgment against Defendant in the sum of $ 37,000,000.
with interest and costs.

                                             202-518-0157/202-705-6630
                                             Phone:

DISTRICT OF COLUMBIA, SS
Marcia Lorraine Madden, being first duly sworn on oath deposes and says that the
foregoing is a just and true statement of the amount owing by defendant to the plaintiff, exclusive of all
set-off and just grounds of defense.
                                             DO 15 QYP
                                             11/15

                    Marcia Lorraine Madden
                    (Plaintiff)                                    (Agent)

Subscribed and sworn to before me this ___2nd___ day of _____ 20_12_.

                                        (Notary Public/Deputy Clerk)

FORM CV-1013/ Nov. 00



**Superior Court of the District of Columbia**
CIVIL DIVISION
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

MARCIA LORRAINE MADDEN
_____
Plaintiff

vs.

ALTANTA DISTRICT EEOC OFFICE
_____
Defendant

Case Number 0002077-12

SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

MARCIA LORRAINE MADDEN / Pro Se
Name of Plaintiff's Attorney

142 Michigan Ave, NE u11  1024
Address

Washington DC 20017-  Dion mm

202/518-0157/ (202) 705-6630
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date _____

如需翻译，请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction.    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ·

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                                                   CASUM.doc

Form CA-1 A: Notice and Acknowledgment for Service by Mail



### SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

MARCIA LORRAINE
MADDEN  *Plaintiff(s)*

v.                                          Case No: 0002077-12

THE DISTRICT OF COLUMBIA VETERANS
MEDICAL  *Defendant(s)*
CENTER, et al.

### NOTICE

To (insert name and address of the party to be served):

NEW YORK DISTRICT
EEOC OFFICE
33 WHITE HALL STREET
MANHATTAN, NY 10004

    The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

    You must sign and date the Acknowledgement (below). If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate next to your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate next to your signature your authority.

    If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

    If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be entered against you for the relief demanded in the complaint.

    This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date): MAR 09 2012.

_____                    MAR 09 2012
*Signature*                                          _____
                                                     *Date of Signature*

### ACKNOWLEDGMENT OF RECEIPT OF SUMMONS, COMPLAINT, AND INITIAL ORDER

    I (print name) _____ received a copy of the summons, complaint and initial order in the above captioned matter at (insert address):  _____
_____
_____

_____    _____    _____
*Signature*                *Relationship to Defendant/Authority*    *Date of Signature*
                           *to Receive Service*

Para pedir una traducción, llame al (202) 879-4828              如需翻译,请打电话 (202) 879-1828              Veuillez appeler au (202) 879-4828 pour une traduction

Để có một bài dịch, hãy gọi (202) 879-4828              የአማርኛ ትርጉም ለማግኘት ስልክ ቁጥር (202) 879-4828 ይደውሉ              번역은



# Superior Court of the District of Columbia

## "Certificate of Service"

## Defendants

① District of Columbia Veterans Medical Center
   50 Irving Street NW, Washington D.C. 20422.

② Orlando Veterans Medical Center
   5201 Raymond Street, Orlando FL. 32803.

③ Atlanta Veterans Medical Center
   1670 Clairmont Road, Decatur GA 30033.

④ Primary & Extended Care Center - Queens
   179th Street & Linden Blvd, St. Alban's N.Y. 11425.

⑤ NHCHS New York Harbor Healthcare System @ Brooklyn
   Veterans Medical Center
   800 Poly Place, Brooklyn NY 11209

⑥ California VA Regional Office, Medical Center,
   & Housing — VASH
   1100 Wilshire Blvd, Los Angeles, CA 90024

⑦ New York State Division of Human Rights. @ Syracuse
   One Fordham Road, Bronx, NY 10458

⑧ New York District EEOC office

8) New York District EEOC Office
~~33~~ Whitehall St. New York, NY 10004

9) Atlanta District EEOC Office
100 Alabama Ave, Atlanta GA 30303.

10) Mountain Home Air Force Base Hospital & MEO Office
90 Hope Drive, Mountain Home Idaho 83648

11) Grady Health System (Grady Memorial Hospital/
Human Resources Division/Legal Dept./Security Dept,
80 Jesse Hill ~~Jr~~ Drive, Atlanta Georgia 30303

* 12) Atlanta Medical Center (Tenet Health)
303 Parkway Drive, NE Atlanta, GA 30312

13) Nursefinders (Emory Univerity Hospital (employee)
5221 Peachtree Rd. NE, Atlanta GA 30309

14) Supplemental Healthcare (North Fulton Hospital)
(Northeast Georgia Medical Center)
4243 Dunwoody GA 30350

15) Northside Hospital
1000 Johnson Ferry Rd Atlanta GA 30342

16) Georgia Department of Labor
2211 Beaver Ruin Road Norcross GA 30071

17) Jackson Inc/Alpha Nursing Services
7777 Cleveland Ave. Atlanta GA 30315

19) Laurel Baye HealthCare of Lake Lanier
2451 Peachtree Industrial Blvd, Buford GA 30518.

20) ALL Medical Personnel (Emory Children's Clinic
and Elaine Clark Center).
1961 N. Druid Hills Road
Georgia

21) Duluth Medical Services / Georgia Regional Hospital, & Employees
3883 Rogers Bridge Road, Duluth, GA 30096,
3498 Rogers Bridge Road, Duluth, GA 30096.

22) Joan Glancey Memorial Hospital (ER Patient:
3215 Mclure Bridge Road, Duluth, GA 30097)

23) Georgia Regional Hospital - Acute Care/MH (ER Patient
3073 Panthersville Road, Decatur, GA 30034

24) Pediatric Services of America
350 Technology Parkway, Norcross, GA 30092.

Superior Court of the District of Columbia

25) Queens Hospital Center (New York Health System & Hospital Corporations).
82-68 164th Street. Jamaica Ave., NY 11432

26) SUNY Health Science Center At Syracuse
750 E. Adams Street, Syracuse, NY 13210.

27) Crouse Irving Memorial Hospital
736 Irving Ave., Syracuse NY 13210

28 Community General Hospital
4900 Broad Road, Syracuse, NY 13215

29) Benjamin Rush Center
650 South Salina St. Syracuse NY 1320

30) Lakeside Behavioral Health Care - Mental Health
1800 Mercy Dr., Orlando FL 32808

31) St. John's Episcopal Hospital, South Shore
327 Beach 19th Street. Far Rockaway, NY 11691

32) GWINNETT COUNTY POLICE DEPARTMENT
~~3215~~. 3125 Satellite Blvd, Duluth GA 30096

34) Fulton County (Criminal Warrants) (and Magistrate Court)
160 Pryor Street St. Atlanta GA 30303
185 Central Avenue, Atlanta GA 30303

35) Fulton County Jail
901 Rice St. Atlanta, GA 30318

36) Orange County Courthouse
425 N. Orange Ave, Orlando FL 32801

37) The Department of Commerce
1615 H St. NW. Washington DC 20062

38) The Department of Transportation
1200 New Jersey Ave, SE Wash, DC. 20590.

39) Hollywood Movers
Hollywood Florida (OR) Fort Lauderdale
MOVING COMPANY. [* ADDRESS UNKNOWN]

40) California Bus and Taxi Services.
See Dept of Transportation

41) District of Columbia Bus and Taxi Services. See Dept. of Transportation

42) The Department of Energy (California & District of C.

The Superior Court of the District of Columbia

2) The Department of Housing AND URBAN DEVELOP
MENT ~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

3) Presidential Towers aka Beverly Hills Properties
3100 West 3rd Street, Los Angeles CA 90029
# 331

4) Diamond Management Group, Inc.
7205 Hollywood ~~~~~~ Boulevard # 204
W/Los Angeles, CA 90046
                    Bernstein management Corporation.
5) 1300 Massachusetts Avenue # 607
                              NW.
      Washington, DC. 90005

4) The Department of Housing and Urban Development
      The Wanamaker Building
      100 Penn Square East
      Philadelphia, PA 19107

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MARCIA LORRAINE MADDEN                          )
142 Michigan Ave NE 411                         )
Washington, DC 20017-1024                       )
                                                )
       Plaintiff,                   )
                                                )
  v.                                        )
                                                )
THE DISTRICT OF COLUMBIA                        )   Civil Action No.
VETERANS MEDICAL CENTER, et al.                 )
50 Irving Ave NW                                )
Washington DC 20017-24                          )
                                                )
                                                )
      Defendants.                  )

# EXHIBIT B

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| Marcia L. Madden, ) <br> ) <br>         Plaintiff, ) <br> ) <br>    vs. ) <br> ) <br> ) <br> District of Columbia Veterans ) <br> Medical Center, *et al.*, ) <br> ) <br>         Defendants. ) <br> ) <br> ) | Civil Action No. 2012 CA 002077 M |

**MEMORANDUM IN SUPPORT OF THE EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION'S MOTION TO DISMISS**

### 1. STATEMENT OF FACTS

The Plaintiff filed a complaint against The District of Columbia Veterans Medical Center and other defendants including the EEOC. The complaint raises negligence claims. The complaint does not contain specific allegations against the EEOC. EEOC assumes that Plaintiff is dissatisfied with EEOC's handling of a charge of employment discrimination. EEOC must be dismissed from this lawsuit because this Court lacks subject matter jurisdiction over the EEOC and because the complaint fails to state a claim upon which relief can be granted against the EEOC.

II.   ARGUMENT

**A. The Complaint Against EEOC Should Be Dismissed for Lack of Subject Matter Jurisdiction.**

It is well settled that the United States is amenable to suit only in those instances for which it has specifically consented to suit. "The United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 47 L.Ed. 2d 114 (1975). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Federal Deposit Insurance Corporation v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994); *see also Dugan v. Rank*, 372 U.S. 609, 620, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963); *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 693, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949).

The EEOC is an agency of the United States government, established by Congress in section 705 of the Civil Rights Act of 1964. 42 U.S.C. § 2000e-4. In order for this Court to entertain a claim against the EEOC, Plaintiff must establish that the United States has waived its sovereign immunity and consented to be sued. *United States v. Mitchell*, 445 U.S. 538, 100 S.Ct. 895, 63 L.Ed.2d 171 (1980); *Testan*, 424 U.S. at 399; *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). The absence of consent to suit is a "fundamental, jurisdictional defect." *See* 14 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure § 3654 at 194-95 (1985)*. When the United States does consent to be sued, it defines the strictly construed conditions under which it is willing to be sued. *Id.* For example, suit may only be brought in a court designated by Congress. *Minnesota v. U.S.*, 305 U.S. 382, 388, 59

S.Ct. 292, 83 L.Ed. 235 (1939).

> To vest a particular court with power to adjudicate a claim against the United States requires not only an identifiable waiver of sovereign immunity for the party's asserted claim against the United States, but also a waiver of sovereign immunity authorizing that party to sue the United States in that particular court. See United States v. Mottaz, 476 U.S. 834, 841 (1986) (terms of waiver of sovereign immunity define the extent of the court's jurisdiction.).

*Broughton Lumber Co. v. Yeutter*, 939 F.2d 1547, 1550 (Fed.Cir. 1991).

Congress has not consented to suits against federal agencies in state courts. *See International Primate Protection League v. Administrators of Tulane Educational Fund*, 500 U.S. 72, 85, 111 S.Ct. 1700, 114 L.Ed.2d 134 (1991). A federal agency is shielded by sovereign immunity from such suits, and must be dismissed as a defendant. *Id.* In particular, the United States has not consented to be sued in state court for EEOC actions.

Plaintiff has not identified, and we are not aware of any statute that waives sovereign immunity in a suit like this case. Plaintiff may be attempting to allege a cause of action in tort under the Federal Tort Claims Act ("FTCA"), which provides a waiver of the federal government's immunity for certain claims of negligence. See 28 U.S.C. § 1346(b) (1994); 28 U.S.C. §§ 2671 (1994). However, the FTCA requires a complainant to exhaust available administrative remedies before bringing an action against the United States in federal court. See 28 U.S.C. § 2675(a) (1994); Celestine v. Mount Vernon Neighborhood Health Ctr., 403 F.3d 76, 82 (2d Cir. 2005); Adeleke, 355 F.3d at 153; Frey v. Environmental Protection Agency, 270 F.3d 1129, 1135-36 (7th Cir. 2001); Bialowas v. United States, 443 F.2d 1047, 1049 (3d Cir. 1971);

_Henderson v. United States_, 785 F.2d 121, 123 (4th Cir. 1986); _Waldron v. Pierre_, 995 F. Supp. 935, 937 (N.D. Ill. 1998); _Forbes_, 893 F. Supp. at 481.  Plaintiff has not alleged that she filed an administrative tort claim with the EEOC before filing suit and we are not otherwise aware that she has done so.  Plaintiff's failure to comply with the FTCA requirement that she exhaust available administrative remedies by presenting her claim to the EEOC requires dismissal of any tort claim.  See _Celestine_, 403 F.3d at 82; _Frey_, 270 F.3d at 1135-36; _Henderson_, 785 F.2d at 124; _Forbes_, 893 F. Supp. at 481.

Moreover, any suit under the FTCA against EEOC as defendant must fail because EEOC is not the proper party under the FTCA.  A FTCA suit against the United States is the exclusive remedy for tort claims that arise out of the actions of government agencies or employees.  See _FDIC v. Meyer_, 510 U.S. 471, 476 (1994); _Rivera v. United States_, 928 F.2d 592, 608 (2d Cir. 1991).  Claims against federal agencies cannot be construed as claims against the United States for purposes of jurisdiction under the FTCA.  See _Kennedy v. United States Postal Serv._, 145 F.3d 1077, 1078 (9th Cir. 1998) ("A claim against the [agency] in its own name is not a claim against the United States.").

In summary, Plaintiff's claim should be dismissed because this Court lacks jurisdiction over the EEOC, an agency of the United States Government.

## B. The Complaint Fails to State a Claim Against the EEOC Upon Which Relief Can Be Granted.

The law does not recognize a sustainable cause of action against the EEOC for its investigation of a Title VII charge, so the Plaintiff cannot state a valid claim against the EEOC even if he had tried to do so.  In order to stage a cognizable claim against the EEOC, Plaintiff must demonstrate that Congress granted a right of action against the EEOC in Title VII "either expressly or by clear implication."  See _Warth v. Seldin_, 422 U.S. 490, 501, 95 S.Ct. 2197, 45

F.Ed.2d 343 (1975). Federal courts agree that Title VII enforcement provisions do not create a cause of action - either expressed or implied - against the EEOC. *Ward v. Equal Employment Opportunity Comm'n*, 719 F.2d 311, 313 (9th Cir.1983); *Smith v. Casellas*, 119 F.3d 33, 34 (D.C. Cir. 1997) ("We . . . join our sister circuits in holding that Congress has not authorized, either expressly or impliedly, a cause of action against the EEOC for the EEOC's alleged negligence or other malfeasance in processing an employment discrimination charge."); *McCottrell v. E.E.O.C.*, 726 F.2d 350, 351 (7th Cir.1984) ( "It is settled law in this and other circuits, that Title VII does not provide either an express or implied cause of action against the EEOC to challenge its investigation and processing of a charge."); *Baba v. Japan Travel Bureau Int. 'l, Inc.*, 111 F.3d 2, 4 *(2d Cir. 1997); Scherer v. Rose State College*, 950 F.2d 661, 663, (10th Cir. 1991); *Gillis  v. United States Dept. of Health and Human Services*, 759 F.2d 565, 574 (6th Cir. 1985); *Newsome v. EEOC*, 301 F.2d 227 (5th Cir. 2002); *Gibson v. Missouri Pac RR*, 579 F.2d 890, 891 (5th Cir. 1978); *Francis-Sobel v. Equal Employment Opportunity Comm'n*, 597 F.2d 15, 18 (1st Cir. 1979), *cert. denied*, 444 U.S. 949 (1979); and *Georator Corp. v. Equal Employment Opportunity Commission*, 592 F.2d 765, 769 (4th Cir. 1979).

Title VII creates a cause of action for victims of discrimination (known as "charging parties"), but that claim is only against the charging party's employer. In *Occidental Life Ins. Co. v. Equal Employment Opportunity Comm'n*, 432 U.S. 355, 365-66, 97 S.Ct. 2447, 53 L.Ed.2d.402 (1977), the Court concluded, based on Title VII's legislative history, that Congress intended the individual's right to bring a *de novo* lawsuit against respondent employer to be the individual's sole judicial remedy under Title VII, even if the EEOC, in processing a charge, might act slowly, erroneously, or not at all. *Id.*

In summary, the Plaintiff has not stated a claim against the EEOC, nor could she even if

she so desired.  The EEOC should be dismissed from this action.

### III.  CONCLUSION

The EEOC should be dismissed from this action because the Plaintiff has failed to state a claim against the EEOC and because this Court lacks subject matter jurisdiction over any purported claim against the EEOC.  Congress has not waived the sovereign immunity which protects the EEOC.

Dated this 6th day of April, 2012.

Respectfully submitted,

PEGGY R. MASTROIANNI
Legal Counsel

THOMAS J. SCHLAGETER
Assistant Legal Counsel

/s/ Colleen Adams Jackson
COLLEEN ADAMS JACKSON
Attorney for Defendant
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
North Carolina Bar No. 20819
Office of Legal Counsel
131 M. Street, NE
Washington, D.C. 20507
Phone: (202) 663-4660
Fax:  (202) 663-4639
Colleen.Jackson@eeoc.gov

8

## CERTIFICATE OF SERVICE

I certify that on April 6, 2012, I electronically filed the foregoing Motion to Dismiss with

the Clerk of Court via CaseFileXpress. I hereby certify that copies were mailed by United States

Postal Service on April 6, 2012, to the following:

> Marcia L. Madden
> 142 Michigan Avenue, NE
> Washington, D.C. 20017-1024
>
> Ronald C. Machen, United States Attorney
> United States Department of Justice
> Judiciary Center Building
> 555 Fourth Street, N.W.
> Washington, D.C. 20530

/s/ Colleen Adams Jackson
COLLEEN ADAMS JACKSON

9

10

JS-44
(Rev.1/05 DC)

CIVIL COVER SHEET

## I. (a) PLAINTIFFS

Marcia Lorraine Madden

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **(DC)**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

## DEFENDANTS

The District of Columbia Veterans Medical Center, et al.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

J. Gregory Lennon
Special Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
555 4th St., N.W.
Washington, D.C. 20530
(202) 353-4024

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
◉ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

○ **A.** *Antitrust*

☐ 410 Antitrust

◉ **B.** *Personal Injury/ Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☒ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C.** *Administrative Agency Review*

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E.** *General Civil (Other)*        **OR**        ○ **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI.  CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 U.S.C. sec. 1442 & 1446, 28 U.S.C. § 1346(b)

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 37,000,000.00   Check YES only if demanded in complaint

JURY DEMAND:   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 04/17/12   SIGNATURE OF ATTORNEY OF RECORD

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.