# IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## Civil Division

|  |  |  |
|---|---|---|
| MARCIA L. MADDEN, | : | |
| | : | |
| | : | Civil Action #: 12 CA 002077 M |
| Plaintiff, | : | Honorable Michael Rankin |
| | : | Next Event: Initial Scheduling Conference |
| | : | June 1, 2012 |
| | : | |
| v. | : | |
| | : | |
| THE DISTRICT OF COLUMBIA | : | |
| VETERANS MEDICAL CENTER, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ST. JOHN'S EPISCOPAL HOSPITAL'S MOTION TO DISMISS

COMES NOW, Defendant St. John's Episcopal Hospital, by and through counsel, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, pursuant to Rules 8(a), 12(b)(2), 12(b)(6) and 12(e) of the Superior Court Rules of Civil Procedure, and moves to dismiss Plaintiff's Complaint for lack of personal jurisdiction over this Defendant and for failure to state a claim upon which relief can be granted.   In further support of its Motion, Defendant respectfully refers the Court to its attached Memorandum of Points and Authorities and incorporates it as if fully set forth herein.  In consideration of the points and authorities set forth in the instant Motion, Defendant respectfully requests that the Court:

(A)    Dismiss the Complaint and all claims against Defendant with prejudice for lack of personal jurisdiction; or

(B)    Dismiss the Complaint and all claims against Defendant with prejudice for failure to state a claim upon which relief can be granted.

447545.1

To the extent the Court denies Defendant's Motions for dismissal, Defendant respectfully submits that the Court must require Plaintiff to amend her complaint to comply with Rule 8(a) of the Superior Court Rules of Civil Procedure, including, *inter alia*, the allegations that purportedly support her claims.

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

By:     */s/ Robert W. Goodson*
Robert W. Goodson, Esq. (Bar #935239)
Christine M. Costantino, Esq. (Bar #984639)
700 11th Street, N.W., Suite 400
Washington, D.C. 20001
(202) 626-7660 phone
(202) 628-3606 fax
Robert.Goodson@wilsonelser.com
Chrissy.Costantino@wilsonelser.com
*Counsel for Defendant St. John's Episcopal Hospital*

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of April 2012, I served a true and accurate copy of the foregoing via electronic filing and first class mail to:

Marcia Lorraine Madden
132 Michigan Avenue, NE U11
Washington, DC 20017-1024

Orlando Veterans Medical Center
5201 Raymond Street
Orlando, FL 32803

District of Columbia Veterans Medical Center
50 Irving Street, NW
Washington, DC 20422

Atlanta Veterans Medical Center
1670 Clairmont Road
Decatur, GA 30033

Primary & Extended Care Center – Queens
179th Street & Linden Boulevard
St. Albans, NY 11425

New York Harbor Health Care System @
Brooklyn Veterans Medical Center
800 Poly Place
Brooklyn, NY 11209

California Veterans Regional Office
Medical Center & Housing – VASH
1100 Wilshire Boulevard
Los Angeles, CA 90024

New York State Division of Human Rights
One Fordham Road
Brooklyn, NY 10458

New York District EEOC Office
33 Whitehall Street
New York, NY 10004

Atlanta District EEO Office
Sam Nunn Atlanta Federal Center
100 Alabama Street, SW, Suite 4R30
Atlanta, Georgia 30303

Mountain Home Air Force Base Hospital
90 Hope Drive
Mountain Home AFB, ID 83648
Mountain Home, Idaho 83648

Gready Health System(Grady Memorial Hospital)
Human Resources Division/Legal Department/Security Department
80 Jesse Hill Drive
Atlanta, GA 30303

Atlanta Medical Center (Tenet-Health)
303 Parkway Drive, NE
Atlanta, GA 30312

Nurse Finders
Emory University Hospital
2221 Peachtree Road, NE
Atlanta, GA 30309

Supplemental Healthcare
North Fulton Hospital
4243 Dunwoody Club Drive
Atlanta, GA 30350

Northside Hospital
1000 Johnson Ferry Road
Atlanta, GA 30342

447545.1

Georgia Department of Labor
2211 Beaver Run Road
Norcross, GA 30071

Laurel Baye Health Care of Lake Lanier
2451 Peachtree Industrial Boulevard
Buford, GA 30518

Joan Glancey Memorial Hospital (ER Patient)
3215 McLure Bridge Road
Duluth, GA30097

Pediatric Services of America
350 Technology Parkway
Norcorss, GA 30092

Suny Health Science Center at Syracuse
750 East Adams Street
Syracuse, NY 13210

Community General Hospital
4900 Broad Road
Syracuse, NY 13215

Lakeside Behavioral Health Center – Mental Health
1800 Mercy Drive
Orlando, FL 32808

Gwinnett County Detention Center & Sheriffs Admin
3900 University Parkway
Lawrenceville, GA 30043

Fulton County
Criminal Warrants Divisions
160 Pryor Street
Atlanta, GA 30303

Orange County Courthouse
425 North Orange Avenue
Orlando, FL 32801

Saijbson, Inc./Alpha Nursing Services
777 Cleveland Avenue
Atlanta, GA 30315

Duluth Medical Services/Georgia Regional Hospital
3498 Rogers Bridge Road
Duluth, GA 30096

Georgia Regional Hospital –Acute Care/MH
3073 Panthersville Road
Decatur, GA 30034

Queens Hospital Center
82-68 164th Street
Jamaica, NY 11432

Crouse Irving Memorial Hospital
736 Irving Avenue
Syracuse, NY 13210

Benjamin Rush Center
650 South Salina Street
Syracuse, NY 13202

Gwinnett County Police Department
3125 Satellite Boulevard
Duluth, GA 30096

Fulton County
Criminal Warrants Divisions
185 Central Avenue
Atlanta, GA 30303

Fulton County Jail
901 Rice Street
Atlanta, GA 30318

The Department of Commerce
1615 H Street, NW
Washington, DC 20062

The Department of Transportation
1200 New Jersey Avenue, SE
Washington, DC 20062

Diamond Management Group, Inc.
7205 Hollywood Boulevard, Suite 204
Los Angeles, CA 90046

The Department of Housing & Urban
Development
The Wanamaker Building
100 Penn Square East
Philadelphia, PA 119107

Presidential Towers
3100 West 3rd Street, Suite 331
Los Angeles, CA 90029

Bernstein Management Corporation
1300 Massachusetts Avenue, NW
Suite 607
Los Angeles, CA 90005

*/s/ Robert W. Goodson*
Robert W. Goodson, Esq.

447545.1

## **RULE 12-I (a) Certificate**

I HEREBY CERTIFY that good faith efforts were made in compliance with Rule 12-I (a) of the District of Columbia's Superior Court Rules of Civil Procedure. On April 9, 2012, undersigned counsel contacted, by telephone, plaintiff, Marcia L. Madden. As of the time of this filing, Defendant was unable to obtain Ms. Madden's consent to the relief requested herein.

/s/ *Christine M. Costantino*
Christine M. Costantino

447545.1

# IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

## Civil Division

|  |  |  |
|---|---|---|
| MARCIA L. MADDEN, | : | |
| | : | Civil Action #: 12 CA 002077 M |
| Plaintiff, | : | Honorable Michael Rankin |
| | : | Next Event: Initial Scheduling Conference |
| | : | June 1, 2012 |
| | : | |
| v. | : | |
| | : | |
| THE DISTRICT OF COLUMBIA | : | |
| VETERANS MEDICAL CENTER, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ST. JOHN'S EPISCOPAL HOSPITAL'S MOTION TO DISMISS

COMES NOW, Defendant St. John's Episcopal Hospital, by and through counsel, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, pursuant to Rules 8(a), 12(b)(2), 12(b)(6) and 12(e) of the Superior Court Rules of Civil Procedure, and moves to dismiss Plaintiff's Complaint for lack of personal jurisdiction over the Hospital and for failure to state a claim upon which relief can be granted.

Plaintiff's Complaint sets forth merely a list of legal causes of actions with no supporting factual allegations. See March 2, 2012 Complaint of Marcia L. Madden, attached hereto as **Exhibit A.**[1] As an initial matter, Plaintiff does not set forth the requisite jurisdictional allegations. See Rule 8(a)(1) (2012). Notwithstanding the pleading deficiencies requiring dismissal, her claims against Defendant St. John's Episcopal Hospital, a health care entity located in Far Rockaway, New York

---

[1] It is Defendant's understanding from reviewing the docket that Plaintiff filed an additional complaint, or "amended complaint" on March 23, 2012. However, Defendant has not received service of the "amended complaint." Defendant respectfully submits that the substance of Plaintiff's amended complaint is identical to the original Complaint and fails to correct the deficiencies set forth herein and consequently is appropriately dismissed for the reasons provided in the instant Motion.

must be dismissed for lack of personal jurisdiction. See April 9, 2012 Affidavit of Sharon Behar, attached hereto as **Exhibit B,** at ¶ 3. Plaintiff has not and cannot establish any basis for the extension of personal jurisdiction over this foreign defendant as described below. This is a fatal flaw to Plaintiff's Complaint that cannot be rectified and merits dismissal of the Complaint with prejudice.

Moreover, Plaintiff does not set forth any factual allegations to sustain the legal causes of action listed in her Complaint. The Complaint fails to comport with the pleading requirements of Rule 8(a) and accordingly should be dismissed as the Complaint does not show any entitlement to relief. Furthermore, it is essentially impossible to discern the nature of her claims against the numerous defendants. Defendant respectfully submits that Plaintiff's Complaint and all claims against it must be dismissed. However, at a minimum, Plaintiff should be required to amend her Complaint in accordance with the pleading rules to permit Defendant to ascertain the nature of her claims and substantively respond.

## I.    Relevant Factual Background

St. John's Episcopal Hospital (also referred to herein as "the Hospital" or "Defendant") is a New York entity, and consequently a foreign defendant in this jurisdiction. The Hospital is located at 327 Beach 19th Street, Far Rockaway, New York, 11691. Exhibit B at ¶3. The Hospital has its principal place of business in Far Rockaway, New York. Exhibit B at ¶5. It is wholly owned by Episcopal Health Services, which is incorporated in the state of New York. Exhibit B at ¶4.

St. John's Episcopal Hospital does not transact any business in the District of Columbia. Exhibit B at ¶6. Specifically, the Hospital does not currently nor has it ever had any facilities in the District of Columbia. Exhibit B at ¶7. The Hospital does not currently nor has it ever

447545.1

contracted to staff any health care facilities in the District of Columbia. Exhibit B at ¶8. It does not have any employees or agents located in the District of Columbia. Exhibit B at 9. The Hospital also does not have any interest in, use or possess any real property in the District of Columbia. Exhibit B at ¶10.

Finally, St. John's Episcopal Hospital does not solicit business or derive substantial revenue from the District of Columbia. Exhibit B at ¶12. The Hospital does not advertise in the District of Columbia. Exhibit B at ¶11. It is not registered with the D.C. Department of Consumer and Regulatory Affairs and does not have a registered agent in the District of Columbia. Exhibit B at ¶13.

Therefore, despite the absence of factual allegations in Plaintiff's Complaint, it is evident that jurisdiction over the Hospital in the District of Columbia would not satisfy the statutory and due process requirements necessary for the extension of such jurisdiction.

## II.     Plaintiff's Claims Against Foreign Defendant St. John's Episcopal Hospital Must Be Dismissed for Lack of Personal Jurisdiction.

A District of Columbia court may assert personal jurisdiction over a defendant if jurisdiction is authorized by statute and the exercise of jurisdiction is consistent with the *due process clause*. Kissi v. Hardesty, 3 A.3d 1125, 1129 (D.C. 2010)(citations omitted). Plaintiff bears the burden of establishing personal jurisdiction over each defendant. Id. Plaintiff has failed to meet that burden with respect to the Hospital, warranting dismissal of her claim against it.

Rule 8(a) requires a pleading contain, *inter alia,* "a short and plain statement of the grounds upon which the Court's jurisdiction depends." Super. Ct. Civ. P. Rule 8 (2012). Plaintiff's Complaint is entirely devoid of allegations to establish jurisdiction over the Hospital. Thus, she has failed to comply with the pleading requirements of this Court and has not met her burden of establishing personal jurisdiction over the Hospital. Notwithstanding these procedural infirmities,

3

the record evidences that there is no bases for the extension of personal jurisdiction under the applicable statutes. See Exhibit B, passim.

**A.     The Hospital does not have an enduring relationship with the District of Columbia and thus is not subject to the general jurisdiction of its courts.**

Personal jurisdiction in the District of Columbia hinges on the application of two statutes. The first statute, D.C. Code § 13-422 (2012), if satisfied, confers general jurisdiction. D.C. Code § 13-422 states that "[a] District of Columbia court may exercise personal jurisdiction over a person domiciled in, organized under the laws of, or maintaining his or its principal place of business in, the District of Columbia as to any claim for relief." Jurisdiction over the Hospital cannot be sustained under this statute.

The Hospital is located in Far Rockaway, New York. Exhibit B at ¶3. It maintains its principal place of business there. Exhibit B at ¶5. The Hospital is wholly owned by Episcopal Health Services, a company which is also incorporated in New York. Exhibit B at ¶4. None of the bases for extending general jurisdiction as set forth in D.C. Code § 13-422 are satisfied. Therefore, the only manner in which personal jurisdiction could exist is under the D.C. long arm statute, D.C. Code § 13-423.

**B.     Defendant St. John's Episcopal Hospital does not satisfy any of the provisions of D.C.'s long arm statute, precluding the exercise of personal jurisdiction over the Hospital in this case.**

The D.C. long arm statute provides in pertinent part that:

(a) A District of Columbia Court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's—

(1)     transacting any business in the District of Columbia;

(2)     contracting to supply services in the District of Columbia;

(3)     causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;

4

(4)     causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia; [or]

(5)     Having an interest in, using, or possessing real property in the District of Columbia.

D.C. Code § 13-423(a)(1)-(5)(2012). When jurisdiction rests on this provision, "only a claim for relief arising from acts enumerated in this section may be asserted against the defendant." D.C. Code § 13-423(b); Daley v. Alpha Kappa Alpha Sorority, Inc., 26 A.3d 723, 727 (D.C. 2011).

In this case, the record confirms that there is no basis for the exercise of long-arm jurisdiction over Defendant. None of the statutory bases for long arm jurisdiction are satisfied. The Hospital does not transact, solicit or engage in any business in the District of Columbia. Exhibit B at ¶¶ 6-13. It does not have any property, facilities, employees or agents in the District of Columbia. Id. In addition, it does not advertise or otherwise solicit business in the District of Columbia, and consequently does not derive substantial revenue from the District and its residents. Id.

Plaintiff has not set forth any factual allegations to support the existence of jurisdiction under this statute. Most notably, Plaintiff has not alleged that the Hospital committed a tortious act or caused injury in the District of Columbia. This combined with the evidence of the Hospital's lack of relationships, contacts or other connection to the District of Columbia confirms that the Complaint must be dismissed for lack of personal jurisdiction over the Hospital.

5

**C.  Even if Plaintiff alleged one of the bases of personal jurisdiction under the long arm statute, the exercise of jurisdiction over St. John's Episcopal Hospital does not comport with the due process clause of the United States Constitution.**

The intent of D.C.'s long arm statute is to "permit the exercise of personal jurisdiction over nonresident defendants to the extent permitted by the due process clause of the United States Constitution." Environmental Research Int'l, Inc. v. Lockwood Greene Engineers, Inc., 355 A.2d 808, 810-811 (D.C. 1976) (en banc). Specifically, the constitutional requirement stems from an individual liberty interest that a non-resident defendant should not be subject to a binding judgment of a forum with which they have established no meaningful contacts. Eric T. v. Nat'l Med. Enters., 700 A.2d 749, 759 (D.C. 1997) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-72 (1985)).

Due process requires the defendant to have minimum contacts with the forum so that exercising personal jurisdiction over it would not offend the traditional notices of fair play and substantial justice. Shoppers Food Warehouse v. Moreno, 746 A.2d 320, 330 (D.C. 2000). Therefore, the defendant must have purposefully directed its activities at residents of the forum such that it is fair and reasonable to expect it to anticipate being sued in that jurisdiction. Id. at 331. Furthermore, due process requires that the defendant "purposefully direct[ed] its activities at residents of the forum, and the litigation has resulted from alleged injuries that 'arise out of or relate to those activities." Id. (internal quotations and citations omitted). The focus is a result of "the relationship among the defendant, the forum and the litigation." See id. at 329.

In determining whether minimum contacts exist, the court must examine "the quality and nature of the non-resident defendant's contacts with the District and whether those contacts are voluntary and deliberate or only random, fortuitous, tenuous and accidental." Id. Furthermore, the Court of Appeals has rejected the notion that personal jurisdiction over a nonresident

6

defendant under D.C. Code § 13-423(a) may be premised on "the unilateral activity of another party or a third person". Holder v. Haarman & Reimer Corp., 779 A.2d 264, 273 (D.C. 2001) (citations omitted).

In this case, the Hospital has not discernible contacts with the District of Columbia. It does not conduct or solicit business here. Exhibit B at ¶6-9, 12. Nor is it even registered to do business here. Exhibit B at ¶13. There is no evidence or allegation to support that the Hospital has directed any activity toward the District of Columbia, let alone purposeful or persistent activities sufficient to satisfy the requirements of due process. Therefore, it is not reasonable for the Hospital to expect to be required to defend litigation in this foreign, unrelated jurisdiction.

For the reasons set forth in Sections II.A, B and C, Defendant requests that the Court dismiss Plaintiff's claims against it with prejudice for lack personal jurisdiction pursuant to Rule 12(b)(2).

## III.     Plaintiff's Complaint Should Also be Dismissed Pursuant to Rule 12(b)(6) As It Fails to State a Claim For Relief.

"A complaint *should be* dismissed under Rule 12(b)(6) if it does not satisfy the pleading standard in Rule 8(a)." Potomac Dev. Corp. v. D.C., 28 A.3d 531, 543 (D.C. 2011)(emphasis added). Rule 8(a) of the Superior Court Rules of Civil Procedure sets forth the basic requirement of pleading:

> (a) *Claims for relief.* A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim or 3rd party claim, *shall contain* . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief.

Super. Ct. Civ. R. 8(a)(emphasis added).[2]

---

[2] The Superior Court Rule is identical to Federal Rule of Civil Procedure 8(a) in its requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief." Potomac Dev. Corp., 28 A.3d at 543. Therefore, the District of Columbia Court of Appeals construes Superior Court Rule 8(a) consistent with the federal court precedent interpreting Federal Rule 8(a). *Id.*

7

A pleading must put a defendant on notice regarding the nature of the claim. <u>Scott v. District of Columbia</u>, 493 A.2d 319, 323 (D.C. 1985); <u>Lee v. Foote</u>, 481 A.2d 484, 487, n.8 (D.C. 1984).

The Supreme Court explained the obligations imposed on a party by Federal Rule 8(a) as follows: "The pleading standard <em>Rule 8</em> announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. ... To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Potomac Dev. Corp.</u>, 28 A.3d. at 544 (citing <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)). "In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, <em>they must be supported by factual allegations.</em>" <u>Id</u>. at 544 (quoting <u>Iqbal</u>, 129 S. Ct. at 1950(emphasis added)).

This case law makes clear that dismissal is warranted in the absence of sufficient factual allegations. <u>See</u> <u>Williams v. District of Columbia</u>, 9 A.3d 484, 488 (D.C. 2010)("To survive a motion to dismiss, a complaint must set forth sufficient information to outline the legal elements of a viable claim for relief or to permit inferences to be drawn from the complaint that indicate these elements exist."). A complaint should be dismissed where, as here, "it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [the] claim which would entitle [him] to relief." <u>Cauman v. George Washington Univ.</u>, 630 A.2d 1104, 1105 (D.C. 1993) (internal citations omitted). Even under the "generous" standard afforded under Rule 12(b)(6),

447545.1

the Complaint fails to set forth a legal theory upon which relief can be granted. See Schiff v. Am. Ass'n of Retired Persons, 697 A.2d 1193 (D.C. 1997).

Moreover, *pro se* litigants are not entitled to "special treatment from the Court." Abell v. Wang, 697 A.2d 796, 804 (D.C. 1997). Such litigants are "bound by and [must] conform to the rules of court procedure . . . equally binding on members of the bar." Solomon v. Faifax Village Condominium IV Unit Owners Ass'n, 621 A.2d 378, 380, n.2 (D.C. 1993). See West v. Morris, 411 A.2d 1269, 1271 (D.C. 1998).

Here, Plaintiff's Complaint merely sets forth a list of legal causes of action. See Exhibit A. There are no factual allegations to support any of the claims listed in the Complaint. Id. Consequently, Plaintiff has failed to plead any set of facts, which, if proven true, would entitle her to relief from the Hospital. Therefore, in addition to those reasons set forth in Section II, supra, Plaintiff's Complaint is properly dismissed pursuant to Rule 12(b)(6).

## IV. To the Extent the Court Denies the Hospital's Motion to Dismiss Plaintiff's Complaint, Defendant Moves for a More Definite Statement of Plaintiff's Claims for Relief.

Rule 12(e) of the Superior Court Rules of Civil Procedure allows for a more definite statement if "a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Superior Ct. R. Civ. Pro. 12(e). In that regard, the Rule expressly provides:

> (e) **Motion for More Definite Statement.** If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing his responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the Court is not obeyed within 10 days after notice of the order or within such other time as the Court may fix, the Court may strike the pleading to which the motion was directed or make such order as it deems just.

447545.1

Superior Ct. R. Civ. P. 12(e)(2012).

Generally, a motion for more definite statement is granted when a party may have some information generally within its knowledge, but needs more specificity to determine the precise basis for the pleader's claim. In addition, a motion for more definite statement can assist the court in "the cumbersome task of sifting through myriad claims, many of which may be foreclosed by various defenses." 2 Moore's Federal Practice, § 12.36[1] (Matthew Bender, 3d ed.)(noting that a more definite statement can tighten complaint and may eliminate some of plaintiff's claims)(citations omitted).

In this case, there are no factual allegations or other substantive information regarding the basis for Plaintiff's claims in the Complaint. See Exhibit A. Therefore, the Hospital would be unable to respond to the individual legal causes of action listed in the Complaint to the extent it was required to do so. Thus, in the event that the Court denies Defendant's motions, Plaintiff must amend her Complaint to permit Defendant to ascertain the nature of the claims against it and prepare an appropriate response to those substantive allegations.

V.    **Conclusion**

In consideration of the points and authorities herein, Defendant St. John's Episcopal Hospital respectfully requests that this Honorable Court dismiss the Complaint and all claims against it with prejudice for lack of personal jurisdiction. Dismissal is also appropriate pursuant to Rule 12(b)(6) as the Complaint contains no factual allegations in support of the list of legal causes of action and thus fails to state a claim upon which relief could be granted. In the alternative, if the Court denies Defendant's Motion for dismissal under Rule 12(b), Defendant respectfully requests that Plaintiff be required to set forth a more definite statement of her claims pursuant to Rule 12(e).

10

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

By:    _/s/ Robert W. Goodson_
        Robert W. Goodson, Esq. (Bar #935239)
        Christine M. Costantino, Esq. (Bar #984639)
        700 11th Street, N.W., Suite 400
        Washington, D.C. 20001
        (202) 626-7660 phone
        (202) 628-3606 fax
        Robert.Goodson@wilsonelser.com
        Chrissy.Costantino@wilsonelser.com
        _Counsel for Defendant St. John's_
        _Episcopal Hospital_

447545.1

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**

|                                      |   |                                                    |
|--------------------------------------|---|----------------------------------------------------|
| MARCIA L. MADDEN,                    | : |                                                    |
|                                      | : | Civil Action #: 12 CA 002077 M                     |
| Plaintiff,                           | : | Honorable Michael Rankin                           |
|                                      | : | Next Event: Initial Scheduling Conference          |
|                                      | : | June 1, 2012                                        |
|                                      | : |                                                    |
| v.                                   | : |                                                    |
|                                      | : |                                                    |
| THE DISTRICT OF COLUMBIA             | : |                                                    |
| VETERANS MEDICAL CENTER, et al.,     | : |                                                    |
|                                      | : |                                                    |
| Defendants.                          | : |                                                    |
|                                      | : |                                                    |

## ORDER

UPON CONSIDERATION of the St. John's Episcopal Hospital's Motion to Dismiss Plaintiff's Complaint, any opposition thereto, and the entire record herein, it is this \_\_\_\_ day of _____, 2012,

ORDERED: that the St. John's Episcopal Hospital's Motion to Dismiss Plaintiff's Complaint be and hereby is GRANTED, and it is

FURTHER ORDERED: that the Complaint filed by plaintiff Marcia L. Madden be, and the same hereby is, DISMISSED WITH PREJUDICE IN ITS ENTIRETY for lack of personal jurisdiction over Defendant St. John's Episcopal Hospital; or, in the alternative, it is

FURTHER ORDERED: that the Complaint filed by plaintiff Marcia L. Madden be, and the same hereby is, DISMISSED WITH PREJUDICE IN ITS ENTIRETY for failure to state a claim upon which relief can be granted.

_____

The Honorable Michael Rankin

447545.1

**Copies to:**

All counsel and parties of record

447545.1

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

MARCIA LORRAINE MADDEN
142 Michigan Ave nE n11
Washington, DC 20017-1024          *Plaintiff*

vs.

CIVIL ACTION No. **0002077-12**

~~THE UNITED STATES FOR~~
~~THE~~ DISTRICT OF COLUMBIA
Veterans Medical Center et al.
50 Irving Ave NW          *Defendants*
Washington DC 20017-1024

Civil ...
MAR 0 2 ...
Superior Co...

**COMPLAINT**

1. Jurisdiction of this court is founded on D.C. Code Annotated, 2001 edition, as amended, Sec. 11-921.

{ COMPLAINT: ABUSES/ASSAULTS; INJUSTICES/REPRISALS;
EMPLOYMENT DISCRIMINATIONS AND TERMINATIONS; SLANDER
AND LIBEL; DEFAMATIONS, INVASION OF PRIVACY; MALPRACTICE
FALSE IMPRISONMENTS; INTENTIONAL INFLICTION OF
EMOTIONAL DISTRESS.
CLAIM FOR DAMAGES, INJURIES, Other} FEBRUARY 29, 2012

**Wherefore, Plaintiff demands judgment against Defendant in the sum of $** 37,000,000
**with interest and costs.**

202-518-0157/202-705-6630
**Phone:**

**DISTRICT OF COLUMBIA, SS**

Marcia Lorraine Madden **, being first duly sworn on oath deposes and says that the**
**foregoing is a just and true statement of the amount owing by defendant to the paintiff, exclusive of all**
**set-off and just grounds of defense.**

DC-110 Fort
11/15

Marcia Lorraine Madden
(Plaintiff)                                    (Agent)

**Subscribed and sworn to before me this** 2nd **day of** _____ **20 12**

_____
(Notary Public/Deputy Clerk)

FORM CV-10LV Rev. 00

**EXHIBIT**
A

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

|                                              |     |                                            |
|----------------------------------------------|-----|--------------------------------------------|
| MARCIA L. MADDEN,                            |  :  |                                            |
|                                              |  :  | Civil Action #: 12 CA 002077 M             |
|                     Plaintiff,               |  :  | Honorable Michael Rankin                   |
|                                              |  :  | Next Event: Initial Scheduling Conference  |
|                                              |  :  |            June 1, 2012:                    |
|            v.                                |  :  |                                            |
|                                              |  :  |                                            |
| THE DISTRICT OF COLUMBIA                     |  :  |                                            |
| VETERANS MEDICAL CENTER, et al.,             |  :  |                                            |
|                                              |  :  |                                            |
|                     Defendants.              |  :  |                                            |
|                                              |  :  |                                            |

## AFFIDAVIT OF SHARON BEHAR

I, Sharon Behar, do solemnly declare and affirm the following to be true and correct under penalty of perjury:

1.      I am over the age of 18 years old and I am competent to attest to the matters set forth herein.

2.      I am employed by St. John's Episcopal Hospital as the Vice President of Regulatory Affairs. As such, I am familiar with the activities and business practices of St. John's Episcopal Hospital.

3.      St. John's Episcopal Hospital is located at 327 Beach 19th Street, Far Rockaway, New York, 11691.

4.      St. John's Episcopal Hospital is wholly owned by Episcopal Health Services. Episcopal Health Services is incorporated in the state of New York.

5.      St. John's Episcopal Hospital has its principal place of business in Far Rockaway, New York.

6.      St. John's Episcopal Hospital does not transact any business in the District of Columbia.

447191 2

EXHIBIT
tabbies
B

7.     St. John's Episcopal Hospital does not currently nor has it ever had any facilities in the District of Columbia.

8.     St. John's Episcopal Hospital does not currently nor has it ever contracted to staff any health care facilities in the District of Columbia.

9.     St. John's Episcopal Hospital does not have any employees or agents located in the District of Columbia.

10.    St. John's Episcopal Hospital does not have any interest in, use or possess any real property in the District of Columbia.

11.    St. John's Episcopal Hospital does not advertise in the District of Columbia.

12.    St. John's Episcopal Hospital does not regularly solicit, engage in persistent conduct, or derive substantial revenues from District of Columbia residents.

13.    St. John's Episcopal Hospital is not registered with the D.C. Department of Consumer and Regulatory Affairs and does not have a registered agent in the District of Columbia.

I declare under penalty of perjury that the foregoing is true and correct.

Executed:  April 9, 2012

_Sharon Behar_

**Sharon Behar**
**VP of Regulatory Affairs**
**St. John's Episcopal Hospital**

Subscribed and sworn to before me this 9th day of April, 2012.

_Averie A. Baynes_

Notary Public

My Commission Expires: 10-28-2014

AVERIE A BAYNES
Notary Public, State of New York
No. 01BA6082544
Qualified in Queens County
Commission Expires October 28, 2005 2014

2



# IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

## CIVIL DIVISION

| | | |
|---|---|---|
| MARCIA LORRAINE MADDEN, | ) | |
| | ) | |
| Plaintiff, | ) | **Civil Action No. 0002077-12** |
| | ) | |
| THE DISTRICT OF COLUMBIA | ) | |
| VETERANS MEDICAL CENTER *ET AL.*, | ) | |
| | ) | |
| Defendants. | ) | |

## SPECIAL APPEARANCE AND MOTION TO DISMISS
## FOR FAILURE TO STATE A CLAIM

COMES NOW Duluth Medical Services, Inc. ("DMSI"), and makes this Special

Appearance by the undersigned counsel for the sole and limited purpose of filing this Motion

to Dismiss for Failure to State A Claim Upon Which Relief Can Be Granted, pursuant to Rule

12(b)(6) of the Rules of Civil Procedure of the Superior Court of the District of Columbia.

By filing this Special Appearance and Motion to Dismiss, DMSI expressly reserves unto itself

and does not waive any defense or affirmative defense or objection to jurisdiction that may

otherwise be available, including but not limited to, absence of personal jurisdiction and

improper service. In support of this Motion, DMSI respectfully states as follows:

1. *Pro se* Plaintiff, Marcia Madden, file a "Complaint" in this Court on or about March 2,

    2012.

2. The entirety of the factual allegations and claims contained in the "Complaint" appear

    in one paragraph of the one-page "Complaint" and are as follows:

    Complaint: Abuses/Assaults; Injustices/Reprisals; Employment
    Discriminations and Terminations; Slander and Libel; Defamation; Invasion of
    Privacy; Malpractice; False Imprisonments; Intentional Infliction of Emotional
    Distress. Claim for Damages, Injuries, Other.

3. DMSI received the "Complaint" and Summons of the by standard U.S. Mail on or about March 19, 2012. See Complaint and Summons, attached hereto as Exhibit A. This was insufficient service, the sufficiency of which is not waived by the filing of this Special Appearance and Motion.

4. The "Complaint" is wholly nonsensical, vague, and without meaning, consisting of nothing more than an overly-vague laundry list of causes of action assumedly occasioned by some persons or parties against another(s). These include claims ranging from malpractice, to employment discrimination and assault against some 48 defendants.

5. The standard for a motion to dismiss under Rule 12(b)(6), following the standards established for dismissal pursuant to FRCivP 12(b)(6), is clear:

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. This rule does not require detailed factual allegations, but a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. . .

A trial court considering a Rule 12(b)(6) motion accepts all well-pleaded allegations in the complaint as true, drawing all reasonable inferences in the plaintiff's favor. To survive dismissal, a complaint must allege a plausible set of facts sufficient to raise a right to relief above the speculative level. In other words, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Applying the plausibility standard is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Software for Moving, Inc. v. Frid*, 2010 WL 2143670 (S.D.N.Y. May 27, 2010) (internal quotations and citations omitted).

6. The "Complaint" does not contain a single allegation of fact or law.

7. "A complaint is sufficient so long as it fairly puts the defendant on notice of the claim against her." *Duncan v. Children's Nat'l Med. Ctr.*, 702 A.2d 207, 210 (D.C. 1997). This "Complaint" totally fails to put the Defendant on the most basic notice of the allegations and claims against it.

8. DMSI cannot respond to the "Complaint" in any substantive manner, as it is impossible from the "Complaint" to have any opinion as to what is alleged against DMSI, the basis therefore and the harmed allegedly suffered.

9. In this instance, the "Complaint" is wholly devoid of any facts whatsoever. There is no set of facts alleged (let alone a "plausible set" as required) so as to raise a right to relief above anything other than the purest speculation. Neither the Court nor DMSI can draw any reasonable inference in the complete absence of fact. Despite the existence of 11 causes of action listed on the one-page "Complaint," there are no facts whatsoever offered to support any of them.

10. Further, DMSI objects to the "Complaint" in that DMSI is not subject to personal jurisdiction in the Superior Court of the District of Columbia.

11. As such, the "Complaint" fails to state a claim by the Plaintiff against DMSI upon which any relief can be granted by any Court. Accordingly, the "Complaint" must be dismissed with prejudice.

WHEREFORE, without waiving, and expressly reserving, any other available defense, Duluth Medical Services, Inc., respectfully requests that the Court dismiss the Complaint in its entirety with prejudice and for such other relief as may be proper and just.

Respectfully submitted,

JOSEPH, GREENWALD & LAAKE, P.A.

/s/ Steven B. Vinick
Steven B. Vinick, Bar #439359
6404 Ivy Lane, Suite 400
Greenbelt, Maryland 20770
Phone: 301-220-2200
Email: svinick@jgllaw.com

# IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | | |
|---|---|---|
| MARCIA LORRAINE MADDEN, | ) | |
| | ) | |
| Plaintiff, | ) | **Civil Action No. 0002077-12** |
| | ) | |
| THE DISTRICT OF COLUMBIA | ) | |
| VETERANS MEDICAL CENTER *ET AL.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN
## SUPPORT OF MOTION TO DISMISS

1. Rule 1 of the Superior Court Rules of Civil Procedure.

2. Rule 12(b)(2), (4), (6) of the Superior Court Rules of Civil Procedure.

3. *Duncan v. Children's Nat'l Med. Ctr.*, 702 A.2d 207, 210 (D.C. 1997).

4. *Software for Moving, Inc. v. Frid*, 2010 WL 2143670 (S.D.N.Y. May 27, 2010).

5. The inherent authority of this Honorable Court.


Respectfully submitted,

JOSEPH, GREENWALD & LAAKE, P.A.


/s/ Steven B. Vinick
Steven B. Vinick, Bar #439359
6404 Ivy Lane, Suite 400
Greenbelt, Maryland 20770
Phone: 301-220-2200
Email: svinick@jgllaw.com

# IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

MARCIA LORRAINE MADDEN,                )
                                                                    )
            Plaintiff,                          )      **Civil Action No. 0002077-12**
                                                                    )
THE DISTRICT OF COLUMBIA               )
VETERANS MEDICAL CENTER *ET AL.*, )
                                                                    )
            Defendants.                      )

## <u>ORDER</u>

UPON CONSIDERATION of the Defendant Duluth Medical Services, Inc.'s Special

Appearance and Motion to Dismiss, any opposition thereto and any hearing on the matter, it is

this _____ day of _____, 2012 by the Superior Court for the District of

Columbia,

**ORDERED**, that the Defendant Duluth Medical Services, Inc.'s Special Appearance and

Motion to Dismiss be and hereby is **GRANTED** in its entirety; and it is further

**ORDERED**, that the Complaint be and hereby is **DISMISSED WITH PREJUDICE** as

against Defendant Duluth Medical Services, Inc.

 

                              _____

                              Judge, Superior Court for the District of Columbia

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 9, 2012, a copy of the foregoing Special

Appearance and Motion to Dismiss and Memorandum of Points and Authorities in Support

thereof were mailed by first class mail to:

Marcia Lorraine Madden
42 Michigan Avenue
Washington, DC 20017-1024

/s/ Steven B. Vinick
Steven B. Vinick

**Copies to:**

Marcia Lorraine Madden
42 Michigan Avenue
Washington, DC 20017-1024

Steven B. Vinick
Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane, Suite 400
Greenbelt, Maryland 20770
svinick@jgllaw.com

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

MARCIA LORRAINE MADDEN
42 Michigan Ave NE #11
Washington, DC 20017-1024          *Plaintiff*

vs.

CIVIL ACTION NO. **0002077-12**

~~THE UNITED STATES FOR~~
THE DISTRICT OF COLUMBIA
Veterans Medical Center et. al.          *Defendants*
50 Irving Ave NW
Washington DC 20017-1024

RECEIVED
~~Clerk's Office~~
MAR 0 2 2012
Superior Court of the
District of Columbia
Washington, D.C.

### COMPLAINT

1. **Jurisdiction of this court is founded on D.C. Code Annotated, 2001 edition, as amended, Sec. 11-921.**

COMPLAINT: ABUSES/ASSAULTS; INJUSTICES/REPRISALS; EMPLOYMENT DISCRIMINATIONS AND TERMINATIONS; SLANDER AND LIBEL; DEFAMATIONS, INVASION OF PRIVACY; MALPRACTICE FALSE IMPRISONMENTS; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.
CLAIM FOR DAMAGES, INJURIES, Others} FEBRUARY 29, 2012

**Wherefore, Plaintiff demands judgment against Defendant in the sum of $ 37,000,000. with interest and costs.**

202-518-0157/202-705-6630
**Phone:**

DISTRICT OF COLUMBIA, SS

Marcia Lorraine Madden, **being first duly sworn on oath deposes and says that the foregoing is a just and true statement of the amount owing by defendant to the plaintiff, exclusive of all set-off and just grounds of defense.**

DC-ID exp
11/18

*Marcia Lorraine Madden*
(Plaintiff)                                        Agent)

**Subscribed and sworn to before me this** 2nd **day of** May **20** 12

(Notary Public/Deputy Clerk)

# Superior Court of the District of Columbia

## "Certificate of Service"

## Defendants

1. District of Columbia Veterans Medical Center
   50 Irving Street NW, Washington D.C. 20422.

2. Orlando Veterans Medical Center
   5201 Raymond Street, Orlando FL 32803.

3. Atlanta Veterans Medical Center
   1670 Clairmont Road, Decatur GA 30033.

4. Primary & Extended Care Center - Queens
   179th Street & Linden Blvd, St. Alban's N.Y. 11425.

5. ~~NYHHS~~ New York Harbor Healthcare System @ Brooklyn
   Veterans Medical Center
   800 Poly Place, Brooklyn NY 11209

6. California VA (veterans) Regional Office, Medical Center,
   & Housing — VASH
   1100 Wilshire Blvd Los Angeles, CA 90024

7. New York State Division of Human Rights. @ Syracu
   One Fordham Road, Bronx, NY 10458

8. New York District EEOC Office

8) New York District EEOC Office
33 Whitehall St. New York, NY 10004

9) Atlanta District EEOC Office
100 Alabama Ave. Atlanta GA 30303

10) Mountain Home Air Force Base Hospital & MEO Office
90 Hope Drive, Mountain Home Idaho 83648

11) Grady Health System (Grady Memorial Hospital)
Human Resources Division/Legal Dept/Security Dept
80 Jesse Hill ~~Jr~~ Drive, Atlanta Georgia 30303

12) Atlanta Medical Center (Tenet Health)
303 Parkway Drive, NE Atlanta, GA 30312

13) Nursefinders (EMORY UNIVERSITY HOSPITAL (employee) 2221 Peachtree Rd NE, Atlanta GA 30309

14) Supplemental Healthcare (North Fulton Hospital)
(Northeast Georgia Medical Center)
4243 Dunwoody GA 30350

15) Northside Hospital
1000 Johnson Ferry Rd Atlanta GA 30342

16) Georgia Department of Labor
2211 Beaver Ruin Road Norcross GA 30071

17) Jackson Inc./Alpha Nursing Services
1717 Cleveland Ave Atlanta GA 30344

19) Laurel Baye HealthCare of Lake Lanier
2451 Peachtree Industrial Blvd, Buford GA 30518.

20) ALL Medical Personnel (Emory Children's Clinic
and Elaine Clark Center).
1961 N. Druid Hills Road
, Georgia

21) Duluth Medical Services/Georgia Regional Hospital
3883 Rogers Bridge Road, Duluth, GA 30096, K Employee
3498 Rogers Bridge Road, Duluth, GA 30096.

22) Joan Glancey Memorial Hospital (ER Patient)
3215 Mclure Bridge Road, Duluth, GA 30097

23) Georgia Regional Hospital-Acute Care/MH (ER Patient
3073 Panthersville Road, Decatur, GA 30034

24) Pediatric Services of America
350 Technology Parkway, Norcross, GA 30092.

25) Queens Hospital Center (New York Health System & Hospital Corporations).
82-68 164th Street. Jamaica Ave., NY 11432

26) SUNY Health Science Center At Syracuse
750. E. Adams Street, Syracuse, NY 13210.

27) Crouse ~~Irving~~ Memorial Hospital
736 Irving Ave., Syracuse NY 13210

28) Community General Hospital
4900 Broad Road, Syracuse, NY 13215

29) Benjamin Rush Center
650 South - Salina St. Syracuse NY 1320.

30) Lakeside Behavioral Health Care - Mental Health
1800 Mercy Dr., Orlando FL 32808

31) St. John's Episcopal Hospital, South Shore
327 Beach 19th Street. Far Rockaway, NY 11691

32) GWINNETT COUNTY POLICE DEPARTMENT
~~3215~~ 3125 Satellite Blvd, Duluth GA 30096

34) Fulton County (Criminal Warrants Division & Magistrate Court)
160 Pryor Street St Atlanta GA 30303
185 Central Avenue, Atlanta GA 30303

35) Fulton County Jail
901 Rice St. Atlanta, GA 30318

36) Orange County Courthouse
425 N. Orange Ave, Orlando FL 32801

37) The Department of Commerce
1615 H St SE NW. Washington DC 20062

38) The Department of Transportation
1200 New Jersey Ave, SE Wash, DC. 20590.

39) Hollywood Movers
Hollywood Florida (OR) Fort Lauderdale
MOVING COMPANY. [* ADDRESS UNKNOWN]

40) California Bus and Taxi Services.
< See Dept of Transportation >

41) District of Columbia Bus and Taxi
Services. < See Dept. of Transportation >

42) The Department of Energy ( California & District of

The Superior Court of the District of Columbia

2) The Department of Housing AND URBAN DEVELOPMENT ~~████████████████~~

3) Presidential Towers aka Beverly Hills Properties
3100 West 3rd Street, Los Angeles CA 90029
# 331

4) Diamond Management Group, Inc.
7205 Hollywood ~~████~~ Boulevard #204
W/Los Angeles, CA 90046
Bernstein management Corporation.
5) 1300 Massachusetts Avenue # 607 NW.
Washington, DC. 90005

4) The Department of Housing and Urban Development
The Wanamaker Building
100 Penn Square East
Philadelphia, PA 19107



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

MARCIA LORRAINE MADDEN
  Vs.                                         C.A. No.      2012 CA 002077 M
THE DISTRICT OF COLUMBIA VETERANS MEDICAL CENTER
## INITIAL ORDER AND ADDENDUM

   Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

   (1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

   (2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

   (3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

   (4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

   (5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

   (6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                         Chief Judge Lee F. Satterfield

Case Assigned to: Judge MICHAEL L RANKIN
Date:  March 2, 2012
Initial Conference: 9:00 am, Friday, June 01, 2012
Location:  Courtroom 517
               500 Indiana Avenue N.W.
               WASHINGTON, DC  20001                         Caio.doc

# ADDENDUM TO INITIAL ORDER AFFECTING
# ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

MARCIA LORRAINE MADDEN,           )
                                  )
          Plaintiff,              )
                                  )
v.                                )          C.A. No.  2012 CA 002077 M
                                  )
THE DISTRICT OF COLUMBIA VETERANS )
MEDICAL CENTER, et al             )
                                  )
          Defendants.             )

## DEFENDANT GWINNETT HOSPITAL SYSTEM, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

COMES NOW Gwinnett Hospital System, Inc., improperly referred to as Joan Glancey Memorial Hospital in Plaintiff's Complaint, appearing specially and explicitly without submitting to the jurisdiction of this Court, and hereby moves this Court to dismiss Plaintiff's Complaint pursuant to District of Columbia Superior Court Rules 12(b)(2), 12(b)(5) and 12(b)(6) on the grounds that the Court lacks personal jurisdiction as to this Defendant, service of process was insufficient, and Plaintiff's Complaint fails to state a claim upon which relief can be granted. In accordance with District of Columbia Superior Court Rule 12-I(a), Defendant Gwinnett Hospital System, Inc. hereby certifies that it diligently attempted to obtain consent to the relief sought in this Motion to Dismiss Plaintiff's Complaint before filing same with this Court.[1]

Dated:        Washington, D.C.                 Respectfully submitted,
              April 3, 2012

                                               __/s/ Kim Hoyt Sperduto_____
                                               Kim Hoyt Sperduto
                                               D.C. Bar No. 416127

---

[1] Counsel for Defendant Gwinnett Hospital System, Inc. has sent a letter to and left numerous telephone messages with Plaintiff Marcia Madden regarding counsel's desire to discuss this filing.  As of the date of this filing, Plaintiff has not responded to the letter and has not returned these phone calls.

THE SPERDUTO LAW FIRM, P.C.
1133 20th Street, N.W.
Second Floor
Washington, D.C. 20036
202-408-8900
ksperduto@sperdutolaw.com


Carol Michel, Esq.
Derick Cooper, Esq.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL
3344 Peachtree Road NE
Suite 2400
Atlanta, GA 30326
404-832-9564


Attorneys for Defendant
Gwinnett Hospital Systems, Inc.

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

MARCIA LORRAINE MADDEN,    )
                          )
    Plaintiff,          )
                          )
v.                        )    C.A. No. 2012 CA 002077 M
                          )
THE DISTRICT OF COLUMBIA VETERANS )
MEDICAL CENTER, et al     )
                          )
    Defendants.          )

## DEFENDANT GWINNETT HOSPITAL SYSTEM, INC.'S BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

COMES NOW Gwinnett Hospital System, Inc., improperly referred to as Joan Glancey [sic] Memorial Hospital in Plaintiff's Complaint, appearing specially and explicitly without submitting to the jurisdiction of this Court, and hereby files this Brief in Support of Motion to Dismiss Plaintiff's Complaint, showing this Court as follows:

## INTRODUCTION

Gwinnett Hospital System, Inc. (hereinafter "GHS" or "Defendant") is a Georgia Corporation with its principle place of business located in Lawrenceville, Georgia. GHS owns and operates multiple medical facilities in Georgia, including Gwinnett Medical Center – Daluth. Gwinnett Medical Center – Daluth replaced Joan Glancy Memorial Hospital in 2006. The site of Joan Glancy Memorial Hospital is now Gwinnett Medical Center's Glancy Campus, home to the Glancy Rehabilitation Center, the Duluth location of Gwinnett Medical Center's Diabetes & Nutrition Education Center and the Duluth location of Gwinnett Medical Center's Center for Sleep Disorders.

On March 9, 2012, the Glancy Rehabilitation Center received Plaintiff's Complaint via ordinary mail. *See* Plaintiff's Complaint, attached hereto as Exhibit "A." As demonstrated herein, Plaintiff's claims against GHS cannot be sustained.

First, Plaintiff's claims against GHS should be dismissed pursuant to Superior Court Rule 12(b)(2) because this Court lacks personal jurisdiction over GHS. Second, Plaintiff's claims against GHS should be dismissed pursuant to Superior Court Rule 12(b)(5) because Plaintiff's service of GHS was insufficient. Lastly, Plaintiff's claims against GHS should be dismissed pursuant to Superior Court Rule 12(b)(6) because Plaintiff's Complaint fails to state a claim upon which relief can be granted. Because Plaintiff has not and cannot plead any set of facts which would entitle her to relief, Plaintiff's claims against GHS should be dismissed with prejudice.

## ARGUMENT

## I. PLAINTIFF'S CLAIMS AGAINST GHS MUST BE DISMISSED PURSUANT TO RULE 12(b)(2) BECAUSE THIS COURT LACKS PERSONAL JURISDICTION OVER GHS

### A. It is Plaintiff's Burden to Establish the Factual Basis for this Court's Personal Jurisdiction over GHS

Plaintiff bears the burden of establishing a factual basis for this Court's exercise of personal jurisdiction over GHS under the District of Columbia's Long-Arm Statute. *See First Chicago Intern v. United Exch, Co.,* 836 F.2d 1375, 1378 (D.C. Cir. 1988); *Comsat Corp. v. Finshipyards S.A.M.,* 900 F. Supp. 515, 520 (D.D.C. 1995); *Novak-Canzeri v. Saud,* 864 F. Supp. 203, 205 (D.D.C. 1994). This means that Plaintiff must allege "specific facts evidencing purposeful activity by Defendants in the District of Columbia by which they invoked the benefits and protections of its laws." *Novak-Canzeri,* 846. F. Supp. at 205. "In attempting to satisfy this burden, a plaintiff may not rest on bare allegations or conclusory statements alone and must

make at least a *prima facie* showing if it is to avoid dismissal for want of jurisdiction." *Id.*

(emphasis added). Plaintiff's Complaint fails to meet this plain requirement because it contains

*no* factual assertions to support *a prima facie* case for this Court's exercise of personal

jurisdiction over GHS.

**B.    This Court Lacks Personal Jurisdiction Under the District of Columbia's Long-Arm Statute**

The District of Columbia's Long-Arm Statute, 13 D.C. Code Ann. § 423, provides as

follows:

> (a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's –
>
> (1) transacting any business in the District of Columbia;
> (2) contracting to supply services in the District of Columbia;
> (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;
> (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;
> (5) having an interest in, using, or possessing real property in the District of Columbia;
> (6) contracting to insure or act as surety for or on any person, property, or risk, contract, obligation, or agreement located, executed, or to be performed within the District of Columbia at the time of contracting, unless the parties otherwise provide in writing; or
> (7) marital or parent and child relationship in the District of Columbia…
>
> ***
>
> (b) When jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him.

D.C. Code § 13-423.

Therefore, in order to establish personal jurisdiction over GHS under the District of

Columbia's Long-Arm Statute, Plaintiff must first allege that the defendant engaged in at least

one of the seven types of conduct enumerated in subsection (a).    Second, as dictated by

subsection (b), Plaintiff must demonstrate that her claim for relief arose out of that particular conduct. As a result, consistent with due process requirements, the District of Columbia's long-arm personal jurisdiction only reaches a defendant if the "defendant has 'purposefully directed' his activities at residents of the forum ... and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985) (citation omitted); *accord Novak-Canzeri,* 864 F. Supp. at 206 (D.D.C. 1994), *Shoppers Food Warehouse v. Moreno,* 715 A.2d 107 (D.C. 1998); *Everett v. Nissan Motor Corp. in U.S.A.,* 628 A.2d 106 (D.C. 1993).

Despite a clear burden to plead sufficient jurisdictional facts in her Complaint, Plaintiff's Complaint fails to allege that GHS engages in *any* activity in the District of Columbia, let alone any of the seven types of conduct enumerated in subsection (a) of the Long-Arm Statute. Nor does Plaintiff's Complaint demonstrate that her claim for relief arises out of any of the seven types of conduct as required by subsection (b) of the Long-Arm Statute. Simply put, plaintiff has not alleged - and cannot establish - any specific acts connecting GHS to the District of Columbia. Consequently, the Long-Arm Statute does not authorize this Court's exercise of personal jurisdiction over GHS, and this Court should dismiss GHS from this action. *See Sunlite, Inc. v. BfG Rank A.G.,* 849 F. Supp. 74, 75-76 (D.D.C. 1994) (interpreting the requirements of the D.C. long-arm statute and dismissing complaint on grounds that it did not sufficiently allege jurisdictional contacts with the District of Columbia).

### C.     Exercise of Personal Jurisdiction Over GHS would Violate the Constitutional Requirement of Minimum Contacts

The District of Columbia's Long-Arm Statute has traditionally been interpreted in a manner "that is coextensive with the due process clause" of the Fourteenth Amendment to the Constitution. *Helmer v. Doletskaya,* 393 F.3d 201, 205 (D.C. Cir. 2004). Thus, as a practical

matter, the outer limits of jurisdiction conferred by the Long-Arm Statute are coextensive with those set forth in the Supreme Court's jurisprudence concerning the limits on personal jurisdiction imposed by the due process clause. The U.S. Supreme Court's due process jurisprudence provides that a court properly exercises personal jurisdiction only over one who has "purposefully established 'minimum contacts' with the [jurisdiction] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). To suffice to confer personal jurisdiction, these minimum contacts must be "some act by which the defendant purposefully avails [himself] of the privilege of conducting activities with the forum state, thus invoking the benefits and protections of its laws." *Asahi Metal Indus. v. Super. Ct. of Cal.,* 480 U.S. 102, 109, (1987). A defendant's conduct and connection with the forum state do not rise to the level of the required minimum contacts unless they are "such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980).

Even if this Court had statutory authority to exercise personal jurisdiction over GHS, which it clearly does not, such an exercise of personal jurisdiction would violate the due process clause of the Constitution. Plaintiff has not and cannot establish that GHS has *any* contacts with the District of Columbia, let alone sufficient contacts to cross the "minimum contacts" threshold. As GHS lacks any contacts with the District of Columbia, the exercise of personal jurisdiction over it would undoubtedly offend traditional notions of fair play and substantial justice.

Therefore, given that Plaintiff has failed to assert a single fact that would bring GHS within the purview of any subsection of the District of Columbia's Long-Arm Statute, and that the exercise of personal jurisdiction over GHS would defy the limits on personal jurisdiction

imposed by the due process clause, Plaintiff's claims against GHS must be dismissed under Superior Court Rule 12(b)(2).

## II. PLAINTIFF'S CLAIMS AGAINST GHS MUST BE DISMISSED PURSUANT TO RULE 12(b)(5) BECAUSE PLAINTIFF'S SERVICE OF THE COMPLAINT WAS INSUFFICIENT

This Court may not assert jurisdiction over a party that has not been served properly, regardless of the party's alleged contacts with the District of Columbia. Where service is contested as invalid, the plaintiff has the burden of proving that service of process was performed properly. *Color Sys., Inc. v. Meteor Photo Reprographic Sys., Inc.*, No. Civ. A. 86-2516, 1987 WL 11085, at *3 (D.D.C. May 8, 1987) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936))

13 D.C. Code Ann. § 431(a) governs service outside of the District of Columbia and provides as follows:

> (a) When the law of the District of Columbia authorizes service outside the District of Columbia, the service, when reasonably calculated to give actual notice, may be made --
>
>> (1) by personal delivery in the manner prescribed for service within the District of Columbia;
>> (2) in the manner prescribed by the law of the place in which the service is made for service in that place in an action in any of its courts of general jurisdiction;
>> (3) by any form of mail addressed to the person to be served and requiring a signed receipt; or
>> (4) as directed by the foreign authority in response to a letter rogatory.

Therefore, according to law of the District of Columbia, Plaintiff was permitted to serve GHS by personal delivery in a manner prescribed for service within the District of Columbia, by service under the laws of the State of Georgia, or by any form of mail addressed to the person to be served and requiring a signed receipt. Because Plaintiff has failed to serve GHS in any of the

three manners permitted by D.C. Code § 13-431(a), this Court should dismiss Plaintiff's Complaint.

### A. Plaintiff's Service of GHS is Not Sufficient under the Laws of the District of Columbia

#### 1. D.C. Superior Court Rule of Civil Procedure 4(c)(4)

District of Columbia Superior Court Rule of Civil Procedure 4(c)(4) provides a procedure whereby service can be acknowledged by a party Defendant. Rule 4(c)(4) provides as follows:

> As to any defendant described in subdivisions (e), (f), or (h), service may be effected by mailing a copy of the summons, complaint and initial order by first-class mail, postage prepaid, to the person to be served, together with two copies of a Notice and Acknowledgment conforming substantially to Form 1-A and a return envelope, postage prepaid, addressed to the sender. Unless good cause is shown for not doing so, the Court shall order the payment by the party served of the costs incurred in securing an alternative method of service authorized by this Rule if the person served does not complete and return, within 20 days after mailing, the Notice and Acknowledgment of receipt of the summons.

D.C. Super. Ct. R. Civ. P. 4(c)(4). While it appears that Plaintiff attempted to serve GHS in the manner prescribed by Rule (c)(4), Plaintiff failed to do so properly.

Rule 4(c)(4) begins by stating that service "may be effected by mailing a copy of the summons, complaint and initial order by first-class mail, postage prepaid, to the **person to be served**..." D.C. Super. Ct. R. Civ. P. 4(c)(4) (emphasis added). While the Summons, Complaint and Initial Order were mailed, they were not mailed to the "person to be served." Plaintiff has named "Joan Glancey [sic] Memorial Hospital" as a party Defendant in this case. As previously indicated, Joan Glancy Memorial Hospital is no longer in existence, and the entity that owned and operated Joan Glancy Memorial Hospital, GHS, is the proper party Defendant in this case. As such, the Summons, Complaint and Initial Order should have been mailed to GHS. Instead, Plaintiff mailed the Summons, Complaint and Initial Order to the mailing address of what is now

the Glancy Rehabilitation Center located on the Glancy Campus of Gwinnett Medical Center. Because Plaintiff did not mail a copy of the Summons, Complaint and Initial Order to the "person to be served," Plaintiff attempt to serve GHS does not comply with Rule 4(c)(4).

### 2. D.C. Superior Court Rule of Civil Procedure 4(h)(1)

District of Columbia Superior Court Rule of Civil Procedure 4(h)(1) provides that service upon a foreign corporation, such as GHS, may be effected "within the United States....by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." D.C. Super. Ct. R. Civ. P. 4(h)(1). In this case, Plaintiff mailed a copy of the Summons and Complaint to the mailing address of the Glancy Rehabilitation Center located on the Glancy Campus of Gwinnett Medical Center. Plaintiff's Summons and Complaint was not served upon an officer, managing or general agent, or registered agent for service of process of GHS as required by Rule 4(h)(1). Because Plaintiff's attempt to serve GHS does not comply with Rule 4(h)(1), Plaintiff has not properly served GHS under the law of the District of Columbia.

### B. Plaintiff's Service of GHS is Not Sufficient under the Laws of the State of Georgia

Under Georgia law, there are two alternative methods of service of corporations, the method found in O.C.G.A. 9-11-4(d)(1) and O.C.G.A. 14-2-504. Plaintiff's service of GHS does not comply with either of these code sections.

### 1. O.C.G.A. 9-11-4(d)(1)

Under O.C.G.A. 9-11-4(d)(1), service shall be made by delivering a copy of the summons and complaint "to the president or other officer of the corporation, secretary, cashier, managing agent, or other agent thereof." When "for any reason" service cannot be executed in such manner, O.C.G.A. 9-11-4(d)(1) makes the Secretary of State an agent of the corporation upon

whom process may be served. Plaintiff sending a copy of the Summons and Complaint by ordinary mail to the incorrect address does not satisfy O.C.G.A. 9-11-4(d)(1).

### 2. O.C.G.A. 14-2-504

O.C.G.A. 14-2-504 authorizes service upon a corporation's registered agent for service of process and provides that "if a corporation has no registered agent or the agent cannot with reasonable diligence be served, the corporation may be served by registered or certified mail or statutory overnight delivery, return receipt requested, addressed to the secretary of the corporation at its principal office." Plaintiff sending a copy of the Summons and Complaint by ordinary mail to the incorrect address also does not satisfy O.C.G.A. 14-2-504.

Therefore, because it does not comply with O.C.G.A. 9-11-4(d)(1) and O.C.G.A. 14-2-504, Plaintiff's service of GHS is not sufficient under Georgia law.

### C. Plaintiff's Service of GHS is Not Sufficient under D.C. Code § 13-431(a)(3)

Lastly, D.C. Code § 13-431(a)(3) permits service outside the District of Columbia "by any form of mail addressed to the person to be served and requiring a signed receipt." Plaintiff sending a copy of the Summons and Complaint by ordinary mail to the incorrect address does not satisfy D.C. Code § 13-431(a)(3).

As demonstrated above, Plaintiff failed to serve GHS in any of the three manners permitted by D.C. Code § 13-431(a). As such, Plaintiff's claims against GHS must be dismissed under Superior Court Rule 12(b)(5).

### III. PLAINTIFF'S CLAIMS AGAINST GHS SHOULD BE DISMISSED PURSUANT TO RULE 12(B)(6) BECAUSE PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

All that is required of the Complaint is "a short and plain statement of the claim showing that the pleader is entitled to relief." Super. Ct. Civ. R. 8(a)(2). Such a statement must simply

"give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47 (1957). Because Plaintiff's Complaint fails to meet these threshold requirements, it must be dismissed pursuant to Superior Court Rule 12(b)(6).

Dismissal under Rule 12(b)(6) is appropriate where the complaint fails to allege the elements of a legally viable claim. *See Jordan Keys & Jessamy, LLP v. St. Paul Fire & Marine Ins. Co.,* 870 A.2d 58, 62 (D.C. 2005) (affirming dismissal for failure to state a claim after complaint, viewed in the light most favorable to the pleader, did not allege the elements of an implied-in-fact contract); *Taylor v. FDIC,* 132 F.3d 753, 761 (U.S. App. D.C. 1997) ("Dismissal under Rule 12(b)(6) is proper when, taking the material allegations of the complaint as admitted, and construing them in plaintiffs' favor, the court finds that the plaintiffs have failed to allege all the material elements of their cause of action.") (citations omitted)). "[C]omplaints need not plead law or match facts to every element of a legal theory, but the pleader must set forth sufficient information to outline the legal elements of a viable claim for relief or to permit inferences to be drawn from the complaint that indicate that these elements exist." *Chamberlain v. Am. Honda Fin. Corp.*, 931 A.2d 1018, 1022-23 (D.C. 2007) (internal quotation marks and citation omitted) (citing 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 3d § 1357, at 683 (2004); *In re Plywood Antitrust Litigation,* 655 F.2d 627, 641 (5th Cir.1981) ("Despite the liberality of modern rules of pleading, a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.")).

Plaintiff's Complaint identifies forty-two party Defendants and, in its entirety, states as follows:

> Complaint: Abuses/Assaults; Injustices/Reprisals; Employment Discriminations and Terminations; Slander and libel; Defamations; Invasion of Privacy;

Malpractice False Imprisonments; Intentional Infliction of Emotional Distress. Claim for Damages, Injuries, Other.

Wherefore, Plaintiff demands judgment against Defendant in the sum of $37,000,000.

*See* Exhibit A. As evidenced above, Plaintiff's Complaint does not provide *any* factual basis for her claims, does not outline the legal elements of her claims, and does not provide which party Defendants are allegedly the subject of her particular claims. Simply put, after reviewing Plaintiff's Complaint, GHS is not able to determine what it allegedly did to wrong Plaintiff or why it is a party Defendant in this lawsuit.[1] Therefore, Plaintiff's claims against GHS must be dismissed under Superior Court Rule 12(b)(6).

## CONCLUSION

For the reasons stated above, Defendant Gwinnett Hospital System, Inc. respectfully requests that this Court grant its Motion to Dismiss Plaintiff's Complaint.

Dated:     Washington, D.C.          Respectfully submitted,
           April 3, 2012


                                     __/s/ Kim Hoyt Sperduto_____
                                     Kim Hoyt Sperduto
                                     D.C. Bar No. 416127

                                     THE SPERDUTO LAW FIRM, P.C.
                                     1133 20th Street, N.W.
                                     Second Floor
                                     Washington, D.C. 20036
                                     202-408-8900
                                     ksperduto@sperdutolaw.com

---

[1] For instance, because GHS has reason to believe that Plaintiff's claims may be barred by the applicable statute of limitations, GHS intends to raise the statute of limitations as an affirmative defense if it is required to file an Answer. Plaintiff's Complaint summarily lists a wide variety of claims which carry different statute of limitations periods. Without knowing which of Plaintiff's claims are directed at GHS, GHS does not know which statute of limitations applies. GHS expressly reserves the right to raise the statute of limitations as an affirmative defense if it learns which claims are directed at GHS.

Carol Michel, Esq.
Derick Cooper, Esq.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL
3344 Peachtree Road NE
Suite 2400
Atlanta, GA 30326
404-832-9564


Attorneys for Defendant
Gwinnett Hospital Systems, Inc.

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

MARCIA LORRAINE MADDEN,      )
                             )
    Plaintiff,               )
                             )
v.                           )      C.A. No. 2012 CA 002077 M
                             )
THE DISTRICT OF COLUMBIA VETERANS )
MEDICAL CENTER, et al        )
                             )
    Defendants.              )

## ORDER DISMISSING PLAINTIFF'S COMPLAINT

Upon consideration of Defendant Gwinnett Hospital System, Inc.'s motion to dismiss pursuant to Rule 12(b) of the Superior Court Rules of Civil Procedure for improper service, lack of in personam jurisdiction, and failure to state a claim upon which relief can be granted, the memorandum of law in support thereof, and any opposition papers filed by Plaintiff,

IT IS HEREBY ORDERED that Plaintiff's Complaint is DISMISSED with prejudice pursuant to District of Columbia Superior Court Rules 12(b)(2), 12(b)(5) and 12(b)(6).

SO ORDERED this _____ day of _____, 2012.


                            _____
                            The Honorable Michael L. Rankin
                            Judge, Superior Court of the District of Columbia

# Exhibit A

VS.

Case Number _____

**JOAN GLANCEY MEMORIAL HOSPITAL**
                                            Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

MARIA LORRAINE MADDEN
Name of Plaintiff's Attorney / Pro Se

142 Michigan Ave, NE 411
Address

Washington, DC 20017-1024

(202) 518-0157 / (202) 705-2630
Telephone

Clerk of the Court

By _____
                                        Deputy Clerk

Date _____

如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오        ፖለማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                        CASUM doc

MARCIA CORRAINE
MADDEN *Plaintiff(s)*

v.

Case No: **0002077-12**

THE DISTRICT OF COLUMBIA VETERANS
MEDICAL *Defendant(s)*
CENTER, et al.

**NOTICE**

To (insert name and address of the party to be served):

JOAN CLANCY
MEMORIAL HOSPITAL
3215 MCLURE BRINGS ROAD
DULUTH, GA 30097

The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

You must sign and date the Acknowledgement (below). If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate next to your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate next to your signature your authority.

If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be entered against you for the relief demanded in the complaint.

This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date): **MAR 09 2012** .

**MAR 09 2012**

*Signature*

*Date of Signature*

**ACKNOWLEDGMENT OF RECEIPT OF SUMMONS, COMPLAINT, AND INITIAL ORDER**

I (print name) _____ received a copy of the summons, complaint and initial order in the above captioned matter at (insert address): _____

_____

_____

_____          _____          _____
*Signature*                    *Relationship to Defendant/Authority*    *Date of Signature*
                               *to Receive Service*

Para pedir una traducción, llame al (202) 879-4828          如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction

Để có một bản dịch, hãy gọi (202) 879-4828          ፍላጎትዎ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ          번역을 원하시면, (202) 879-4828 로 전화주십시오


Case: 2012 CA 002077 M
9894452793
Dkt: CIVSS411

THE DISTRICT OF COLUMBIA VETERANS MEDICAL CENTER
## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge MICHAEL L RANKIN
Date:  March 2, 2012
Initial Conference: 9:00 am, Friday, June 01, 2012
Location:  Courtroom 517
500 Indiana Avenue N.W.
WASHINGTON, DC  20001

Caio.doc

discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc

MARCIA LORRAINE MADDEN
Michigan Ave NE #11
Washington, DC 20017-1024      **Plaintiff**

vs.

CIVIL ACTION NO. **0002077-12**

~~THE UNITED STATES FOR~~
THE DISTRICT OF COLUMBIA
Veterans Medical Center et. al.
50 Irving Ave NW      **Defendants**
Washington DC 20017-1024

**COMPLAINT**

RECEIVED
Civil Clerk's Office
MAR 02 2012
Superior Court of the
District of Columbia

1. Jurisdiction of this court is founded on D.C. Code Annotated, 2001 edition, as amended, Sec. 11-921.

{ COMPLAINT: ABUSES/ASSAULTS; INJUSTICES/REPRISALS;
{ EMPLOYMENT DISCRIMINATIONS AND TERMINATIONS; SLANDER
AND LIBEL; DEFAMATIONS; INVASION OF PRIVACY; MALPRACTICE
FALSE IMPRISONMENTS; INTENTIONAL INFLICTION OF
EMOTIONAL DISTRESS.
CLAIM FOR DAMAGES, INJURIES, Others FEBRUARY 29, 2012

Wherefore, Plaintiff demands judgment against Defendant in the sum of $ 37,000,000.
with interest and costs.

Phone: 202-518-0157/202-705-6630

DISTRICT OF COLUMBIA, SS
Marcia Lorraine Madden, being first duly sworn on oath deposes and says that the
foregoing is a just and true statement of the amount owing by defendant to the plaintiff, exclusive of all
set-off and just grounds of defense.

Marcia Lorraine Madden
(Plaintiff)                                      Agent)

Subscribed and sworn to before me this ___2nd___ day of ___March___ 20_12_.

_____
(Notary Public/Deputy Clerk)

FORM CV-1013/ Nov. 00

1) District of Columbia Veterans Medical Center
   50 Irving Street NW, Washington D.C. 20422.

2) Orlando Veterans Medical Center
   5201 Raymond Street, Orlando FL 32803.

3) Atlanta Veterans Medical Center
   1670 Clairmont Road, Decatur GA 30033.

4) Primary & Extended Care Center - Queens
   179th Street & Linden Blvd, St. Alban's N.Y. 11425.

5) NHCHS New York Harbor Healthcare System @ Brooklyn
   Veterans Medical Center
   800 Poly Place, Brooklyn NY 11209

6) California VA Regional Office, Medical Center,
   & Housing — VASH
   1100 Wilshire Blvd, Los Angeles, CA 90024

7) New York State Division of Human Rights.
   One Fordham Road, Bronx, NY 10458

8) New York District EEOC Office

2) Mountain Home Air Force Base Hospital & MEO Off.
90 Hope Drive, Mountain Home Idaho 83648

1) Grady Health System (Grady Memorial Hospital
Human Resources Division/Legal Dept./Security Dept.
80 Jesse Hill ~~Jr.~~ Drive, Atlanta Georgia 30303

(2) Atlanta Medical **Center** (Tenet Health)
303 Parkway Drive, NE Atlanta, GA 30312

3) Nursefinders (EMORY UNIVERITY HOSPITAL (Employee)
2221 Peachtree Rd NE, Atlanta GA 30309

4) Supplemental Healthcare (North Fulton Hospi
(Northeast Georgia Medical Center)
4243 Dunwoody GA 30350

15) Northside Hospital
1000 Johnson Ferry Rd Atlanta GA 30342

6) Georgia Department of Labor
2211 Beaver Ruin Road Norcross GA 3

17) Jaibson Inc./Alpha Nursing Services
7717 Cleveland Ave. Atlanta GA

3) ALL Medical Personnel (Emory Children's Clinic and Elaine Clark Center).

~~1650~~ 1961 N. Druid Hills Road

, Georgia

1) Duluth Medical Services / Georgia Regional Hospital
~ 3883 Rogers Bridge Road, Duluth, GA 30096, *(Employe
3498 Rogers Bridge Road, Duluth, GA 30096.

2) Joan Glancey Memorial Hospital (ER Patient.
3215 McClure Bridge Road, Duluth, GA 30097)

3) Georgia Regional Hospital - Acute Care / MH (ER Patien
3073 Panthersville Road, Decatur, GA 30034

4) Pediatric Services Of America
350 Technology Parkway, Norcross, GA 30092.

82-68 164th street. Jamaica Ave., NY 11432

6) SUNY Health Science Center At Syracuse
750. E. Adams Street, Syracuse, NY 13210.

27) Crouse Irving Memorial Hospital
736 Irving Ave., Syracuse NY 13210

28) Community General Hospital
4900 Broad Road, Syracuse, NY 13215

29) Benjamin Rush Center
650 South Salina St. Syracuse NY 132

30) Lakeside Behavioral HealthCare-Mental Health
1800 Mercy Dr., Orlando FL 32808

31) St. John's Episcopal Hospital, South Shore
327 Beach 19th Street. Far Rockaway, NY 11691

32) GWINNETT COUNTY POLICE DEPARTMENT
~~3215~~ 3125 Satellite Blvd, Duluth GA 30096

— '901 Rice St. Atlanta, GA 30310

36) Orange County Courthouse
425 N. Orange Ave, Orlando FL 32801

37) The Department of Commerce
1615 H St. NW. Washington DC 20062

38 The Department of Transportation
1200 New Jersey Ave, SE Wash, DC. 20590.

39) Hollywood Movers
Hollywood Florida (OR) Fort Lauderdale
MOVING COMPANY. [* ADDRESS UNKNOWN]

40) California Bus and Taxi Services.
See Dept of Transportation

41) District of Columbia Bus and Taxi
Services. See Dept. of Transportation.

42) The Department of Energy (California &
District of

3) Presidential Towers aka Beverly Hills Properties
3100 West 3rd Street, Los Angeles CA 90029
# 331

1) Diamond Management Group, Inc.
7205 Hollywood ~~Blvd~~ Boulevard #204
4) Los Angeles, CA 90046

5) Bernstein management Corporation.
1300 Massachusetts Avenue #607 NW.
Washington, D.C. 90005

6) The Department of Housing and Urban Development
The Wanamaker Building
100 Penn Square East
Philadelphia, PA 19107

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of April, 2012, I caused copies of

Defendant's Motion to Dismiss, Memorandum of Law in Support of Defendant's

Motion to Dismiss and Order to be served by first class mail, postage prepaid, on:

Marcia L. Madden
142 Michigan Ave., N.E.
Wasahington, D.C. 20017-1024

Amanda C. Deatherage

Date: 04/05/12

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| MARCIA LORRAINE MADDEN | * | Civil No.: 2012 CA 002077 M |
| Plaintiff (*pro se*) | * | Judge Michael Rankin |
| v. | * | Calendar No.: 7 |
| THE DISTRICT OF COLUMBIA VETERANS MEDICAL CENTER, *et al.* | * | Next Event: Initial Conference, June 1, 2012 |
| | * | |
| Defendants | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANTS "GWINNETT COUNTY POLICE DEPARTMENT" AND "GWINNETT COUNTY DETENTION CENTER AND SHERIFF'S ADMINISTRATION BUILDING'S" MOTION TO DISMISS

"Gwinnett County Police Department" and "Gwinnett County Detention Center and Sheriff's Administration Building," some of the Defendants, by KARPINKSI, COLARESI & KARP and VICTORIA M. SHEARER, their attorneys, move pursuant to Sup. Ct. Civ. Pro. R. 12(b)(6) to dismiss, for the reasons set forth fully in the Memorandum of Points and Authorities filed herewith.

KARPINSKI, COLARESI & KARP, P.A.

BY:    /s/ Victoria Shearer
    VICTORIA M. SHEARER, BAR NO. 497866
    120 East Baltimore Street, Suite 1850
    Baltimore, Maryland 21202
    (410) 727-5000
    (410) 727-0861 (Facsimile)
    vshearer@bkcklaw.com
    Attorneys for Defendants "Gwinnett County Police Department" and "Gwinnett County Detention Center and Sheriff's Administration Building"

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | | |
|---|---|---|
| MARCIA LORRAINE MADDEN | * | Civil No.: 2012 CA 002077 M |
| Plaintiff (*pro se*) | * | Judge Michael Rankin |
| v. | * | Calendar No.: 7 |
| THE DISTRICT OF COLUMBIA VETERANS MEDICAL CENTER, *et al.* | * | Next Event: Initial Conference, June 1, 2012 |
| | * | |
| Defendants | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS "GWINNETT COUNTY POLICE DEPARTMENT" AND "GWINNETT COUNTY DETENTION CENTER AND SHERIFF'S ADMINISTRATION BUILDING'S" MOTION TO DISMISS

"Gwinnett County Police Department" and "Gwinnett County Detention Center and Sheriff's Administration Building," some of the Defendants, by KARPINKSI, COLARESI & KARP and VICTORIA M. SHEARER, their attorneys, submit the instant Memorandum of Law in Support of their Motion to Dismiss pursuant to Superior Court Rule 12(b)(6).

### INTRODUCTION

On or about March 2, 2012, Plaintiff Marcia Lorraine Madden filed suit against forty-six (46) separate Defendants, including movants, seeking $37 million in damages. The case is categorized as a "malpractice" case. However, the Complaint is utterly devoid of any allegations regarding the basis of the Complaint or why Plaintiff is suing any of the Defendants. The Complaint's allegations consist merely of vague, generic descriptive phrases, such as "abuses/assaults," injustices/reprisals," "employment discriminations and terminations," "slander and libel," "defamations;" "invasion of privacy;"

"malpractice," "false imprisonments;" and "intentional infliction of emotional distress," without even the most basic of allegations regarding why Plaintiff is suing and on what basis. Accordingly, the Complaint is devoid of any allegations establishing personal jurisdiction over these Defendants and fails to state a claim upon which relief may be granted. Moreover, even assuming that the Complaint stated a claim or established jurisdiction over Defendants, it nevertheless sues entities that are not legal entities capable of being sued. For these reasons, the Complaint should be dismissed.

## ARGUMENT

## I. THE COMPLAINT FAILS TO ALLEGE ANY FACTS ESTABLISHING THE COURT'S PERSONAL JURISDICTION OVER DEFENDANTS.

A plaintiff bears the burden of establishing personal jurisdiction over each defendant. See Holder v. Haarmann & Reimer Corp., 779 A.2d 264, 269 (D.C. 2001).

Defendants "Gwinnett County Police Department" and "Gwinnett County Detention Center and Sheriff's Administration Building" are not residents of the District of Columbia. Before a court in the District of Columbia may exercise personal jurisdiction over a nonresident defendant, two criteria must be satisfied. Companhia Brasileira Carbureto De Calcio v. Applied Indus. Materials Corp., 35 A.3d 1127, 1130 (D.C. 2012). First, the exercise of personal jurisdiction must be authorized by the District's long-arm statute, D.C. Code, §13–423(a)(2001). As relevant here, that statute provides:

> (a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's—
>
>> (1) transacting any business in the District of Columbia;
>>
>> (2) contracting to supply services in the District of Columbia;

> (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;
>
> (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia[.]

D.C. Code §13–423(a)(2001).

Second, the exercise of personal jurisdiction must comport with the requirements of due process. "To satisfy the requirements of due process, the nonresident defendant must have had sufficient 'minimum contacts' with the forum state to justify subjecting him to the exercise of personal jurisdiction by its courts." Companhia, 35 A.3d at 1130 (citing Environmental Research Int'l, Inc. v. Lockwood Greene Engineers, Inc., 355 A.2d 808, 811 (D.C.1976)(en banc)); see also Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). In assessing whether a defendant's contacts with the District are sufficient, "the most critical inquiry is not whether the nonresident defendant is physically present in the forum but whether the defendant's contacts with the forum are of such a quality and nature that they manifest a deliberate and voluntary association with the forum and are not fortuitous or accidental." Id., 35 A.3d at 1130 (citing Harris v. Omelon, 985 A.2d 1103, 1105 (D.C.2009)); see also World–Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 295–99 (1980). "This requires 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State' to establish personal jurisdiction." Id., 35 A.3d at 1130 (quoting Harris, 985 A.2d at 1105)(in turn quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)).

The Complaint contains no allegation(s) demonstrating that the Court has personal jurisdiction over the "Gwinnett County Police Department" or the "Gwinnett County Detention Center and Sheriff's Administration Building" under the District's long-arm statute or that either Defendant has minimum contacts with the District such that this Court may exercise personal jurisdiction over them. Moreover, the Complaint does not allege that Defendants conduct any business in the District of Columbia, that they contract to supply services in the District of Columbia, or that they or their employees committed any tortious act(s) with respect to Plaintiff within the District of Columbia. Accordingly, the allegations of the Complaint fail to establish that this Court has personal jurisdiction over these Defendants.[1] Since it is Plaintiff's burden to establish such personal jurisdiction, and the Complaint utterly fails to do so, Defendants are entitled to dismissal based upon lack of personal jurisdiction.

II. **THE "GWINNETT COUNTY POLICE DEPARTMENT" AND THE "GWINNETT COUNTY DETENTION CENTER AND SHERIFF'S ADMINISTRATION BUILDING" ARE NOT LEGAL ENTITIES CAPABLE OF BEING SUED.**

Even if the Court had personal jurisdiction over Defendants (and clearly it does not), Defendants nevertheless would be entitled to dismissal because they are not legal entities capable of being sued. Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir. 1992); Lovelace v. DeKalb Cent. Prob., 144 Fed. Appx. 793, 795 (11th Cir. 2005)(county police department not a legal entity subject to suit); Bird v. Chatham County Det. Ctr., 2008 WL 68842 (S.D. Ga. 2008)(same); Shelby v. City of Atlanta, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984)(dismissing

---

[1]     In addition, service of process upon Defendants was defective because it did not comply with D.C. Code, §13-334(a) requiring service of process within the District of Columbia.

suit against Police Department of Atlanta as an entity not subject to suit because the department was an integral part of the city and merely a vehicle through which the city fulfilled its policing functions); Robinson v. Hogansville Police Dep't, 159 Fed. App'x 137, 138 (11th Cir. 2005)("We have recognized that sheriff's departments and police departments are not usually considered legal entities subject to suit."). See also Revene v. Charles County, 882 F.2d 870, 874 (4th Cir. 1989)(affirming dismissal of suit against the "office of Sheriff" as the office was not a cognizable legal entity separate from the Sheriff in his official capacity or the county of which [the] 'office' [was] simply an agency); Rankin v. Berkely County Sheriff's Dept., 222 F. Supp.2d 802, 807 (N.D. W. Va. 2002)(adopting the holding in Revene and dismissing federal claims against sheriff's department); Post v. City of Fort Lauderdale, 750 F. Supp. 1131, 1132-33 (S.D. Fla. 1990)(dismissing claims against city building and zoning department and city police department because the city agencies lacked legal identities apart from the city); State of Missouri ex rel. Gore v. Wochner, 475 F. Supp. 274, 280 (E.D. Mo. 1979), aff'd, 620 F.2d 183 (8th Cir. 1980), cert. denied, 449 U.S. 875 (1980)(dismissing claim against the Department of Personnel of the City of St. Louis because the department lacked a legal identity apart from the City of St. Louis and therefore, was not a sueable entity).

Neither the "Gwinnett County Police Department" nor the "Gwinnett County Detention Center and Sheriff's Administration Building" are legal entities subject to suit and, thus, they are entitled to dismissal on this basis as well.

III.    **THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.**

The Complaint in this case fails to set forth any allegations of fact regarding the

reason why Plaintiff has filed suit against these (or any) Defendants. The Complaint fails to contain even the most basic of allegations informing Defendants or the Court of the basis upon which Plaintiff has filed suit. See Sup. Ct. R. 8(a). Plaintiff's Complaint must therefore be dismissed on this basis as well, as Plaintiff has failed to state a claim against Defendants upon which relief may be granted.

## CONCLUSION

For the foregoing reasons, Defendants respectfully submit that they are entitled to dismissal.

Respectfully submitted,

KARPINSKI, COLARESI & KARP, P.A.

BY:  _____/s/ Victoria Shearer_____
VICTORIA M. SHEARER, BAR NO. 497866
120 East Baltimore Street, Suite 1850
Baltimore, Maryland 21202
(410) 727-5000
(410) 727-0861 (Facsimile)
vshearer@bkcklaw.com
Attorneys for Defendants "Gwinnett County Police Department" and "Gwinnett County Detention Center and Sheriff's Administration Building"

## RULE 12-I STATEMENT

I, Victoria M. Shearer, hereby certify that I contacted Plaintiff to obtain her consent to the filing of Defendants' Motion to Dismiss, but she did not respond to my attempts to contact her.  It is therefore assumed that she does not consent.

/s/ Victoria M. Shearer_____
Victoria M. Shearer

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Motion, together with the accompanying Memorandum of Points and Authorities and Proposed Order, were served electronically, and mailed to the following, this 4th day of April, 2012 to:

Copies Via Electronic Service to:

> David B. Stratton, Esquire
> Jordan, Coyne & Savits, L.L.P.
> Suite 600
> Washington, DC 20036

Copies Via U.S. Mail to:

> MARCIA LORRAINE MADDEN
> 142 Michigan Ave., N.E., Apt. 11U
> Washington, D.C. 20017-1024
>
> The District of Columbia Veterans Medical Center, Defendant
> 50 Irving Street, NE
> Washington, DC 20422
>
> ORLANDO VETERANS MEDICAL CENTER
> 5201 Raymond Street
> Orlando, FL 32803
>
> ATLANTA VETERANS MEDICAL CENTER
> 1670 Clairmont Road
> Decatur, GA 30033
>
> PRIMARY & EXTENDED CARE CENTER — QUEENS
> 179-00 Linden Boulevard
> Queens, New York 11425
>
> NY HARBOR HEALTHCARE SYSTEM @ BROOKLYN VETERANS
> MEDICAL CENTER
> 800 Poly Place
> Brooklyn, NY 11209

CALIFORNIA VETERANS REGIONAL OFFICE, MEDICAL CTR.
1100 Wilshire Boulevard
Los Angeles, CA 90024

NEW YORK STATE DIVISION OF HUMAN RIGHTS
One Fordham Plaza, 4th Floor
Bronx, NY 10458

NEW YORK DISTRICT EEOC OFFICE
33 Whitehall Street, 5th Floor
New York, NY 10004

ATLANTA DISTRICT EEOC OFFICE
100 Alabama Street, SW
Suite 4R30
Atlanta, GA 30303

MOUNTAIN HOME AIR FORCE BASE HOSPITAL & MEO OFFICE
90 Hope Drive
Mountain Home, ID 83648

GREADY HEALTH SYSTEM (GRADY MEMORIAL HOSPITAL)
80 Jesse Hill Drive
Atlanta, GA 30303

ATLANTA MEDICAL CENTER (TECET HEALTH)
303 Parkway Drive, NE
Atlanta, GA 30312

NURSEFINDERS (EMORY UNIVERSITY HOSPITAL EMPLOYEE)
2221 Peachtree Road, NE
Atlanta, GA 30309

SUPPLEMENTAL HEALTHCARE (NORTH FULTON HOSPITAL)
4243 Dunwoody Club Drive
Atlanta, GA 30350

NORTHSIDE HOSPITAL
1000 Johnson Ferry Road NE
Atlanta, GA 30342

GEORGIA DEPARTMENT OF LABOR
2211 Beaver Ruin Road
Suite 160
Norcross, GA 30071

SAIJBSON INC./ALPHA NURSING SERVICES
777 Cleveland Avenue, Suite 301 & Suite 306
Atlanta, GA 30315

LAUREL BAYE HEALTH CARE OF LAKE LANIER
2451 Peachtree Industrial Boulevard
Buford, GA 30518

ALL MEDICAL PERSONAL (EMORY CHILDREN'S CLINIC)
1961 N Druid Hills Road NE
Atlanta, GA 30329

DULUTH MEDICAL SERVICES
3883 Rogers Bridge Road
Duluth, GA 30096

GEORGIA REGIONAL HOSPITAL
3498 Rogers Bridge Road
Duluth, GA 30096

JOAN GLANCEY MEMORIAL HOSPITAL (ER PATIENT)
3215 McClure Bridge Road
Duluth, GA 30096

GEORGIA REGIONAL HOSPITAL- ACUTE CARE/MH
3073 Panthersville, Road
Decatur, GA 30034

PEDIATRIC SERVICES OF AMERICA
350 Technology Parkway
Norcross, GA 30092

QUEENS HOSPITAL CENTER
82/68 164th Street
Jamaica, NY 11432

SUNY HEALTH SCIENCE CENTER AT SYRACUSE
750 E Adams Street
Syracuse, NY 13210

CROUSE IRVING MEMORIAL HOSPITAL
736 Irving Ave.
Syracuse, NY 13210

COMMUNITY GENERAL HOSPITAL
4900 Broad Road
Syracuse, NY 13215

BENJAMIN RUSH CENTER
650 South Salina Street
Syracuse, NY 13202

ST. JOHN'S EPISOPAL HOSPITAL, SOUTH SHORE
327 Beach 19th Street
Far Rockaway, NY 11691

FULTON COUNTY (CRIMINAL WARRANTS DIVISIONS)
160 Pryor Street, SW
Atlanta, GA 30303

FULTON COUNTY (CRIMINAL WARRANTS DIVISIONS)
185 Central Avenue, SW#T9500
Atlanta, GA 30303

FULTON COUNTY JAIL
901 Rice Street
Atlanta, GA 30318

ORANGE COUNTY COURTHOUSE
425 N Orange Ave.
Orlando, FL 32801

THE DEPARTMENT OF COMMERCE
1615 H Street NW
Washington, DC 20062

THE DEPARTMENT OF TRANSPORTATION
1200 New Jersey Ave., SE
Washington, DC 20590

HOLLYWOOD MOVERS
Address Unknown

THE DEPARTMENT OF ENERGY
1000 Independence Ave., SW
Washington, DC 20585

THE DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT
451 7th Street, SW
Washington, DC 20410

PRESIDENTIAL TOWERS BEVERLY HILLS PROPERTIES
3100 West 3rd Street, #331
Los Angeles, CA 90029

DIAMOND MANAGEMENT GROUP, INC.
7205 Hollywood Boulevard, #204
Los Angeles, CA 90046

BERNSTEIN MANAGEMENT CORPORATION
1300 Massachusetts Ave., #607
Washington, DC 90005

THE DEPARTMENT OF HOUSING & URBAN DEVELOPMENT
The Wanamaker Building
100 Penn Square East
Philadelphia, PA 19107

/s/ Victoria M. Shearer

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| MARCIA LORRAINE MADDEN | * | Civil No.: 2012 CA 002077 M |
| Plaintiff (*pro se*) | * | Judge Michael Rankin |
| v. | * | Calendar No.: 7 |
| THE DISTRICT OF COLUMBIA VETERANS MEDICAL CENTER, *et al.* | * | Next Event: Initial Conference, June 1, 2012 |
| | * | |
| Defendants | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

**O R D E R**

Upon consideration of the Motion To Dismiss filed by Defendants "Gwinnett County Police Department" and "Gwinnett County Detention Center and Sheriff's Administration Building," and any Opposition thereto, it is this _____ day of _____, 2012, hereby

**ORDERED**, that the Motion be, and the same hereby is **GRANTED**; and, it is further

**ORDERED**, that Plaintiff's Complaint is hereby dismissed.

_____
Superior Court of the District of Columbia
Judge Michael L. Rankin

Copies Via Electronic Service to:

David B. Stratton, Esquire
Jordan, Coyne & Savits, L.L.P.
Suite 600
Washington, DC 20036

Victoria M. Shearer, Esquire
KARPINSKI, COLARESI & KARP, P.A.
120 East Baltimore Street, Suite 1850
Baltimore, Maryland 21202

Copies Via U.S. Mail to:

Marcia Lorraine Madden
142 Michigan Ave., N.E., Apt. 11U
Washington, D.C. 20017-1024

The District of Columbia Veterans Medical Center
50 Irving Street, NE
Washington, DC 20422

ORLANDO VETERANS MEDICAL CENTER
5201 Raymond Street
Orlando, FL 32803

ATLANTA VETERANS MEDICAL CENTER
1670 Clairmont Road
Decatur, GA 30033

PRIMARY & EXTENDED CARE CENTER — QUEENS
179-00 Linden Boulevard
Queens, New York 11425

NY HARBOR HEALTHCARE SYSTEM AT BROOKLYN VETERANS
MEDICAL CENTER
800 Poly Place
Brooklyn, NY 11209

CALIFORNIA VETERANS REGIONAL OFFICE, MEDICAL CTR.
1100 Wilshire Boulevard
Los Angeles, CA 90024

NEW YORK STATE DIVISION OF HUMAN RIGHTS
One Fordham Plaza, 4th Floor
Bronx, NY 10458

NEW YORK DISTRICT EEOC OFFICE
33 Whitehall Street, 5th Floor
New York, NY 10004

ATLANTA DISTRICT EEOC OFFICE
100 Alabama Street, SW
Suite 4R30
Atlanta, GA 30303

MOUNTAIN HOME AIR FORCE BASE HOSPITAL & MEO OFFICE
90 Hope Drive
Mountain Home, ID 83648

GREADY HEALTH SYSTEM (GRADY MEMORIAL HOSPITAL)
80 Jesse Hill Drive
Atlanta, GA 30303

ATLANTA MEDICAL CENTER (TECET HEALTH)
303 Parkway Drive, NE
Atlanta, GA 30312

NURSEFINDERS (EMORY UNIVERSITY HOSPITAL EMPLOYEE)
2221 Peachtree Road, NE
Atlanta, GA 30309

SUPPLEMENTAL HEALTHCARE (NORTH FULTON HOSPITAL)
4243 Dunwoody Club Drive
Atlanta, GA 30350

NORTHSIDE HOSPITAL
1000 Johnson Ferry Road NE
Atlanta, GA 30342

GEORGIA DEPARTMENT OF LABOR
2211 Beaver Ruin Road
Suite 160
Norcross, GA 30071

SAIJBSON INC./ALPHA NURSING SERVICES
777 Cleveland Avenue, Suite 301 & Suite 306
Atlanta, GA 30315

LAUREL BAYE HEALTH CARE OF LAKE LANIER
2451 Peachtree Industrial Boulevard
Buford, GA 30518

ALL MEDICAL PERSONAL (EMORY CHILDREN'S CLINIC)
1961 N Druid Hills Road NE
Atlanta, GA 30329

DULUTH MEDICAL SERVICES
3883 Rogers Bridge Road
Duluth, GA 30096

GEORGIA REGIONAL HOSPITAL
3498 Rogers Bridge Road
Duluth, GA 30096

JOAN GLANCEY MEMORIAL HOSPITAL (ER PATIENT)
3215 McClure Bridge Road
Duluth, GA 30096

GEORGIA REGIONAL HOSPITAL- ACUTE CARE/MH
3073 Panthersville, Road
Decatur, GA 30034

PEDIATRIC SERVICES OF AMERICA
350 Technology Parkway
Norcross, GA 30092

QUEENS HOSPITAL CENTER
82/68 164th Street
Jamaica, NY 11432

SUNY HEALTH SCIENCE CENTER AT SYRACUSE
750 E Adams Street
Syracuse, NY 13210

CROUSE IRVING MEMORIAL HOSPITAL
736 Irving Ave.
Syracuse, NY 13210

COMMUNITY GENERAL HOSPITAL
4900 Broad Road
Syracuse, NY 13215

BENJAMIN RUSH CENTER
650 South Salina Street
Syracuse, NY 13202

ST. JOHN'S EPISOPAL HOSPITAL, SOUTH SHORE
327 Beach 19th Street
Far Rockaway, NY 11691

FULTON COUNTY (CRIMINAL WARRANTS DIVISIONS)
160 Pryor Street, SW
Atlanta, GA 30303

FULTON COUNTY (CRIMINAL WARRANTS DIVISIONS)
185 Central Avenue, SW#T9500
Atlanta, GA 30303

FULTON COUNTY JAIL
901 Rice Street
Atlanta, GA 30318

ORANGE COUNTY COURTHOUSE
425 N Orange Ave.
Orlando, FL 32801

THE DEPARTMENT OF COMMERCE
1615 H Street NW
Washington, DC 20062

THE DEPARTMENT OF TRANSPORTATION
1200 New Jersey Ave., SE
Washington, DC 20590

HOLLYWOOD MOVERS
Address Unknown

THE DEPARTMENT OF ENERGY
1000 Independence Ave., SW
Washington, DC 20585

THE DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT
451 7th Street, SW
Washington, DC 20410

PRESIDENTIAL TOWERS BEVERLY HILLS PROPERTIES
3100 West 3rd Street, #331
Los Angeles, CA 90029

DIAMOND MANAGEMENT GROUP, INC.
7205 Hollywood Boulevard, #204
Los Angeles, CA 90046

BERNSTEIN MANAGEMENT CORPORATION
1300 Massachusetts Ave., #607
Washington, DC 90005

THE DEPARTMENT OF HOUSING & URBAN DEVELOPMENT
The Wanamaker Building
100 Penn Square East
Philadelphia, PA 19107

# Superior Court of the District of Columbia
## CIVIL DIVISION

MARCIA LORRAINE MADDEN
Plaintiff

vs.

DISTRICT OF COLUMBIA
VETERANS MEDICAL CENTER
Defendant

FILED
CIVIL ACTIONS BRANCH
APR 04 2012
Superior Court
of the District of Columbia
Washington, D.C.

No. 2012 CA 002077 M

## MOTION - (Pro-Se)

MOTION OF: MARCIA Lorraine MADDEN for Denial of Defendants Motion To Dismiss.

(State briefly what you want the Court to do)

1. Submission of Memorandum of Points and Authorities.
2. To answer Defendants request for brief explanation of relief sought.
MARCIA LORRAINE MADDEN (See Attachments (Please) 4/3/2012) dated

Printed name: 142 Michigan Avenue NE 111

Signature: Marcia Lorraine Madden

Address: Washington, D.C. 20017-1024

Home phone no. (202)518-0152(202) 705-6630
Business phone no.

## CERTIFICATE OF SERVICE

On April 04, 2012 20 12, the Clerk of the Superior Court mailed this motion to all the lawyers in the case, the plaintiff(s) and the defendant(s) who do not have lawyers, as listed below:

| Name: Lakeside Behavioral Healthcare | Name: Joan Glancey Memorial Hospital-ER |
|---|---|
| Address: 1800 Mercy Drive Suite Orlando, Florida 32808 | Address: 3215 McClure Bridge Road Duluth, GA 30034. |

Signature: Marcia Lorraine Madden

## POINTS AND AUTHORITIES

(Write the reasons why the Court should grant your motion and include Court rules, laws and cases, if any, that support your reasons.)

1. Letter received via USPS for defendant, Lakeside Behavioral Healthcare re; MOTION TO DISMISS.
2. Letter received via Federal Express for defendant Joan Glancey Memorial Hospital re; MOTION TO DISMISS

Signature: Marcia Lorraine Madden 4/4/2012.

Form CV-393/Dec 00

MARCIA LORRAINE MADDEN
_Plaintiff_

vs.

Civil Action No. 2012 CA002077 M

DISTRICT OF COLUMBIA
VETERANS MEDICAL CENTER et al.
_Defendant_

**ORDER**

Upon consideration of the motion : for Denial of Defendants Motion To Dismiss

filed by MARCIA LORRAINE MADDEN

and after hearing argument on behalf of all parties concerned, it is, by the Court, this _____

day of _____, 20 _____,

ORDERED:

(1) That the motion be, and it is hereby, ☐ **GRANTED** ☐ **DENIED**

(2) That _____

_____

_____

_____

_____

_____

Copies to:

_____
**JUDGE**

Form CV-545/Apr.03

# Superior Court of the District of Columbia
## CIVIL DIVISION

MARCIA LORRAINE MADDEN

Plaintiff

FILED
CIVIL ACTIONS BRANCH
APR 04 2012
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

No. 2012 CA 002077 M

vs.

DISTRICT OF COLUMBIA
VETERANS MEDICAL CENTER et al

Defendant

MARCIA MADDEN **MOTION - (Pro-Se)**

MOTION OF: CORRECTION OF DEFENDANTS ADDRESSES FOR SERVICE OF PROCESS (Summons Complaint Initial Order)

(State briefly what you want the Court to do)

1) Resend return mail to District of Columbia Veterans Medical Center/See the
2) Resend return mail to Bernstein Management Corporation Attachment Please
MARCIA LORRAINE MADDEN & Memorandum of Points And Authorities April 3, 2012.

Printed name: MARCIA LORRAINE MADDEN

Address: 142 Michigan Ave NE 111
Washington, DC 20017-1024

Signature: Marcia Lorraine Madden

Home phone no. 202-518-0157/202/705-66
Business phone no.

## CERTIFICATE OF SERVICE

mailed On APRIL 04, 2012 20 12 I Clerk of the DC. Superior Court mailed this motion to all the lawyers in the case.
mailed the plaintiff(s) and the defendant(s) who do not have lawyers, as listed below:

Name: The District of Columbia Veterans Medical Center
Address: 50 Irving Street NW
Washington, DC 20422

Name: Bernstein Management Corporation
Address: 5301 Wisconsin Ave. NW Suite 6a
Washington, DC 20015

Signature: Marcia Lorraine Madden

CASE: 2012 CA 002077 M

## POINTS AND AUTHORITIES

(Write the reasons why the Court should grant your motion and include Court rules, laws and cases, if any, that support your reasons.)

1) Incorrect City Zip Code for District of Columbia Veterans Medical Center. It should be 20422.

2) Incorrect City Zip Code for Mailing Address Bernstein Management Corporation. It should be 5301 Wisconsin Avenue Suite 6a Washington, DC 20015.

Signature: Marcia Lorraine Madden 4/4/2012.

_MARCIA LORRAINE MADDEN_
_____
_Plaintiff_

vs.

Civil Action No. _2012 CA002077M_

_DISTRICT OF COLUMBIA_
_VETERANS MEDICAL CENTER et. al._
_____
_Defendant_

## ORDER

Upon consideration of the motion _CORRECTION OF DEFENDANTS ADDRESSES_ _____

filed by _MARCIA LORRAINE MADDEN_ _____

and after hearing argument on behalf of all parties concerned, it is, by the Court, this _____

day of _____, 20 ____,

ORDERED:

(1) That the motion be, and it is hereby, ☐ **GRANTED** ☐ **DENIED**

(2) That _____

_____

_____

_____

_____

_____

Copies to:

_____
**JUDGE**

Form CV-545/Apr.03

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

**MARCIA LORRAINE MADDEN,**　　　\*

　　　　　　　　　　　　　　　　　　　\*

　　　　　　　Plaintiff,　　　　　　\*

　　　　　　　　　　　　　　　　　　　\*

　　　v.　　　　　　　　　　　　　　\*　　Case No.: 2012 CA 002077 M

　　　　　　　　　　　　　　　　　　　\*　　Hon. Michael L. Rankin

**THE DISTRICT OF COLUMBIA**　　\*

**VETERANS MEDICAL CENTER, et al., \***　　Initial Conf: 6/1/2012

　　　　　　　　　　　　　　　　　　　\*

　　　　　　　Defendants.　　　　　\*

### *DEFENDANT LAKESIDE BEHAVIORAL HEALTHCARE, INC.'S*
### *MOTION TO DISMISS, OR IN THE ALTERNATIVE,*
### *MOTION FOR A MORE DEFINITE STATEMENT*

Defendant Lakeside Behavioral Healthcare, Inc. ("Lakeside"), by and through undersigned counsel, David B. Stratton, Esq., and Jordan Coyne & Savits, L.L.P., and pursuant to Sup. Ct. Civ. Pro. R. 12(b)(2) and 12(b)(6), moves to dismiss the Complaint for lack of personal jurisdiction over Lakeside, and for failure to state a claim upon which relief can be granted.

In the alternative, Lakeside moves for a more definite statement under Rule 12(e) on the grounds that the Complaint is so vague and ambiguous, and so devoid of any facts, that Lakeside cannot reasonably be required to frame a responsive pleading. The Complaint contains no factual allegations as to what Lakeside is alleged to have done or failed to do, and fails to provide Lakeside with notice as to which claims are directed against Lakeside and which claims are directed at the numerous other defendants only.

Further grounds for these motions are set forth in the accompanying Memorandum of Points and Authorities, which is incorporated herein as if fully set forth.

WHEREFORE, for all the foregoing reasons, Defendant Lakeside Behavioral Healthcare, Inc. respectfully requests that this motion be granted, that the Court dismiss the Plaintiff's Complaint, and grant such other relief as the Court deems just.

Respectfully Submitted,

JORDAN, COYNE & SAVITS, L.L.P.

By: /s/ David B. Stratton
    David B. Stratton #413358
    1100 Connecticut Ave., N.W.
    Suite 600
    Washington, D.C. 20036
    (202) 496-2807
    Fax: (202) 496-2800
        *Counsel for Defendant Lakeside Behavioral*
        *Healthcare, Inc.*

## **RULE 12-I STATEMENT**

I, David B. Stratton, hereby certify that I contacted Plaintiff to obtain her consent to the filing of Defendant Lakeside Behavioral Healthcare, Inc.'s Motion to Dismiss by letter dated March 28, 2012, and since Plaintiff has not responded it is assumed that she does not consent.

        /s/ David B. Stratton
        David B. Stratton

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Motion, together with the accompanying Memorandum of Points and Authorities, Exhibit and Proposed Order, were served electronically, and mailed, this 2nd day of April, 2012 to:

Marcia Lorraine Madden
142 Michigan Ave., N.E., Apt. 11U
Washington, D.C. 20017-1024

The District of Columbia Veterans Medical Center, Defendant
50 Irving Street, NE
Washington, DC 20422

ORLANDO VETERANS MEDICAL CENTER
5201 Raymond Street
Orlando, FL 32803

ATLANTA VETERANS MEDICAL CENTER
1670 Clairmont Road
Decatur, GA 30033

PRIMARY & EXTENDED CARE CENTER – QUEENS
179-00 Linden Boulevard
Queens, New York 11425

NY HARBOR HEALTHCARE SYSTEM @ BROOKLYN VETERANS
MEDICAL CENTER
800 Poly Place
Brooklyn, NY 11209

CALIFORNIA VETERIANS REGIONAL OFFICE, MEDICAL CTR.
1100 Wilshire Boulevard
Los Angeles, CA 90024

NEW YORK STATE DIVISION OF HUMAN RIGHTS
One Fordham Plaza, 4th Floor
Bronx, NY 10458

NEW YORK DISTRICT EEOC OFFICE
33 Whitehall Street, 5th Floor
New York, NY 10004

Atlanta District EEOC Office
100 Alabama Street, SW
Suite 4R30
Atlanta, GA 30303

MOUNTAIN HOME AIR FORCE BASE HOSPITAL & MEO OFFICE
90 Hope Drive
Mountain Home, ID 83648

GREADY HEALTH SYSTEM (GRADY MEMORIAL HOSPITAL)
80 Jesse Hill Drive
Atlanta, GA 30303

ATLANTA MEDICAL CENTER (TECET HEALTH)
303 Parkway Drive, NE
Atlanta, GA 30312

NURSEFINDERS (EMORY UNIVERSITY HOSPITAL EMPLOYEE)
2221 Peachtree Road, NE
Atlanta, GA 30309

SUPPLEMENTAL HEALTHCARE (NORTH FULTON HOSPITAL)
4243 Dunwoody Club Drive
Atlanta, GA 30350

NORTHSIDE HOSPITAL
1000 Johnson Ferry Road NE
Atlanta, GA 30342

GEORGIA DEPARTMENT OF LABOR
2211 Beaver Ruin Road
Suite 160
Norcross, GA 30071

SAIJBSON INC./ALPHA NURSING SERVICES
777 Cleveland Avenue, Suite 301 & Suite 306
Atlanta, GA 30315

LAUREL BAYE HEALTH CARE OF LAKE LANIER
2451 Peachtree Industrial Boulevard
Buford, GA 30518

ALL MEDICAL PERSONAL (EMORY CHILDREN'S CLINIC)
1961 N Druid Hills Road NE
Atlanta, GA 30329

DULUTH MEDICAL SERIVCES
3883 Rogers Bridge Road
Duluth, GA 30096

GEORGIA REGIONAL HOSPITAL
3498 Rogers Bridge Road
Duluth, GA 30096

JOAN GLANCEY MEMORIAL HOSPITAL (ER PATIENT)
3215 McClure Bridge Road
Duluth, GA 30096

GEORGIA REGIONAL HOSPITAL- ACUTE CARE/MH
3073 Panthersville, Road
Decatur, GA 30034

PEDIATRIC SERVICES OF AMERICA
350 Technology Parkway
Norcross, GA 30092

QUEENS HOSPITAL CENTER
82/68 164th Street
Jamaica, NY 11432

SUNY HEALTH SCIENCE CENTER AT SYRACUSE
750 E Adams Street
Syracuse, NY 13210

CROUSE IRVING MEMORIAL HOSPITAL
736 Irving Ave.
Syracuse, NY 13210

COMMUNITY GENERAL HOSPITAL
4900 Broad Road
Syracuse, NY 13215

BENJAMIN RUSH CENTER
650 South Salina Street
Syracuse, NY 13202

ST. JOHN'S EPISOPAL HOSPITAL, SOUTH SHORE
327 Beach 19th Street
Far Rockaway, NY 11691

GWINNETT COUNTY POLICE DEPARTMENT
3125 Satellite Boulevard
Duluth, GA 30096

FULTON COUNTY (CRIMINAL WARRANTS DIVISIONS)
160 Pryor Street, SW
Atlanta, GA 30303

185 Central Avenue, SW#T9500
Atlanta, GA 30303

FULTON COUNTY JAIL
901 Rice Street
Atlanta, GA 30318

ORANGE COUNTY COURTHOUSE
425 N Orange Ave.
Orlando, FL 32801

THE DEPARTMENT OF COMMERCE
1615 H Street NW
Washington, DC 20062

THE DEPARTMENT OF TRANSPORTATION
1200 New Jersey Ave., SE
Washington, DC 20590

HOLLYWOOD MOVERS
Address Unknown

THE DEPARTMENT OF ENERGY
1000 Independence Ave., SW
Washington, DC 20585

THE DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT
451 7th Street, SW
Washington, DC 20410

PRESIDENTAL TOWERS BEVERLY HILLS PROPERTIES
3100 West 3rd Street, #331
Los Angeles, CA 90029

DIAMOND MANAGEMENT GROUP, INC.
7205 Hollywood Boulevard, #204
Los Angeles, CA 90046

BERNSTEIN MANAGEMENT CORPORATION
1300 Massachusetts Ave., #607
Washington, DC 90005

THE DEPARTMENT OF HOUSEING & URBAN DEVELOPMENT
The Wanamaker Building
100 Penn Square East
Philadelphia, PA 19107

_/s/ David B. Stratton_____
David B. Stratton

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | | |
|---|---|---|
| **MARCIA LORRAINE MADDEN,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No.: 2012 CA 002077 M |
| | * | Hon. Michael L. Rankin |
| **THE DISTRICT OF COLUMBIA** | * | |
| **VETERANS MEDICAL CENTER,** *et al.,* | * | Initial Conf:  6/1/2012 |
| | * | |
| Defendants. | * | |

### *Defendant Lakeside Behavioral Treatment, Inc.'s*
### *Memorandum of Points and Authorities in Support of*
### *Motion to Dismiss Under Rules 12(b)(2) and 12(b)6),*
### *Or in the Alternative, Motion for More Definite Statement*

Defendant Lakeside Behavioral Treatment, Inc. ("Lakeside"), by counsel and pursuant to
Superior Court Rule 12(b)(2), 12(b)(5), 12(b)(6),and 12(e), submits the following Statement of
Grounds and Authorities in support of its motion to dismiss for lack of personal jurisdiction and
failure to state a claim upon which relief can be granted, or in the alternative, for a more definite
statement.

### *I. Introduction*

1.     The Plaintiff has sued over 40 defendants in this action, based on the bare and
conclusory allegations of "abuses/assaults; injustices/reprisals; employment discriminations and
terminations; slander and libel; defamations; invasion of privacy; malpractice; false
imprisonments; [and] intentional infliction of emotional distress."  See Complaint, p. 1. The
Complaint does not set forth any supporting factual allegations whatsoever.  Rather, the
Complaint consists only of a bare laundry-list of causes of action.

2.     Defendant Lakeside Behavioral Healthcare, Inc. is a private, not-for-profit 501(c)(3) charitable organization that provides comprehensive community behavioral healthcare services to the Orange County, Florida community.  See Exhibit 1 (Affidavit of Sharon Wiss-Jacob), attached, at ¶ 2.

3.     Lakeside began as Mental Health Services of Orange County, a community-based agency formed when four local providers joined together in 1983. In 1991, Mental Health Services of Orange County adopted the name Lakeside Alternatives to reflect a major reorganization and new facilities.  In 2006, Lakeside Alternatives changed its name to Lakeside Behavioral Healthcare. Id., at ¶ 3.

4.     Lakeside does not regularly do business or solicit any business in the District of Columbia, and has never regularly transacted any business in the District of Columbia.  At no time has Lakeside ever engaged in any other persistent course of conduct, or derived substantial revenue from goods used or consumed, or services rendered, in the District of Columbia. Id. at ¶ 4.

5.     All of Lakeside's facilities and offices are located in Orlando, Florida. Id., at ¶ 5.

6.     Lakeside does not have an interest in, use, or possess any real property in the District of Columbia. Id., at ¶ 6.

7.     All services that Lakeside and its staff provided to the Plaintiff, Marcia Lorraine Madden, were provided in Florida.  Lakeside provided no services to Marcia Lorraine Madden in the District of Columbia.  Id., at ¶ 7.

8.     Lakeside's records indicate that Marcia Lorraine Madden has not received services from Lakeside or its staff since March, 2007. Id., at ¶ 8.

9.     Lakeside denies that any act alleged in the Complaint to have taken place in the District of Columbia was performed by anyone who was acting as its agent. Id., at ¶ 9.

## II. This Court Lacks Personal Jurisdiction Over Lakeside Behavioral Healthcare, Inc., And The Complaint Against Lakeside Should Be Dismissed under SCR 12(b)(2)

The Complaint must be dismissed as to Defendant Lakeside Behavioral Heathcare, Inc., for lack of personal jurisdiction. The Plaintiff bears the burden of proving that the court may establish personal jurisdiction over the defendant. *Harris v. Omelon*, 985 A.2d 1103, 1105 (D.C. 2009). Yet, the Complaint is devoid of any statement whatsoever that would provide a basis for the exercise by this Court of personal jurisdiction over Lakeside. The Plaintiff utterly failed to meet her burden to establish the basis for the exercise of this Court's jurisdiction.

The plaintiff must put forth specific facts to support the assertion of personal jurisdiction. *Moore v. Motz*, 437 F. Supp. 2d 88, 91 (D.D.C. 2006).

The District provides for two forms of personal jurisdiction: general jurisdiction and specific jurisdiction. Either form of personal jurisdiction extends to the limits of constitutional due process.

The District allows a court to exercise general personal jurisdiction over any defendant that is "domiciled in, organized under the laws of, or maintaining his or its principal place of business in, the District of Columbia . . ." D.C. Code § 13-422. The test for determining if a defendant meets the requirements of Section 13-422 is whether the defendant's contacts with the District are "continuous and systematic." *Gorman v. Ameritrade Holding Corp*, 293 F.3d 506, 509 (D.C. Cir. 2002). If the court has general jurisdiction under Section 13-422 any action may be brought against the defendant. However, demonstrated by the attached affidavit, Lakeside does not have continuous and systematic contacts with the District.

3

In the alternative, D.C. Code § 13-334 (a) may confer general jurisdiction over corporations "doing business" in the District of Columbia. *Gonzalez v. Internacional de Elevadores, S.A.,* 891 A.2d 227, 232 (D.C. 2006). This statute cannot apply because Lakeside is not doing business in the District of Columbia. In any event, to comply with the mandate of § 13-334, service must be effected within the District of Columbia. *Id.* Service within the District was not accomplished here, and cannot be effected in the District since Lakeside is not located in the District of Columbia. (To the extent that Plaintiff purports to establish jurisdiction by service under §13-334(a), Lakeside moves to dismiss under Rule 12(b)(5) for insufficient service of process, on the grounds that mailing the summons and complaint to Lakeside in Florida does not comply with the statute.)

Specific jurisdiction is obtained through the District's long-arm statute, which allows personal jurisdiction over a claim that arises from a defendant transacting business in the District; contracting to supply services in the District; causing tortious injury in the District; whether the act or omission occurred inside or outside of the District; having a property interest in real property in the District; contracting to insure or act as surety within the District of Columbia, unless otherwise provided in writing; or certain family relationships. D.C. Code §13-423(a). If jurisdiction is obtained pursuant to Section 13-423, then only the specific claims for relief arising from the actions allowing jurisdiction may be adjudicated by District courts. *Id.* at §13-423(b).

Plaintiff attempts to subject Lakeside, a not-for-profit charitable corporation that provides services only in Florida, to the jurisdiction of this Court, without providing any factual or legal basis for this Court's exercise of jurisdiction. As discussed above, at no relevant time has Lakeside engaged in the regular course of its business in the District of Columbia. Therefore,

Lakeside is not amenable to personal jurisdiction in the District of Columbia unless service complies with the District of Columbia long-arm statute. D.C. Code Ann., § 13-423 (1981).[4]

Moreover, the law clearly imposes on the plaintiff the burden of proving a sufficient basis for the assertion of long-arm jurisdiction over a nonresident defendant. *Reuber v. United States*, 750 F.2d 1039, 1052 (D.C. Cir. 1984); *Coalition On Sensible Transportation, Inc. v. Dole*, 631 F.Supp. 1382, 1383 (D.D.C. 1986); *Lott v. Burning Tree Club, Inc.*, 516 F.Supp. 913, 915 (D.D.C. 1980).

The Plaintiff has not and cannot met her burden with respect to Lakeside. Lakeside provides healthcare services in Florida only. There is no allegation in the Complaint which would provide a basis for the exercise of personal jurisdiction over Lakeside in the District of Columbia. There is no assertion that the Plaintiffs' claim for relief arises from Lakeside's transacting of business or contracting to supply services in the District of Columbia, thus eliminating D.C. Code §§ 13-423(a)(1) and (2) from consideration. Additionally, because the

---

[4]    D.C. Code Ann., § 13-423 provides, in pertinent part, that:

   (a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim  for relief arising from the person's
   --

      (1) transacting any business in the District of Columbia;
      (2) contracting to supply services in the District of Columbia;
      (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;
      (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;
      . . .

   (b) When jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him.

Complaint does not set forth any tortious injury in the District of Columbia, there is no basis for jurisdiction under § 13-423(a)(3) and (4).

Moreover, even if Plaintiff were able to establish injury in the District, she could not establish that Lakeside had the requisite regular contact with the District as provided under § 13-423(a)(4). Finally, Plaintiff has not contended that Lakeside had any other basis for long-arm jurisdiction in the District of Columbia, under § 13-423(a)(5)-(7).

In addition, D.C. Code § 13-423(b) provides that:

> When jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him.

Thus, this provision bars claims "unrelated to the acts forming the basis for personal jurisdiction." *Willis v. Willis*, 655 F.2d 1333, 1336 (D.C. Cir. 1981).

Even assuming, arguendo, that the Plaintiff can satisfy the statutory requirements of the District of Columbia long-arm statute (although Lakeside has demonstrated that she cannot), any assertions of jurisdiction over Lakeside must also satisfy the constitutional due process requirements. *Lott*, 516 F.Supp. at 915. The exercise of jurisdiction in the District of Columbia must be compatible with due process, which requires that a putative defendant have "minimum contacts" with the forum. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

The defendant's "conduct and connection with the forum state [must be] such that [it] should reasonably anticipate being hauled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980). This requirement is satisfied "if the defendant has 'purposefully directed' [its] activities at residents of the forum . . . and the litigation results from the alleged injuries that 'arise out of or relate to' those activities." *Burger King v. Rudzewicz*, 471 U.S. 462, 472 (1985). There must be a "substantial connection" between the defendant and the forum state necessary for a finding of minimum contacts and that connection must come about

by an action of the defendant 'purposefully directed' toward the forum state. *Austed Co. v. Pennie & Edmonds*, 823 F.2d 223, 226 (8th Cir. 1987), *citing Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102 (1987). Thus, in *Hughes v. A.H. Robins Co., Inc.*, 490 A.2d 1140, 1149 (D.C. 1985), where the defendant's activities in the District of Columbia had not been both substantial and continuous, it had not had the requisite minimum contacts so as to subject it to jurisdiction.

Here, of course, Plaintiff sets forth no facts whatsoever to support personal jurisdiction over Lakeside, and has not satisfied the "minimum contacts" requirement of the due process clause of the Fifth Amendment.

Nor has Plaintiff even shown sufficient grounds to seek jurisdictional discovery. Rather, "[t]he determination whether to permit jurisdictional discovery is confided solely to the sound discretion of the trial court . . . in order to be entitled to jurisdictional discovery, a plaintiff must have at least a good faith belief that discovery will enable him to show that the court has personal jurisdiction over the defendant." *Flocco v. State Farm Mut. Ins. Co.*, 752 A.2d 147, 164 n. 23 (D.C. 2000). Where it is clear that discovery is unlikely to lead to a showing of proper personal jurisdiction, the court has full discretion to dismiss the case.

Because the Plaintiff utterly fails to set forth an adequate factual basis for personal jurisdiction in the District of Columbia, Defendant Lakeside Behavioral Healthcare, Inc., moves this Court to dismiss the Complaint against it pursuant to Rule 12(b)(2).

### *III. The Complaint Fails To State A Cause Of Action Upon Which Relief Can Be Granted Against Lakeside*

Rule 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

The District of Columbia Court of Appeals has recently indicated that the Twombly -

Iqbal standard applies as the law of this jurisdiction. In *Mazza v. Housecraft LLC*, 18 A.3d 786

(D.C.), *vacated as moot*, 22 A.3d 820 (D.C. 2011), the D.C. Court of Appeals expressly adopted

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

While the *Mazza* opinion was vacated when the Court discovered that the matter had settled

before the opinion was issued, the Court of Appeals has subsequently referred to the Mazza

opinion as "persuasive," and has in effect adopted the *Iqbal* and *Twombly* standards for a second

time. *See Potomac Dev. Corp. v. District of Columbia*, 28 A.3d 531, 544 n. 4 (D.C. 2011).

This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me

accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (U.S. 2009). A complaint should contain

more than mere "labels and conclusions," or "naked assertions devoid of further factual

enhancement." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (U.S. 2007)). To survive a

motion to dismiss requires that "a complaint must contain sufficient factual matter, accepted as

true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. 544)

(emphasis added).

In *Twombly*, the Court noted that

> a court considering a motion to dismiss can choose to begin by identifying
> pleadings that, because they are no more than conclusions, are not entitled to the
> assumption of truth. While legal conclusions can provide the framework of a
> complaint, they must be supported by factual allegations.

*Id.* Stated somewhat differently, "[t]hreadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice," and a complaint that provides no more

than "labels and conclusions" is insufficient. *Twombly*, 550 U.S. at 555.

When the facts of the complaint "do not permit the court to infer more than the mere

possibility of misconduct," the pleader is not entitled to relief. *Iqbal*, 129 S. Ct. at 1950. Under

both *Iqbal* and *Twombly*, the complaint must contain well-plead factual allegations as an initial matter, [and must] plausibly give rise to an entitlement for relief.

Thus, in analyzing a Complaint under Rule 12(b)(6), the court is to follow a two-pronged approach. First, the court determines whether the Complaint includes well-pleaded factual allegations as an initial matter, and second, whether such allegations plausibly give rise to an entitlement to relief.

In the case at bar, the Plaintiff has not stated any facts whatsoever in support of her Complaint. This is particularly egregious given that she has named over 40 defendants. Thus, the Complaint fails the first part of the test.

The Complaint also fails the second part of the test, as there are no allegations which plausibly give rise to an entitlement to relief. This is especially the case concerning Lakeside, which last provided any treatment to Plaintiff in 2007.

To the extent the Complaint purports to raise slander, libel, defamation, and invasion of privacy claims against Lakeside, it fails to state a claim against Lakeside upon which relief can be granted. As stated in *Wiggins v. Phillip Morris, Inc.*, 853 F. Supp. 470, 478 (D.D.C. 1994):

> All averments of defamation must be plead with particularity. *See Hoffman v. Hill and Knowlton, Inc.*, 777 F. Supp. 1003, 1005 (D.D.C. 1991)(quoting *Asay v. Hallmark Cards, Inc.*, 594 F.2d 692, 699 (8th Cir. 1979))("[T]he use of in hac verba pleadings on defamation charges is favored . . . because generally knowledge of the exact language used is necessary to form responsive pleadings.") . . . . Conclusory allegations are insufficient to state a claim. . . . A plaintiff should plead the time, place, content, speaker, and listener of the alleged defamatory matter. . . . .

*Id*. (cites omitted). The Complaint at bar utterly fails to meet this standard. To the contrary, it only consists of a laundry list of bare, conclusory claims.

The Plaintiff's claims against Lakeside also fail to state a claim because she has not asserted these claims within the applicable statute of limitations. For libel, slander, assault, and

false imprisonment, the statute of limitations in the District is **one year**. D.C. Code Ann., § 12-301(4). For constitutional torts, the District of Columbia's three-year statute of limitations applies. *See Gordon v National Youth Work Alliance*, 675 F.2d 356, 358 N.1 (D.C. Cir. 1982); *Logiurato v. Action*, 490 F.Supp. 84 (D.D.C. 1980). For other the other causes of action, thee general statute of limitations of three years applies. D.C. Code Ann., § 12-301(8).

As Lakeside's affidavit establishes, Lakeside has not provided any services to the Plaintiff since 2007, more than three years before the Complaint in the matter at bar was filed.

Accordingly, Plaintiff's Complaint as against Defendant Lakeside Behavioral Healthcare, Inc. fails to state a cause of action upon which relief can be granted, and should be dismissed.

### *IV. In the alternative, Lakeside moves for a more definite statement*

As demonstrated above, the Complaint must be dismissed against Lakeside for lack of personal jurisdiction and for failure to state a claim upon which relief can be granted. For the reasons set forth above, it would be fruitless and a waste of the resources of the Court and the parties to allow Plaintiff to amend her complaint as to Lakeside.

In the alternative that the Court denies Lakeside's motion to dismiss, then Lakeside moves for a more definite statement under Rule 12(e) on the grounds that the Complaint is so vague and ambiguous, and so devoid of any facts, that Lakeside cannot reasonably be required to frame a responsive pleading. The Complaint contains no factual allegations as to what Lakeside is alleged to have done or failed to do, and fails to provide Lakeside with notice as to which claims are directed against Lakeside and which claims are directed at the numerous other defendants only. Further, with regard to the claims of libel, slander, assault, false imprisonment, defamation, and invasion of privacy, Ms. Madden should be specifically required to plead the times, places, content, speaker, and listeners of the alleged defamatory matter or invasions of

privacy, and should be specifically required to plead the dates, times, and places where she allegedly was assaulted or falsely imprisoned, and the identities and employers of the persons who allegedly committed these acts.

## V. *Conclusion*

For all of the foregoing reason, Defendant Lakeside Behavioral Healthcare, Inc., respectfully requests that the Complaint against it be dismissed with prejudice, and that the Court grant such other relief as it deems just.

Respectfully submitted,

JORDAN COYNE & SAVITS, L.L.P.

By: _/ s / David B. Stratton_ _ _ _ _ _ _ _ _
   David B. Stratton
   #413358
   1100 Connecticut Avenue, NW
   Suite 600
   Washington, D.C. 20036
   (202) 496-2807
   d.stratton@jocs-law.com
   Counsel for Defendant Lakeside Behavioral
   Healthcare, Inc.

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

**MARCIA LORRAINE MADDEN,**            *
                                       *
      Plaintiff,                *
                                       *
  v.                                   *    Case No.: 2012 CA 002077 M
                                       *    Hon. Michael L. Rankin
**THE DISTRICT OF COLUMBIA**           *
**VETERANS MEDICAL CENTER,** *et al.,* *    Initial Conf:  6/1/2012
                                       *
      Defendants.              *

## <u>O R D E R</u>

Upon consideration of the Motion To Dismiss, Or In The Alternative Motion For A More

Definite Statement submitted for filing on behalf of the Defendant, Lakeside Behavioral

Healthcare, Inc., any Opposition thereto and the entire record herein, it is, by this Court, this

_____ day of _____, 2012

ORDERED, that the Motion be, and the same hereby is GRANTED; and, it is further

ORDERED, that Plaintiff's Complaint is hereby dismissed.


                            _____ \_ \_ \_
                            JUDGE MICHAEL RANKIN

<u>Copies Via Electronic Service to</u>:

David B. Stratton, Esquire

Copies Via U.S. Mail to:

Marcia Lorraine Madden
142 Michigan Ave., N.E., Apt. 11U
Washington, D.C. 20017-1024

The District of Columbia Veterans Medical Center, Defendant
50 Irving Street, NE
Washington, DC 20422

ORLANDO VETERANS MEDICAL CENTER
5201 Raymond Street
Orlando, FL 32803

ATLANTA VETERANS MEDICAL CENTER
1670 Clairmont Road
Decatur, GA 30033

PRIMARY & EXTENDED CARE CENTER – QUEENS
179-00 Linden Boulevard
Queens, New York 11425

NY HARBOR HEALTHCARE SYSTEM @ BROOKLYN VETERANS
MEDICAL CENTER
800 Poly Place
Brooklyn, NY 11209

CALIFORNIA VETERIANS REGIONAL OFFICE, MEDICAL CTR.
1100 Wilshire Boulevard
Los Angeles, CA 90024

NEW YORK STATE DIVISION OF HUMAN RIGHTS
One Fordham Plaza, 4th Floor
Bronx, NY 10458

NEW YORK DISTRICT EEOC OFFICE
33 Whitehall Street, 5th Floor
New York, NY 10004

Atlanta District EEOC Office
100 Alabama Street, SW
Suite 4R30
Atlanta, GA 30303

MOUNTAIN HOME AIR FORCE BASE HOSPITAL & MEO OFFICE
90 Hope Drive
Mountain Home, ID 83648

GREADY HEALTH SYSTEM (GRADY MEMORIAL HOSPITAL)
80 Jesse Hill Drive
Atlanta, GA 30303

ATLANTA MEDICAL CENTER (TECET HEALTH)
303 Parkway Drive, NE
Atlanta, GA 30312

NURSEFINDERS (EMORY UNIVERSITY HOSPITAL EMPLOYEE)
2221 Peachtree Road, NE
Atlanta, GA 30309

SUPPLEMENTAL HEALTHCARE (NORTH FULTON HOSPITAL)
4243 Dunwoody Club Drive
Atlanta, GA 30350

NORTHSIDE HOSPITAL
1000 Johnson Ferry Road NE
Atlanta, GA 30342

GEORGIA DEPARTMENT OF LABOR
2211 Beaver Ruin Road
Suite 160
Norcross, GA 30071

SAIJBSON INC./ALPHA NURSING SERVICES
777 Cleveland Avenue, Suite 301 & Suite 306
Atlanta, GA 30315

LAUREL BAYE HEALTH CARE OF LAKE LANIER
2451 Peachtree Industrial Boulevard
Buford, GA 30518

ALL MEDICAL PERSONAL (EMORY CHILDREN'S CLINIC)
1961 N Druid Hills Road NE
Atlanta, GA 30329

DULUTH MEDICAL SERIVCES
3883 Rogers Bridge Road
Duluth, GA 30096

GEORGIA REGIONAL HOSPITAL
3498 Rogers Bridge Road
Duluth, GA 30096

JOAN GLANCEY MEMORIAL HOSPITAL (ER PATIENT)
3215 McClure Bridge Road
Duluth, GA 30096

GEORGIA REGIONAL HOSPITAL- ACUTE CARE/MH
3073 Panthersville, Road
Decatur, GA 30034

PEDIATRIC SERVICES OF AMERICA
350 Technology Parkway
Norcross, GA 30092

QUEENS HOSPITAL CENTER
82/68 164th Street
Jamaica, NY 11432

SUNY HEALTH SCIENCE CENTER AT SYRACUSE
750 E Adams Street
Syracuse, NY 13210

CROUSE IRVING MEMORIAL HOSPITAL
736 Irving Ave.
Syracuse, NY 13210

COMMUNITY GENERAL HOSPITAL
4900 Broad Road
Syracuse, NY 13215

BENJAMIN RUSH CENTER
650 South Salina Street
Syracuse, NY 13202

ST. JOHN'S EPISOPAL HOSPITAL, SOUTH SHORE
327 Beach 19th Street
Far Rockaway, NY 11691

GWINNETT COUNTY POLICE DEPARTMENT
3125 Satellite Boulevard
Duluth, GA 30096

FULTON COUNTY (CRIMINAL WARRANTS DIVISIONS)
160 Pryor Street, SW
Atlanta, GA 30303

FULTON COUNTY (CRIMINAL WARRANTS DIVISIONS)
185 Central Avenue, SW#T9500
Atlanta, GA 30303

FULTON COUNTY JAIL
901 Rice Street
Atlanta, GA 30318

ORANGE COUNTY COURTHOUSE
425 N Orange Ave.
Orlando, FL 32801

THE DEPARTMENT OF COMMERCE
1615 H Street NW
Washington, DC 20062

THE DEPARTMENT OF TRANSPORTATION
1200 New Jersey Ave., SE
Washington, DC 20590

HOLLYWOOD MOVERS
Address Unknown

THE DEPARTMENT OF ENERGY
1000 Independence Ave., SW
Washington, DC 20585

THE DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT
451 7th Street, SW
Washington, DC 20410

PRESIDENTAL TOWERS BEVERLY HILLS PROPERTIES
3100 West 3rd Street, #331
Los Angeles, CA 90029

DIAMOND MANAGEMENT GROUP, INC.
7205 Hollywood Boulevard, #204
Los Angeles, CA 90046

BERNSTEIN MANAGEMENT CORPORATION
1300 Massachusetts Ave., #607
Washington, DC 90005

THE DEPARTMENT OF HOUSEING & URBAN DEVELOPMENT
The Wanamaker Building
100 Penn Square East
Philadelphia, PA 19107

<u>AFFIDAVIT OF SHARON WISS-JACOB, LHRM</u>

STATE OF FLORIDA    )
                    )
COUNTY OF ORANGE    )

I, Sharon Wiss-Jacob, LHRM, having personal knowledge of the facts contained herein or having obtained knowledge of these facts through the course of my official duties at Lakeside Behavioral Healthcare, Inc., being over the age of eighteen (18) years and otherwise being competent to testify in this matter, hereby swear and affirm, under penalties of perjury, that the following is true:

1.    I am employed by Lakeside Behavioral Healthcare, Inc. ("Lakeside"), where I am the Acting Manager of Quality & Risk Management.  For purposes of preparing this affidavit, I have pulled and reviewed Lakeside's medical chart concerning Marcia Lorraine Madden.

2.    Lakeside Behavioral Healthcare, Inc. is a private, not-for-profit 501(c)(3) charitable organization that provides comprehensive community behavioral healthcare services to the Orange County, Florida community.

3.    Lakeside began as Mental Health Services of Orange County, a community-based agency formed when four local providers joined together in 1983. In 1991, Mental Health Services of Orange County adopted the name Lakeside Alternatives to reflect a major reorganization and new facilities.  In 2006, Lakeside Alternatives changed its name to Lakeside Behavioral Healthcare.

4.    Lakeside does not regularly do business or solicit any business in the District of Columbia, and has never regularly

EXHIBIT 1

transacted any business in the District of Columbia. At no time has Lakeside ever engaged in any other persistent course of conduct, or derived substantial revenue from goods used or consumed, or services rendered, in the District of Columbia.

5. All of Lakeside's facilities and offices are located in Orlando, Florida.

6. Lakeside does not have an interest in, use, or possess any real property in the District of Columbia.

7. All services that Lakeside and its staff provided to the Plaintiff, Marcia Lorraine Madden, were provided in Florida. Lakeside provided no services to Marcia Lorraine Madden in the District of Columbia.

8. Lakeside's records indicate that Marcia Lorraine Madden has not received services from Lakeside or its staff since March, 2007.

9. Lakeside denies that any act alleged in the Complaint to have taken place in the District of Columbia was performed by anyone who was acting as its agent.

FURTHER THIS AFFIANT SAYETH NOT.

_L H R M_

Sharon Wiss-Jacob, LHRM

Subscribed and sworn to before me by Sharon Wiss-Jacob, LHRM, this _27_ day of March, 2012.

Notary Public

My Commission Expires:

#DD 968829

2



FILED
RECEIVED BY MAIL
MAR 3 0 2012 gw
Superior Court
of the District of Columbia
Washington, D.C.



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

MARCIA CORRAINE
MADDEN _Plaintiff(s)_

v.

Case No: 0002077-12

THE DISTRICT OF COLUMBIA VETERANS
MEDICAL _Defendant(s)_
CENTER, et al.

**NOTICE**

To (insert name and address of the party to be served):
ATLANTA MEDICAL CENTER
(MARY WALTER)
303 PARKWAY DRIVE NE
ATLANTA, GA 30312

The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

You must sign and date the Acknowledgement (below). If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate next to your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate next to your signature your authority.

If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be entered against you for the relief demanded in the complaint.

This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date): MAR 0 9 2012.

_____      MAR 0 9 2012
_Signature_                _Date of Signature_

**ACKNOWLEDGMENT OF RECEIPT OF SUMMONS, COMPLAINT, AND INITIAL ORDER**

I (print name) Kevin A. Spanhow received a copy of the summons, complaint and initial order in the above captioned matter at (insert address): Tenet Healthsystems GA, Inc.
303 Parkway Drive N.E., Ste 200
Atlanta, Georgia 30312

_____   Counsel for Defendant   3-29-12
_Signature_             _Relationship to Defendant/Authority_   _Date of Signature_
                        _to Receive Service_

Para pedir una traducción, llame al (202) 879-4828
Để xin một bản dịch, hãy gọi (202) 879-4828

ናዚ ዝተርጎመ ትቕበሉ ወይከኣ ትደልዩ (202) 879-4828 ደውሉ

Pour une traduction, appelez au (202) 879-4828
번역을 원하시면, (202) 879-4828 로 문의하십시오

181 14th Street N.E.
Ste. 200
Atlanta, Georgia 30309





tip A7

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

MARCIA LORRAINE
MADDEN _Plaintiff(s)_

v.

Case No: __0002077-12__

THE DISTRICT OF COLUMBIA VETERANS
MEDICAL _Defendant(s)_
CENTER, et al.

**NOTICE**

FILED ORD
CIVIL ACTIONS BRANCH
MAR 2 9 2012
Superior Court
of the District of Columbia
Washington, DC.

To (insert name and address of the party to be served):
SALISBSON INC./ALPHA
NURSING SERVICES
777 CLEVELAND AVE.
ATLANTA, GA 30315

The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

You must sign and date the Acknowledgement (below). If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate next to your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate next to your signature your authority.

If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be entered against you for the relief demanded in the complaint.

This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date): __MAR 0 9 2012__.

MAR 2 0 2012

_____
_Signature_

_____
_Date of Signature_

**ACKNOWLEDGMENT OF RECEIPT OF SUMMONS, COMPLAINT, AND INITIAL ORDER**

I (print name) __SAHEED ASHOGBON__ received a copy of the summons, complaint and initial order in the above captioned matter at (insert address): __777 CLEVELAND AVENUE__
__ATLANTA, GEORGIA 30315__

_____
_Signature_

CEO
_Relationship to Defendant/Authority to Receive Service_

__3/27/12.__
_Date of Signature_

Para pedir una traducción, llame al (202) 879-4828
Để có một bản dịch, hãy gọi (202) 879-4828

如需翻译,请打电话 (202) 879-4828
የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

Veuillez appeler au (202) 879-4828 pour une traduction
번역을 원하시면 

Filed
D.C. Superior Court
12 Mar 29 P12:02
Clerk of Court

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**

MARCIA LORRAINE MADDEN       :
                            :
    Plaintiff,              :       Case No. 2012 CA 002077 M
                            :       Judge Michael L. Rankin
       v.                   :       Next Event: Initial Conference 6/01/12
                            :
DISTRICT OF COLUMBIA         :
VETERANS MEDICAL CENTER *et al.*  :
                            :
    Defendants.            :

## ORDER DENYING PLAINTIFF'S MOTIONS FOR ATTORNEY APPOINTMENT AND FOR PRIVATE INVESTIGATOR

This matter is before the court on plaintiff's "Motion for Attorney Appointment" and "Motion for Private Investigator". There is no statutory or common law basis for the court to take either action requested. A litigant is only entitled to have counsel appointed in criminal cases. Here, plaintiff has filed a civil action against the defendants and has no right to a court-appointed attorney. Accordingly, it is, this 29th day of <u>March</u>, 2012, hereby

    **ORDERED**, that plaintiff's motions for Attorney Appointment and Private Investigator are hereby **DENIED**.

    **SO ORDERED.**

_____
Michael L. Rankin, Associate Judge

Copies to:
Marcia Lorraine Madden
142 Michigan Ave, NE
Washington, DC 20017

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

MARCIA LORRAINE MADDEN
*Plaintiff*
142 Michigan Ave NE Unit
Washington, vs. DC 20017-1024

CIVIL ACTION NO. 0002077-12

THE DISTRICT OF COLUMBIA
VETERANS MEDICAL CENTER
et al.    *Defendants*
50 Irving St NW
Washington, DC 20422    **AMENDED COMPLAINT**

FILED
CIVIL ACTIONS BRANCH

MAR 23 2012

Superior Court
of the District of Columbia
Washington, D.C.

1. Jurisdiction of this court is founded on D.C. Code Annotated, 2001 edition, as amended, Sec. 11-921.

Complaint: Abuses\Assaults; Injustices/Reprisals;
Employment Discriminations and Terminations; Slander
and Libel; Defamation; Invasion of Privacy; Malpractice
False Imprisonments; Intentional Infliction of
Emotional Distress
Claim for Damages, Injuries, Other's February 29, 2012

Wherefore, Plaintiff demands judgment against Defendant in the sum of $ 37,000,000 .
with interest and costs.

202-518-0157/202-705-6630
Phone:

DISTRICT OF COLUMBIA, SS

MARCIA LORRAINE MADDEN , being first duly sworn on oath deposes and says that the
foregoing is a just and true statement of the amount owing by defendant to the paintiff, exclusive of all
set-off and just grounds of defense.

Marcia Lorraine Madden
(Plaintiff)                                   (Agent)

Subscribed and sworn to before me this 23rd day of March 20 12.

_____
(Notary Public/Deputy Clerk)

Case: 2012 SA 002077 M
000445?4583
Blt: CIVAC

SUPERIOR COURT OF THE
DISTRICT OF COLUMBIA

40) Department of Energy
• Los Angeles (LADWP)
• Dist. of Col. (Pepco)

{ 1000 Independence Avenue, S.W.
Washington, DC 20585 }

39) HOLLYWOOD MOVERS

*Address Unknown*

20) ALL Medical Personnel
( Emory Children's Clinic and
Elaine Clark Center )

1961 North Druid Hills Road
{ Atlanta, Georgia 30329 }

MARCIA LORRAINE MADDEN
*Plaintiff*

vs.

District of Columbia
Veterans Medical Center *Defendant*
et. al.

FILED
CIVIL ACTIONS BRANCH

MAR 02    No.

Superior Court
of the District of Colombia
Washington, DC.

0002077-12

## MOTION - (Pro-Se)

MOTION OF: MARCIA LORRAINE MADDEN for PRIVATE INVESTIGATOR

(State briefly what you want the Court to do)   I would like a private
investigator to find **all facts** and clarify all omissions
commissions in my case, i.e. MISSING / UNACCOUNTED
Textbooks, other Reading material/Aides/Addresses/ Process Service

Printed name: MARCIA LORRAINE MADDEN   Signature: Marcia Lorraine Madden
Address: 142 Michigan Ave NE    Home phone no. 202)518-0157/202)7056
Washington DC 20017 (USA)   Business phone no.

## CERTIFICATE OF SERVICE

On March 01 _____ 20 12, I mailed this motion to all the lawyers in the case,
the plaintiff(s) and the defendant(s) who do not have lawyers, as listed below:

Name: District of Columbia
Veterans Medical Center et al.

Address: 50 Irving Street NW
Washington, DC 20422

Name: Orlando Veteran's Medical Center

Address: 5201 Raymond Street
Orlando FL 32803

Marcia Lorraine Madden
Signature

## POINTS AND AUTHORITIES

(Write the reasons why the Court should grant your motion and include Court rules, laws and cases, if any, that support your reasons.)

18 U.S.C. 3231 ; 18. U.S.C. 3232 ; 18 U.S.C 2323
42 U.S.C. 2000 e) 2,3 - 8 U.S.C 1182 ' 8 U.S.C 1182
24 U.S.C (Hospitals and Psychiatric Asylums)
21 USC 341, 243; 21 U.S.C 71 ; 18 USC 7, 42 u.s.C (Public Health
18 USC (Federal Crimes, Penalties and Prisons   and Welfare

Marcia Lorraine Madden
Signature

Case: 2012 CA 002877 N

_MARCIA LORRAINE MADDEN_
_____
Plaintiff

0002077-12

vs.

Civil Action No._____

_DISTRICT OF COLUMBIA_
_Veterans Medical Center_ Defendant
_et. al._

## ORDER

Upon consideration of the motion _PRIVATE INVESTIGATOR_

filed by _MARCIA LORRAINE MADDEN_

and after hearing argument on behalf of all parties concerned, it is, by the Court, this _____

day of _____, 20 _____,

ORDERED:

(1) That the motion be, and it is hereby, ☐ GRANTED ☐ DENIED

(2) That _____

_____

_____

_____

_____

_____

Copies to:

_____
JUDGE

Form CV-545/Apr.03

# Superior Court of the District of Columbia
## CIVIL DIVISION

FILED
CIVIL ACTIONS ~ANCH
MAR 0 2
000 2077-12
Supe... ...art
of the District of Columbia
Washington, DC.

MARCIA LORRAINE MADDEN
*Plaintiff*

vs.

THE UNITED STATES FOR
THE DISTRICT OF COLUMBIA Veterans medical Center et. al.
et. al.
*Defendant*

## MOTION - (Pro-Se)

MOTION OF: MARCIA LORRAINE MADDEN for ATTORNEY APPOINTMENT.

(State briefly what you want the Court to do) I would want the court
to assign and appoint an attorney, who defend
my case. My complaint involves all matters
civil and criminal.

Printed name: MARCIA LORRAINE MADDEN

Signature: *Marcia Lorraine Madden*

Address: 142 Michigan Ave NE U11
Washington, DC 20017-1024

Home phone no. 202-518-0157/202-705-6650

Business phone no.

## CERTIFICATE OF SERVICE

On MARCH, 01 20 12 I mailed this motion to all the lawyers in the case,
the plaintiff(s) and the defendant(s) who do not have lawyers, as listed below:
No

Name: District of Columbia Veterans Medical Center

Address: 50 Irving St. NW
Washington, D.C. 20422.

Name: Orlando Veterans Medical Center

Address: 5201 Raymond Street
Orlando, Florida 32803

*Marcia Lorraine Madden*
Signature

## POINTS AND AUTHORITIES

(Write the reasons why the Court should grant your motion and include Court rules, laws and cases, if any, that support your reasons.)

18 U.S.C 3231; 18 U.S.C. 3232; 18 U.S.C 2323
42 U.S.C 2000 e)2,3, 8 U.S.C. 1182; 8 US.1101
24 U.S.C (Hospitals and Asylums); 18 USC 7
21 U.S.C 341, 243; 21 U.S.C. 71; 42 USC (Public Health and Welfare)
18 USC (Federal Crimes; Penalties and Prisons)

*Marcia Lorraine Madden*
Signature

Case: 2012 CA 002077 M

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION
### Washington, D.C. 20001

MARCIA LORRAINE MADDEN
*Plaintiff*

vs.

Civil Action No. 0002077-12

~~The United States for The~~ District of Columbia et. al.
*Defendant* Veterans medical Center et-al.

## ORDER

Upon consideration of the motion ATTORNEY APPOINTMENT-(CRIMINAL)

filed by MARCIA LORRAINE MADDEN

and after hearing argument on behalf of all parties concerned, it is, by the Court, this _____

day of _____, 20 _____,

ORDERED:

(1) That the motion be, and it is hereby, ☐ GRANTED ☐ DENIED

(2) That _____

_____

_____

_____

_____

_____

Copies to:

_____
JUDGE

Form CV-545/Apr.03

# Super⎯ Court of the District of ⎯olumbia
## CIVIL DIVISION

MARCIA LORRAINE MADDEN
*Plaintiff*

**FILED**
CIVIL ACTIONS BRANCH
MAR 02 '12 No.
Super⎯ Court
of the District of Colombia
Washington, DC.

No. 0002077-12

vs.

District of Columbia
Veterans Medical Center *Defendant*
et. al,

## MOTION - (Pro-Se)

MOTION OF: MARCIA LORRAINE MADDEN for: PRIVATE INVESTIGATOR

(State briefly what you want the Court to do) I would like a private investigator to find all facts and clarify all omisions, comisions in my case, i.e. MISSING/UNACCOUNTED Textbooks, other Reading materials/Aides/Addresses/Process Service

Printed name: MARCIA LORRAINE MADDEN

Signature: *Marcia Lorraine Madden*

Address: 142 Michigan Ave NE Washington DC 20017 (UII)

Home phone no. 202)518-0157/202)705 66:

Business phone no.

## CERTIFICATE OF SERVICE

On March 01 20 12, I mailed this motion to all the lawyers in the case, the plaintiff(s) and the defendant(s) who do not have lawyers, as listed below:

Name: District of Columbia Veterans Medical Center et al.

Address: 50 Irving Street NW Washington, DC 20422

Name: Orlando Veterans Medical Center

Address: 5201 Raymond Street Orlando FL 32803

Signature: *Marcia Lorraine Madden.*

## POINTS AND AUTHORITIES

(Write the reasons why the Court should grant your motion and include Court rules, laws and cases, if any, that support your reasons.)

18 U.S.C. 3231; 18. U.S.C. 3232; 18 U.S.C 2323 42 U.S.C. 2000 e)2,3 - 8 U.S.C 1182; 8 U.S.C 1182 24 U.S.C (Hospitals and Psychiatric Asylums); 21 U.S.C 341, 243; 21 U.S.C 71; 18 U.S.C 7; 42 U.S.C (Public Health Welfare) 18 U.S.C (Federal Crimes, Penalties and Prison

Signature: *Marcia Lorraine Madden*

COMPLETED

Case: 2012 CA 002077 M
00044478743
Dkt: 619HF

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION
### Washington, D.C. 20001

MARCIA LORRAINE MADDEN
*Plaintiff*

vs.

0002077-12

Civil Action No._____

DISTRICT OF COLUMBIA
Veterans Medical Center *Defendant*
et. al.

## ORDER

Upon consideration of the motion _____PRIVATE INVESTIGATOR_____

filed by _____MARCIA LORRAINE MADDEN_____

and after hearing argument on behalf of all parties concerned, it is, by the Court, this _____

day of _____, 20 _____,

ORDERED:

(1) That the motion be, and it is hereby, ☐ GRANTED ☐ DENIED

(2) That _____

_____

_____

_____

_____

_____

Copies to:

_____
JUDGE

# Superior Court of the District of Columbia
## CIVIL DIVISION

FILED
CIVIL ACTIONS BRANCH
MAR 02
Superior Court
of the District of Columbia
Washington, DC.

000 2077-12

MARCIA LORRAINE MADDEN
*Plaintiff*

vs.

*Defendant*

~~THE UNITED STATES FOR~~
THE DISTRICT OF COLUMBIA Veterans medical Center et. al.
et. al.

## MOTION - (Pro-Se)

MOTION OF: MARCIA LORRAINE MADDEN for ATTORNEY APPOINTMENT

(State briefly what you want the Court to do) I would want the court to assign and appoint an attorney, who defend my case. My complaint involves all matters civil and criminal.

| | |
|---|---|
| Printed name: MARCIA LORRAINE MADDEN | Signature: Marcia Lorraine Madden |
| Address: 142 Michigan Ave NE U11 Washington, DC 20017-1024 | Home phone no. 202-518-0157/202-705663 |
| | Business phone no. |

## CERTIFICATE OF SERVICE

On MARCH, 01 20 12 I mailed this motion to all the lawyers in the case, the plaintiff(s) and the defendant(s) who do not have lawyers, as listed below:
Ve

| | |
|---|---|
| Name: District of Columbia Veterans Medical Center | Name: Orlando Veterans Medical Center |
| Address: 50 Irving St. NW Washington, D.C. 20422. | Address: 5201 Raymond Street Orlando, Florida 32803 |
| | Marcia Lorraine Madden |
| | Signature |

## POINTS AND AUTHORITIES

(Write the reasons why the Court should grant your motion and include Court rules, laws and cases, if any, that support your reasons.)

18 U.S.C 3231; 18 U.S.C. 3232; 18 U.S.C 2323
42 U.S.C 2000 e)2,3, 8 U.S.C. 1182; 8 U.S. 1101
24 U.S.C (Hospitals and Asylums); 18. USC 7
21 USC 341, 243; 21 U.S.C. 71; 42 USC (Public Health and Welfare)
18 USC (Federal Crimes; Penalties and Prisons)
Marcia Lorraine Madden
Signature

COMPLETED

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION
### Washington, D.C. 20001

MARCIA LORRAINE MADDEN
*Plaintiff*

vs.

Civil Action No. _0002077-12_

The United States for The District of Columbia et. al.
Veterans medical Center et. al.
*Defendant*

## ORDER

Upon consideration of the motion ATTORNEY APPOINTMENT – (CRIMINAL)

filed by MARCIA LORRAINE MADDEN _____

and after hearing argument on behalf of all parties concerned, it is, by the Court, this _____

day of _____, 20 _____,

ORDERED:

(1) That the motion be, and it is hereby, ☐ GRANTED ☐ DENIED

(2) That _____

_____

_____

_____

_____

_____

Copies to:

_____
JUDGE

Form CV-545/Apr.03



## SUPERIOR COURT OF THE DISTRICT OF CO
### CIVIL DIVISION

MARCIA LORRAINE MADDEN
142 Michigan Ave NE#11
Washington, DC 20017-1024 *Plaintiff*

*vs.*

0002077-12

CIVIL ACTION NO. _____

THE UNITED STATES FOR
THE DISTRICT OF COLUMBIA
Veterans Medical Center et. al.
50 Irving Ave NW *Defendants*
Washington DC 20017-1024

**COMPLAINT**

FILED
CIVIL ACTIONS BRANCH
MAR 0 2 2012
Superior Court
of the District
Washington, D.C.

1. **Jurisdiction of this court is founded on D.C. Code Annotated, 2001 edition, as amended, Sec. 11-921.**

COMPLAINT : ABUSES / ASSAULTS; INJUSTICES / REPRISALS;
EMPLOYMENT DISCRIMINATIONS AND TERMINATIONS; SLANDER
AND LIBEL; DEFAMATIONS; INVASION OF PRIVACY; MALPRACTICE
FALSE IMPRISONMENTS; INTENTIONAL INFLICTION OF
EMOTIONAL DISTRESS.
CLAIM FOR DAMAGES, INJURIES, Others FEBRUARY 29, 2012

Wherefore, Plaintiff demands judgment against Defendant in the sum of $ 37,000,000.
with interest and costs.

202-518-0157/202-705-6630.
**Phone:**

DISTRICT OF COLUMBIA, SS

Marcia Lorraine Madden, being first duly sworn on oath deposes and says that the
foregoing is a just and true statement of the amount owing by defendant to the plaintiff, exclusive of all
set-off and just grounds of defense.

Marcia Lorraine Madden
**(Plaintiff**                                                    **Agent)**

Subscribed and sworn to before me this ____2nd____ day of ____March____ 20_12_.

_____
**(Notary Public/Deputy Clerk)**

FORM CV-1013/ Nov. 00

**COMPLETED**

# Superior Court Of the District of Columbia

## "Certificate of Service"

## Defendants

① District of Columbia Veterans Medical Center
   50 Irving Street NW, Washington D.C. ~~20422~~

② Orlando Veterans Medical Center
   5201 Raymond Street, Orlando FL 32803.

③ Atlanta Veterans Medical Center
   1670 Clairmont Road, Decatur GA 30033.

④ Primary & Extended Care Center – Queens
   179th Street & Linden Blvd, St. Alban's N.Y. 11425.

⑤ ~~NYHHS~~ New York Harbor Healthcare System @ Brooklyn
   Veterans Medical Center
   800 Poly Place, Brooklyn NY 11209

⑥ California VA (veterans) Regional Office, Medical Center,
   & *Housing — VASH
   1100 Wilshire Blvd, Los Angeles, CA 90024

⑦ New York State Division of Human Rights. @ Syracuse
   One Fordham Road, Bronx, NY 10458

⑧ New York District EEOC Office
   33 Whitehall Street, NY 10004

Case No. _____

8) New York District EEOC Office
33 Whitehall St. New York, NY 10004

9) Atlanta District EEOC Office
100 Alabama Ave. Atlanta GA 30303.

10) Mountain Home Air Force Base Hospital & MEO Office
90 Hope Drive, Mountain Home, Idaho 83648

11) Grady Health System (Grady Memorial Hospital)
Human Resources Division/Legal Dept./Security Dept.
80 Jesse Hill Drive, Atlanta Georgia 30303

12) Atlanta Medical Center (Tenet Health)
303 Parkway Drive, NE Atlanta, GA 30312

13) Nursefinders (Emory University Hospital (Employee)
2-221 Peachtree Rd. NE, Atlanta GA 30309

14) Supplemental Healthcare (North Fulton Hospital)
(Northeast Georgia Medical Center)
4243 Dunwoody GA 30350.

15) Northside Hospital
1000 Johnson Ferry Rd. Atlanta GA 30342

16) Georgia Department of Labor
2211 Beaver Run Road Norcross GA 30021

17) Sajbson Inc./Alpha Nursing Services.
7777 Cleveland Ave. Atlanta GA 30315

18) Life Care Center of Lawrenceville.
210 Collins Industrial Way

8) New York Distr. - EEOC Office
33 Whitehall St. New York, NY 10004

9) Atlanta District EEOC office
100 Alabama Ave, Atlanta GA 30303.

10) Mountain Home Air Force Base Hospital & MEO Office
90 Hope Drive, Mountain Home Idaho 83648

11) Grady Health System (Grady Memorial Hospital!
Human Resources Division/Legal Dept./Security Dept,
80 Jesse Hill ~~Ave~~ Drive, Atlanta Georgia 30303

12) Atlanta Medical Center (Tenet Health)
303 Parkway Drive, NE Atlanta, GA 30312

13) Nursefinders (Emory Univerity Hospital (Employee)
2221 Peachtree Rd. NE, Atlanta GA 30309

14) Supplemental Healthcare (North Fulton Hospital)
(Northeast Georgia Medical Center)
4243 Dunwoody GA 30350.

15) Northside Hospital
1000 Johnson Ferry Rd Atlanta GA 30342

16) Georgia Department of Labor
2211 Beaver Ruin Road Norcross GA 30071

17) Saijbson Inc / Alpha Nursing Services.
7717 Cleveland Ave. Atlanta GA 30315

18) Life Care Center of Lawrenceville.
210 Collins Industrial Way

19) Laurel Baye HealthCare of Lake Lanier
    2451 Peachtree Industrial Blvd, Buford GA 30518.

20) ALL Medical Personnel (Emory Children's Clinic
    and Elaine Clark Center).

    1961 · N. Druid Hills Road

    , Georgia

21) Duluth Medical Services / Georgia Regional Hospital *( Employee
    3883 Rogers Bridge Road, Duluth, GA 30096,
    Δ 3498 Rogers Bridge Road, Duluth, GA 30096.

22) Joan Glancey Memorial Hospital (ER Patient)
    3215 Mclure Bridge Road, Duluth, GA 30097,

23) Georgia Regional Hospital - Acute Care / MH (ER Patient
    3073 Panthersville Road, Decatur, GA 30034

24) Pediatric Services of America
    350 Technology Parkway, Norcross, GA 30092.

The Superior Court of the District of Columbia

12) The Department of Housing AND URBAN DEVELOPMENT ~~███████████████~~

13) Presidential Towers aka Beverly Hills Properties
3100 West 3rd Street, Los Angeles CA 90029
# 331

14) Diamond Management Group, Inc.
7205 Hollywood ~~████~~ Boulevard # 204
WHLos Angeles, CA 90046

Bernstein management Corporation.
15) 1300 Massachusetts Avenue # 607
NW.
Washington, D.C. 90005


16) The Department of Housing and Urban Development
The Wanamaker Building
100 Penn Square East
Philadelphia, PA 19107

# Superior Court of the District of Columbia

25) Queens Hospital Center (New York Health System & Hospital Corporations).
82-68 164th Street. Jamaica Ave., NY 11432

26) SUNY Health Science Center At Syracuse
750. E. Adams Street, Syracuse, NY 13210.

27) Crouse Irving Memorial Hospital
736 Irving Ave., Syracuse NY 13210

28) Community General Hospital
4900 Broad Road, Syracuse, NY 13215

29) Benjamin Rush Center
650 South Salina St. Syracuse NY 13202

30) Lakeside Behavioral Health Care - Mental Health
1800 Mercy Dr., Orlando FL 32808

31) St. John's Episcopal Hospital, South Shore
327 Beach 19th Street. Far Rockaway, NY 11691

32) GWINNETT COUNTY POLICE DEPARTMENT
~~3215~~. 3125 Satellite Blvd, Duluth GA 30096

33) GWINNETT COUNTY DETENTION CENTER & Sheriff's Administration Building
2900 University Pkwy, Lawrenceville, GA ___

34) Fulton County (Criminal Warrants Division)
(Magistrate Court)
160 Pryor Street St. Atlanta GA 30303
185 Central Avenue, Atlanta GA 30303

35) Fulton County Jail
901 Rice St. Atlanta, GA 30318

36) Orange County Courthouse
425 N. Orange Ave, Orlando FL 32801

37) The Department of Commerce
1615 H St. NW Washington DC 20062

38) The Department of Transportation
1200 New Jersey Ave, SE Wash, DC. 20590.

39) Hollywood Movers
Hollywood Florida (OR) Fort Lauderdale
MOVING COMPANY. [* ADDRESS UNKNOWN]

40) ~~California Bus and Taxi Services.~~
< See Dept of Transportation >

41) ~~District of Columbia Bus and Taxi Services.~~ < See Dept. of Transportation >

42) The Department of Energy (California &
District of
Columbia
California. ADDRESS UNKNOWN
Dist of Cd - Unsure of Correct Address.

MARCIA LORRAINE MADDEN
_____
Plaintiff

vs.

THE DISTRICT OF COLUMBIA VETERANS
MEDICAL CENTER
_____
Defendant

Case Number **0002077-12**

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

MARCIA LORRAINE MADDEN pro se
Name of Plaintiff's Attorney

142 MICHIGAN AVE, NE #11
Address

WASHINGTON, DC 20017-1024

202) 518-0157 / 202-705-6680.
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date 5/2/12

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오     የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011     CASUM.doc



MARCIA LORRAINE MADDEN
_____
Plaintiff

2 ORLANDO VETERANS
MEDICAL CENTER
_____
Defendant

Case Number    **0002077-12**
_____

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

MARCIA LORRAINE MADDEN
_____
Name of Plaintiff's Attorney / pro se

142 MICHIGAN AVE NE 111
_____
Address

WASHINGTON, DC 20017-1024
_____

202-518-0157 / 202-705-6630
_____
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date 3/2/12
_____

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bản dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



MARCIA LORRAINE MADDEN
_____
Plaintiff

vs.

**3** ATLANTA VETERANS MEDICAL
CENTER .
_____
Defendant

Case Number **0002077-12**

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

MARCIA LORRAINE MADDEN / Pro Se
_____
Name of Plaintiff's Attorney
142 MICHIGAN AVE, NE U11
_____
Address
WASHINGTON, DC 20017-1024
_____
202-518-0157 / 202-705-6630
_____
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date ___3/2/12___

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bản dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오     የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Telephone: (202) 879-1133**

MARCIA LORRAINE MADDEN
_____
Plaintiff

vs.

④ PRIMARY & EXTENDED CARE
CENTER — QUEENS VA MEDICAL CENTER
_____
Defendant

Case Number **0002077-12**

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

MARCIA LORRAINE MADDEN / Pro Se
Name of Plaintiff's Attorney

142 MICHIGAN AVE, NE U11
Address

WASHINGTON, DC 20017-1024

202/518-0157/202-705-6630
Telephone

_Clerk of the Court_

By _____
Deputy Clerk

Date _____3/2/12_____

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bản dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                                                    CASUM.doc



**Superior Court of the District of Columbia**
CIVIL DIVISION
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

MARCIA LORRAINE MADDEN
_____
Plaintiff

5 NYHHCS -New York Harbor HealthCare System
@Brooklyn Veterans Medical CENTER          Case Number  0002077-12
_____
Defendant

*(vs.)*

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

MARCIA LORRAINE MADDEN PRO SE
_____
Name of Plaintiff's Attorney

142 MICHIGAN AVE., NE U11
_____
Address

WASHINGTON, DC 20017-1024
_____

202-518-0157/202-705-6630
_____
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date  3/2/12

如需翻译, 请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오     የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ·

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

MARCIA LORRAINE MADDEN
_____
Plaintiff

CALIFORNIA vs.
*VA REGIONAL OFFICE, MEDICAL
CENTER AND HOUSING -VASH*
_____
Defendant

Case Number **0002077-12**

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

MARCIA LORRAINE MADDEN /pro se
Name of Plaintiff's Attorney
142 Michigan Ave. NE U11
Address
Washington, DC 20017-1024
202)518-0157 /202)705-6630
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date _____3/2/12_____

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan 2011                                                                CASUM.doc



MARCIA LORRAINE MADDEN
_____
Plaintiff

New York State
NYS DIVISION OF HUMAN
RIGHTS @ Syracuse
_____
Defendant

vs.

Case Number  **0002077-12**

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

MARCIA LORRAINE MADDEN / Pro Se
_____
Name of Plaintiff's Attorney

142 Michigan Ave. NE #11
_____
Address

Washington DC 20017-1024
202) 518-0157 / 202-705-6630
_____
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date ___3/2/12___

如需翻译, 请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오    የአማርኛ ትርጉም ለማግኘት፣ (202) 879-4828 ይደውሉ።

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



MARCIA LORRAINE MADDEN
_____
Plaintiff

**8** NEW YORK DISTRICT EEOC
OFFICE
vs.
_____
Defendant

Case Number **0002077-12**

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

MARCIA LORRAINE MADDEN Pro se
Name of Plaintiff's Attorney
142 Michigan Ave NE u11
Address
Washington DC 20017-1024
202)518-057 / 202-705-6630
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date 3/2/12

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오    የአማርኛ ተርጓሚ ለማግኘት (202) 879-4828 ይደውሉ

**IMPORTANT:** IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

MARCIA LORRAINE MADDEN
_____
Plaintiff

vs.

Case Number _____0002077-12_____

ALTANTA DISTRICT EEOC OFFICE
_____
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

MARCIA LORRAINE MADDEN
Name of Plaintiff's Attorney / PRO SE

142 Michigan Ave, NE u11
Address

Washington DC 20017-1024
mm

202/518-0157 /202) 705-6630
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date ___3/2/12___

如需翻译，请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오     የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

*MARCIA LORRAINE MADDEN*
Plaintiff

vs.

¹⁰ *MOUNTAIN HOME AFB - Air Force Base Hospital & MEO OFFICE*
Defendant

Case Number   **0002077-12**

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*MARCIA LORRAINE MADDEN pro se*
Name of Plaintiff's Attorney

*142 Michigan Ave, NE #11*
Address
*Washington, DC 20017-1024*

*202)518-0157 / 202)705-6630*
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date   3/2/12

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오     የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



*MARCIA LORRAINE MADDEN*
_____
Plaintiff

**0002077-12**

vs.

*GRADY HEALTH SYSTEM*
*(GRADY MEMORIAL HOSPITAL)*
*(HUMAN Resources)*
*(Legal Dept.)*
*(Security Dept.)*
_____
Defendant

Case Number **0002077-12**

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*MARCIA LORRAINE MADDEN*
_____
Name of Plaintiff's Attorney / *Pro Se*

*142 Michigan Ave, NE U11*
_____
Address

*Washington, DC 20017-1024*
_____

*202 518-0157/202 705-6630*
_____
Telephone

_____
Clerk of the Court

By_____
Deputy Clerk

Date _____*3/2/12*_____

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오      የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ·

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



_MARCIA LORRAINE MADDEN_
Plaintiff

vs.

_12 ATLANTA MEDICAL CENTER_
_(TENET HEALTH)_
Defendant

Case Number **0002077-12**

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

_MARCIA LORRAINE MADDEN_ _Pro Se_
Name of Plaintiff's Attorney

_142 Michigan, Ave. NE. 411_
Address

_Washington, DC 20017-1024_

_(202) 518-0157 / 202-705-6630_
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date _3/2/12_

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화하십시오      የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ·

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

*MARCIA LORRAINE MADDEN*
_____
Plaintiff

vs.

Case Number **0002077-12**

13 *Nurse Finders (Emory University Hospital)*
_____
Defendant

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*MARCIA LORRAINE MADDEN* Pro Se
Name of Plaintiff's Attorney

142 Michigan Ave, NE, U11
Address

Washington, DC 20017-1024

202)578-0157 / 202-705-6630
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date _____J/2/12_____

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오     የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

**IMPORTANT:** IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



*MARCIA LORRAINE MADDEN*
Plaintiff

vs.

Case Number    **0002077-12**

14 *SUPPLEMENTAL HEALTH CARE*
*(North Fulton Hospital)*
*(Northeast Georgia Medical Center)*

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*MARCIA LORRAINE MADDEN*
Name of Plaintiff's Attorney */Pro Se*

*142 Michigan Ave, NE, U11*
Address

*Washington, DC 20017-1024*

*202-518-0157/202-705-6630*
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date    *3/2/12*

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요     የአማርኛ ትርጉም አስፈላጊ ከሆነ (202) 879-4828 ይደውሉ

**IMPORTANT:** IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan 2011                                                                                    CASUM.doc



# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Suite 5000
### Washington, D.C. 20001 Telephone: (202) 879-1133

_MARCIA LORRAINE MADDEN_
Plaintiff

vs.

Case Number _0002077-12_

_Northside Hospital_
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

_MARCIA LORRAINE MADDEN Pro Se_
Name of Plaintiff's Attorney

_142 Michigan Ave, NE U11_
Address

_Washington, DC 20017-1024_

_202)518-0157 / 202-705-6630_
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date _3/3/12_

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요     የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan 2011                                                                                              CASUM.doc



_MARCIA LORRAINE MADDEN_
Plaintiff

vs.

16 _GEORGIA DEPARTMENT_
_OF LABOR_
Defendant

Case Number _0002077-12_

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

_MARCIA LORRAINE MADDEN /pro se_
Name of Plaintiff's Attorney

_142 Michigan Ave, NE W.//_
Address
_Washington, DC 20017-1024_

_202)548-0157 / 202-705-6630_
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date _3/2/12_

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화하십시오    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ።

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Telephone: (202) 879-1133**

*MARCIA LORRAINE MADDEN*
Plaintiff

vs.

Case Number  **0002077-12**

*SAJIBSON INC./ALPHA NURSING SERVICES*
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*MARCIA LORRAINE MADDEN*
Name of Plaintiff's Attorney  */Pro Se*

*142 Michigan Ave. NE #11*
Address

*Washington DC 20017-1024*

*202 518-0157 / 202-705-6630*
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date  *3/2/12*

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요     የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



*MARCIA LORRAINE MADDEN*
_____
Plaintiff

vs.

Case Number ___0002077-12___

*LIFECARE CENTER OF LAWRENCEVILLE*
_____
Defendant

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*MARCIA LORRAINE MADDEN*
_____
Name of Plaintiff's Attorney *Pro Se*

*142 Michigan Ave, NE U11*
_____
Address

*Washington, DC 20017-1024*
_____

*202)518-0157 / 202-705-6630*
_____
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date ___3/2/12___

如需翻译请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có bản dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화하십시오    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

    IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

_MARCIA LORRAINE MADDEN_
Plaintiff

vs.                                    Case Number _0002077-12_

_LAUREL BAYE HEALTHCARE OF LAKE LANIER_
Defendant

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

_MARCIA LORRAINE MADDEN_
Name of Plaintiff's Attorney /PRO Se
_142 Michigan Ave. NE U11_
Address _Washington DC 20017-1024_
_202)518-0157 / 202-705 6630_
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date _3/3/12_

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오       የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5[ ]
Washington, D.C. 20001 Telephone: (202) 879-1133

*MARCIA LORRAINE MADDEN*
_____
Plaintiff

vs.

Case Number **0002077-12**



20 *ALL MEDICAL PERSONNEL*
*(EMORY CHILDREN'S CLINIC)* Defendant
*(ELAINE CLARK CENTER)*

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*MARCIA LORRAINE MADDEN / pro se*
Name of Plaintiff's Attorney

*142 Michigan Ave, NE u11*      By _____
Address                                        Deputy Clerk

*Washington, DC 20017-1024*

*202)578-0157 / 202-705-6630* Date    *3/2/12*
Telephone

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요       የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                              CASUM doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**500 Indiana Avenue, N.W., Suite 5**
**Washington, D.C. 20001 Telephone: (202) 879-1133**

MARCIA LORRAINE MADDEN
_____
Plaintiff

vs.

Case Number 0002077-12

21 DULUTH MEDICAL SERVICES
(Georgia Regional Hospital)
_____ Defendant

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

MARCIA LORRAINE MADDEN / Pro Se
Name of Plaintiff's Attorney

142 Michigan Ave, NE U1
Address

Washington DC 20017-1024

202-518-0157 / 202-705-6630
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date 7/2/12

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오     የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

**IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._**

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



MARCIA LORRAINE MADDEN
_____
Plaintiff

vs.

Case Number **0002077-12**

JOAN GLANCEY MEMORIAL HOSPITAL
_____
Defendant

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

MARCIA LORRAINE MADDEN
Name of Plaintiff's Attorney Pro Se

142 Michigan Ave, NE #11
Address

Washington, DC 20017-1024

202/518-0157 /202) 705-0630
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date 5/2/12

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오       የአማርኛ ትርጉም ለማግኘት፣ (202) 879-4828 ይደውሉ·

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



MARCIA LORRAINE MADDEN
_____
Plaintiff

vs.

Case Number **0002077-12**

23 GEORGIA REGIONAL HOSPITAL - Acute Care/MH
_____
Defendant

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

MARCIA LORRAINE MADDEN (pro se)
Name of Plaintiff's Attorney

142 Michigan Ave., NE U11
Address

Washington DC 20017-1024

(202) 318-0157 / (202) 705-6630
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date 3/2/12

如需翻译，请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bản dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오     የአማርኛ ትርጉም አስፈላጊ ከሆነ (202) 879-4828 ይደውሉ

**IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._**

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**500 Indiana Avenue, N.W., Suite 5**
**Washington, D.C. 20001 Telephone: (202) 879-1133**

_MARCIA LORRAINE MADDEN_
Plaintiff

vs.

Case Number **0002077-12**

**2¼** _Pediatric Services of America_
Defendant

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

_MARCIA LORRAINE MADDEN_
Name of Plaintiff's Attorney / _Pro se_

_142 Michigan Ave, NE U11_
Address

_Washington DC 20017-1024_

_202) 518-0157 / 202 705 6630_
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date _3/2/12_

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오     የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan 2011

CASUM doc



MARCIA LORRAINE MADDEN
_____
Plaintiff

vs.                                          Case Number  0002077-12

25
QUEENS HOSPITAL CENTER
(New York Health Systems Hospital Corporations)
Defendant

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

MARCIA LORRAINE MADDEN
Name of Plaintiff's Attorney    Pro Se
142 Michigan Ave. NE#11
Address
Washington, DC 20017-1024
202 618-0157 / 202-705-6630
Telephone

Clerk of the Court

By _____
                    Deputy Clerk

Date  3/2/12

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오     የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5
Washington, D.C. 20001 Telephone: (202) 879-1133

MARCIA LORRAINE MADDEN
_____
Plaintiff

vs.

Case Number ~~000207 7-12~~

ᵗᶜ SUNY Health Science Center at Syracuse
_____
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

MARCIA LORRAINE MADDEN / Pro Se
Name of Plaintiff's Attorney

142 Michigan Ave, NE U11
Address

Washington, DC 20017-1024

202/518-0157 / 202) 705-6630
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date 3/2/12

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요.     የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ·

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan 2011                                                                        CASUM.doc

MARCIA LORRAINE MADDEN
_____
Plaintiff

vs.

Case Number **0002077-12**

27) CROUSE IRVING MEMORIAL HOSPITAL
_____
Defendant

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

MARCIA LORRAINE MADDEN Pro Se
Name of Plaintiff's Attorney
142 Michigan Ave., NE U11
Address
Washington, DC 20017-1024
(202) 578-0157 / (202) 705-6630
Telephone

Clerk of the Court

By_____
Deputy Clerk

Date 7 2 12

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bản dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오       የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

**IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._**

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite ⟨ ⟩
Washington, D.C. 20001 Telephone: (202) 879-1133

MARCIA LORRAINE MADDEN
_____ Plaintiff

vs.                                          Case Number   0002077-12

Zr  COMMUNITY GENERAL HOSPITAL
_____ Defendant

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

MARCIA LORRAINE MADDEN  Pro Se
Name of Plaintiff's Attorney

142 Michigan Ave, NE U11
Address

Washington, DC 20017-1524

202/518-0157/(202) 705-6630
Telephone

Clerk of the Court

By _____
                          Deputy Clerk

Date   3/2/12

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bản dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오     የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan 2011                                                          CASUM doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**500 Indiana Avenue, N.W., Suite 5**
**Washington, D.C. 20001 Telephone: (202) 879-1133**

MARCIA LORRAINE MADDEN
_____
Plaintiff

vs.

29 Benjamin Rush Center
_____
Defendant

Case Number

0002077-12

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

MARCIA LORRAINE MADDEN PRO SE
Name of Plaintiff's Attorney

142 Michigan Ave, NE 411
Address

Washington DC 20017-1024

(202) 518-0157 / (202) 705-6630
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date 3/2/12

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

**IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._**

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**500 Indiana Avenue, N.W., Suite 5** 
**Washington, D.C. 20001 Telephone: (202) 879-1133**

MARCIA LORRAINE MADDEN
_____ Plaintiff

vs.

Case Number          0002077-12

Lakeside Behavioral Healthcare
(Mental Health)
_____ Defendant

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

MARCIA LORRAINE MADDEN Pro Se
Name of Plaintiff's Attorney

142 Michigan Ave. NE U11
Address

Washington, DC 20017-1024

202 518-0157 / (202) 705-6630
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date    3/8/12

如需翻译，请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요     የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

    IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011               CASUM.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**500 Indiana Avenue, N.W., Suite ⟨ ⟩**
**Washington, D.C. 20001 Telephone: (202) 879-1133**

MARCIA LORRAINE MADDEN
_____
Plaintiff

vs.

Case Number  0002077-12

ST. John's Episcopal Hospital, South Shore
_____
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

MARCIA LORRAINE MADDEN pro se
Name of Plaintiff's Attorney

142 Michigan Ave, NE U11
Address

Washington, DC 20017-1024

(202) 578-0157 / (202) 705-6630
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date   3/3/12

如需翻译，请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오      የአማርኛ ትርጉም አማኝነት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Suite
### Washington, D.C. 20001 Telephone: (202) 879-1133

MARCIA LORRAINE MADDEN
_____
Plaintiff

0002077-12

vs.

Case Number _____

32 GWINNETT COUNTY POLICE Department
_____
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

MARCIA LORRAINE MADDEN Pro Se
Name of Plaintiff's Attorney

142 Michigan Ave, NE U11
Address

Washington, DC 20017 1024

202) 518-0157 / 202) 705-6630
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date 3/2/12

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite
Washington, D.C. 20001 Telephone: (202) 879-1133

MARCIA LORRAINE MADDEN
_____
Plaintiff

vs.                                    Case Number    0002077-12

33 GWINET COUNTY DETENTION CENTER
AND SHERIFFS ADMINISTRATION BUILDING
_____
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

MARCIA LORRAINE MADDEN PRO SE
Name of Plaintiff's Attorney

142 Michigan Ave, NE #11
Address

Washington DC 20017-1024

(202) 518-0157/(202) 705-6630
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date 3/2/12

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오       የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan 2011                                                      CASUM.doc



MARCIA LORRAINE MADDEN
_____
Plaintiff

0002077-12

vs.

Case Number _____

84 FULTON COUNTY CRIMINAL
WARRANTS DIVISION AND    Defendant
MAGISTRATE COURT    **SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

MARCIA LORRAINE MADDEN
Name of Plaintiff's Attorney   PRO SE

142 Michigan Ave NE U11
Address

Washington DC 20017-1024

202 518-0157 / 202 705 6630
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date    5/2/12

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bản dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오     የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

MARCIA LORRAINE MADDEN
_____
Plaintiff

vs.

35 Fulton County Jail
_____
Defendant

Case Number  0002077-12

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

MARCIA LORRAINE MADDEN Pro Se
Name of Plaintiff's Attorney

142 Michigan Ave NE u11
Address

Washington DC 20017-1024

(202)518-0167/202-705-6063
Telephone

*Clerk of the Court*

By _____
Deputy Clerk

Date 3/2/12

如需翻译,请打电话 (202) 879-4828   Veuillez appeler au (202) 879-4828 pour une traduction   Để có bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ።

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español




**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**500 Indiana Avenue, N.W., Suite (   )**
**Washington, D.C. 20001 Telephone: (202) 879-1133**

MARCIA LORRAINE MADDEN
_____
Plaintiff

vs.

Case Number  **0002077-12**

³⁶ ORANGE COUNTY COURTHOUSE
_____
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

MARCIA LORRAINE MADDEN
_____
Name of Plaintiff's Attorney / PRO SE

142 Michigan Ave, NE U11
_____
Address

Washington, DC 20017 1024
_____

(202) 578-0157 / (202) 705 6630
_____
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date  3/2/12

如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오        የአማርኛ ትርጉም ለማግኘት፣ (202) 879-4828 ይደውሉ፡

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**500 Indiana Avenue, N.W., Suite**
**Washington, D.C. 20001 Telephone: (202) 879-1133**

MARCIA LORRAINE MADDEN
_____
Plaintiff

vs.

37 The Department of Commerce
_____
Defendant

Case Number 0002077-12

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

MARCIA LORRAINE MADDEN
Name of Plaintiff's Attorney / PRO SE
142 Michigan Ave, NE 111
Address
Washington DC 2017-1024
(202) 518-0157 / (202) 705-6630
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date 3/8/12

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Đề có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오     የአማርኛ ትርጉም ከፈለጉ (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



MARCIA LORRAINE MADDEN
_____
Plaintiff

0002077-12

vs.

Case Number _____

38 The DEPARTMENT OF TRANSPORTATION
_____
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

MARCIA LORRAINE MADDEN PRO SE
Name of Plaintiff's Attorney

142 Michigan Ave. NE U11
Address

Washington, DC 20017-1024

202) 518-0157 / 202) 705-6630
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date 3/2/12

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

MARCIA LORRAINE MADDEN
_____
Plaintiff

vs.

Case Number 0002077-12

39 Hollywood Movers (OR) Fort Lauderdale
(Hollywood Florida Moving Company)
Defendant

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

MARCIA LORRAINE MADDEN
_____
Name of Plaintiff's Attorney

142 Michigan Ave, NE U11
_____
Address

Washington, DC 20017-1024

(202) 518-0157 / (202) 705-6630
_____
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date 3/2/12

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bản dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오    የአማርኛ ትርጉም ለማግኘት፣ (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



_MARCIA LORRAINE MADDEN_
Plaintiff

vs.

Case Number _0002077-12_

40 _THE DEPARTMENT OF ENERGY_
( California & District of of Columbia ),
Defendant

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

_MARCIA LORRAINE MADDEN_
Name of Plaintiff's Attorney / _PRO SE_
_142 Michigan Ave, NE u11_
Address
_Washington, DC 20017-1024_
_(202)578-0157/202) 705-6630_
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date _3/8/12_

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오     የአማርኛ ትርጉም ከፈለጉ (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español




**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**500 Indiana Avenue, N.W., Suite**
**Washington, D.C. 20001 Telephone: (202) 879-1133**

MARCIA LORRAINE MADDEN
_____
Plaintiff

0002077-12

vs.

41 THE DEPARTMENT OF HOUSING
AND URBAN DEVELOPEMENT
_____
Defendant

Case Number _____

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

MARCIA LORRAINE MADDEN
Name of Plaintiff's Attorney / PRO SE

142 Michigan Ave., NE u11
Address

Washington, DC 20017-1024

(202)518-0157 /(202)705-6630
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date ___3/2/12___

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오     የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**500 Indiana Avenue, N.W., Suite( )**
**Washington, D.C. 20001 Telephone: (202) 879-1133**

MARCIA LORRAINE MADDEN
_____
Plaintiff

42

PRESIDENTIAL TOWERS A.K.A
BEVERLY HILLS PROPERTIES
_____
Defendant

vs.

Case Number  ~~0002077-12~~

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

MARCIA LORRAINE MADDEN
Name of Plaintiff's Attorney  PRO SE

142 Michigan Ave, NE U11
Address

Washington, D.C. 20017-1024

(202)518-0157   (202)705-6630
Telephone

_Clerk of the Court_

By _____
Deputy Clerk

Date  3/2/12

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요    የአማርኛ ትርጉም ከፈለጉ (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite
Washington, D.C. 20001 Telephone: (202) 879-1133

*MARCIA LORRAINE MADDEN*
Plaintiff

43 *DIAMOND MANAGEMENT GROUP, INC.*    vs.

Case Number    **0002077-12**

Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*MARCIA LORRAINE MADDEN*
Name of Plaintiff's Attorney   *PRO SE*

*142 Michigan Ave NE #11*
Address

*Washington DC 20017-1024*

*(202) 518-0157 / (202) 705-6630*
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date   *3/2/12*

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bản dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ።

**IMPORTANT:** IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

MARCIA LORRAINE MADDEN
_____
Plaintiff

vs.

4S THE DEPARTMENT OF HOUSING
AND URBAN DEVELOPMENT
_____
Defendant

Case Number **0002077-12**

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

MARCIA LORRAINE MADDEN
_____
Name of Plaintiff's Attorney

142 MICHIGAN AVENUE N.W.
_____
Address
WASHINGTON, DC 2007-1029

202-578-0152/ 202-705-6670
_____
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date ____3/2/12____

如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction          Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요          የአማርኛ ተርጓሚ ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-269-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS – Oct. 2011                                                                 CASUM.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Telephone: (202) 879-1133**

*MARCIA LORRAINE MADDEN*
_____ Plaintiff

vs.

Case Number  **0002077-12**

*44 BERNSTEIN MANAGEMENT CORPORATION*
_____ Defendant

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*MARCIA LORRAINE MADDEN*
Name of Plaintiff's Attorney *PRO SE*

*142 Michigan Ave, NE 411*
Address

*Washington DC 20017-1024*

*(202)518-0157 / (202) 705-6430*
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date _____3|2|12_____

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오     የአማርኛ ትርጉም ከፈለጉ (202) 879-4828 ይደውሉ

**IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.***

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan 2011

CASUM doc

# Superior Court of the District of Columbia

## CIVIL DIVISION - CIVIL ACTIONS BRANCH

### INFORMATION SHEET

MARCIA LORRAINE MADDEN

Case Number: 0002077-12

vs

Date: MARCH 01, 2012

~~UNITED STATES OF THE DISTRICT~~
The District OF COLUMBIA, et al.

☑ One of the defendants is being sued in their official capacity.

| | |
|---|---|
| Name: (please print) | Relationship to Lawsuit |
| | ☐ Attorney for Plaintiff |
| Firm Name: | ☑ Self (Pro Se) |
| | Other: _____ |
| Telephone No.:     Six digit Unified Bar No.: | |

TYPE OF CASE:   ☐ Non-Jury     ☐ 6 Person Jury     ☑ 12 Person Jury
Demand:$ 37,000,000     Other: 16-23 Person Jury

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
① Case No.: CV-10-5527PA(CW) Judge: O     Calendar #: O
② Case # TTS1978/3231.6000 ②
④ Case No.: 2006-CC-0192.51 Judge: O     Calendar #: O
⑤ Case No.: _____ Judge: ⑥ 2991388316   Calendar #: O/O

| NATURE OF SUIT:    (Check One Box Only) | | |
|---|---|---|
| **A. CONTRACTS** | **COLLECTION CASES** | |
| ☐ 01 Breach of Contract | ☐ 07 Personal Property | ☐ 14 Under $25,000 Pltf. Grants Consent |
| ☐ 02 Breach of Warranty | ☐ 09 Real Property-Real Estate | ☐ 16 Under $25,000 Consent Denied |
| ☐ 06 Negotiable Instrument | ☐ 12 Specific Performance | ☐ 17 OVER $25,000 |
| ☐ 15 _____ | | |

| **B. PROPERTY TORTS** | | |
|---|---|---|
| ☐ 01 Automobile | ☐ 03 Destruction of Private Property | ☐ 05 Trespass |
| ☐ 02 Conversion | ☐ 04 Property Damage | ☐ 06 Traffic Adjudication |
| ☐ 07 Shoplifting, D.C. Code § 27-102(a) | | |

| **C. PERSONAL TORTS** | | |
|---|---|---|
| ☐ 01 Abuse of Process | ☐ 09 Harassment | ☐ 17 Personal Injury – (Not Automobile, Not Malpractice) |
| ☐ 02 Alienation of Affection | ☐ 10 Invasion of Privacy | ☐ 18 Wrongful Death (Not malpractice) |
| ☐ 03 Assault and Battery | ☐ 11 Libel and Slander | ☐ 19 Wrongful Eviction |
| ☐ 04 Automobile-Personal Injury | ☐ 12 Malicious Interference | ☐ 20 Friendly Suit |
| ☐ 05 Deceit (Misrepresentation) | ☐ 13 Malicious Prosecution | ☐ 21 Asbestos |
| ☐ 06 False Accusation | ☐ 14 Malpractice Legal | ☐ 22 Toxic/Mass Torts |
| ☐ 07 False Arrest | ☑ 15 Malpractice Medical (Including wrongful death) | ☐ 23 Tobacco |
| ☐ 08 Fraud | ☐ 16 Negligence-(Not Automobile, Not Malpractice) | ☐ 24 Lead Paint |

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

# INFORMATION SHEET, Continued

| C. OTHERS | | |
|---|---|---|
| **I.**<br>☐ 01 Accounting<br>☐ 02 Att. Before Judgment<br>☐ 04 Condemnation (Emin. Domain)<br>☐ 05 Ejectment<br>☐ 07 Insurance/Subrogation<br>  Under $25,000 Pltf.<br>  Grants Consent<br>☐ 08 Quiet Title<br>☐ 09 Special Writ/Warrants<br>  DC Code § 11-941 | ☐ 10 T.R.O./Injunction<br>☐ 11 Writ of Replevin<br>☐ 12 Enforce Mechanics Lien<br>☐ 16 Declaratory Judgment<br>☐ 17 Merit Personnel Act (OEA)<br>  (D.C. Code Title 1, Chapter 6)<br>☐ 18 Product Liability<br>☐ 24 Application to Confirm, Modify,<br>  Vacate Arbitration Award<br>  (D.C. Code § 16-4315) | ☐ 25 Liens: Tax/Water Consent Granted<br>☐ 26 Insurance/Subrogation<br>  Under $25,000 Consent Denied<br>☐ 27 Insurance/Subrogation<br>  Over $25,000<br>☐ 28 Motion to Confirm Arbitration<br>  Award (Collection Cases Only)<br>☐ 26 Merit Personnel Act (OHR)<br>☐ 30 Liens: Tax/Water Consent Denied |
| **II.**<br>☐ 03 Change of Name<br>☐ 06 Foreign Judgment<br>☐ 13 Correction of Birth Certificate<br>☐ 14 Correction of Marriage<br>  Certificate | ☐ 15 Libel of Information<br>☐ 19 Enter Administrative Order as<br>  Judgment [D.C. Code §<br>  2-1802.03(h) or 32-1519(a)]<br>☐ 20 Master Meter (D.C. Code §<br>  42-3301, et seq.) | ☐ 21 Petition for Subpoena<br>  [Rule 28-I (b)]<br>☐ 22 Release Mechanics Lien<br>☐ 23 Rule 27 (a)(1)<br>  (Perpetuate Testimony) |

*Marcia Lorraine Madden*          *March 01, 2012*

Pro Se ~~Attorney's~~ Signature          Date

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

MARCIA LORRAINE MADDEN

Vs.                                                          C.A. No.          2012 CA 002077 M

THE DISTRICT OF COLUMBIA VETERANS MEDICAL CENTER

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge MICHAEL L RANKIN
Date:  March 2, 2012
Initial Conference: 9:00 am, Friday, June 01, 2012
Location:  Courtroom 517
                  500 Indiana Avenue N.W.
                  WASHINGTON, DC  20001

Caio.doc

# ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc

FILED
CIVIL ACTIONS BRANCH
MAR 0 2 2012
Superior Court
of the District of Columbia
Washington, DC.

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
FAMILY COURT and CIVIL DIVISION

# MARCIA LORRAINE MADDEN
Plaintiff/Petitioner

Case No. __0002077-12__

v. THE UNITED STATES OF AMERICA
FOR THE DISTRICT OF COLUMBIA
Defendant/Respondent

## ORDER

Having considered ☒ Plaintiff/Petitioner's ☐ Defendant/Respondent's

Application to Proceed without Prepayment of Costs, Fees, or Security, it is

hereby ordered that the Application is:

☐ **GRANTED** in this Family Court case and, pursuant to Domestic

Relations Rule 54-II, witnesses will be subpoenaed without

prepayment of witness fees;

☒ **GRANTED** in this Civil Division case and, pursuant to Civil Rule 54-II,

the officers of the Court will issue and serve all process; witnesses will

be subpoenaed without prepayment of witness fees;

☐ **DENIED**

☐ For the following reasons: _____

_____

☐ For the reasons stated on the record in open court and in the

presence of the applicant or his or her counsel;

__3/1/2012__                    _____

Date                    Judge

COMPLETED

6

FILED 106A
CIVIL ACTIONS BRANCH
MAR 0 2 2012
Superior Court
of the District of Columbia
Washington, DC.

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### FAMILY COURT and CIVIL DIVISION

_MARCIA LORRAINE MADDEN_
**Plaintiff/Petitioner**

0002077-12

v.

Case no:_____

_THE UNITED STATES OF AMERICA_
**Defendant/Respondent** _FOR THE DISTRICT OF COLUMBIA et al._
_Veterans Medical Center, et al._

## APPLICATION TO PROCEED WITHOUT PREPAYMENT
## OF COSTS, FEES, OR SECURITY (*In Forma Pauperis*)
### Form 106A

I, _MARCIA LORRAINE MADDEN_ am the (check one)
☒ Plaintiff/Petitioner ☐ Defendant/Respondent

I need an interpreter for this case. I speak the following language:
_____ [Insert Language].

I respectfully ask permission to proceed in this case without pre-paying costs or fees and without giving security for them because I am not able to do so without substantial hardship to myself or to my family. In support of this request, I state the following:

Check and answer only those that apply.

### INCOME

1. I receive the following public benefits, and the law presumes that I am eligible to proceed without prepayment of costs, fees, or security (see D.C. Code § 15-712):

☐ Temporary Assistance for Needy Families (TANF)
☐ General Assistance for Children (GAC)
☐ Program on Work, Employment and Responsibility (POWER)
☐ Supplemental Security Income (SSI)



Case: 2012 CA 002077 M
D0044478505
Dkt: C106AIFP

COMPLETED

2. Even though I do not receive the above public benefits, I receive the following similar benefits and, therefore, request that my Application be approved:

☐ Interim Disability Assistance (IDA) because my SSI application has not been approved/certified

☐ Medicaid

☑ DC Healthcare Alliance or the following similar health benefits (describe) _Medicare Part A._

If you checked any of the above boxes, you do not need to answer any more questions and may skip to the section called "Declaration." Otherwise, you must answer the rest of the questions on this form. If additional information is required, you will be notified.

3. My total income over the past 12 months from all sources (including, but not limited to, my job, other wages or business income, rental income, pensions, annuities or life insurance payments, worker's compensation, unemployment compensation or insurance, annual interest or dividends, gifts, alimony or spousal support, inheritance or trust income) is $_____.

4. I am presently unemployed. The last date I worked was on _March_, _2008_.
   Month       Year

## DEPENDENTS

5. How many people live in your household and depend on you for support: _____O____. Of these people, how many are minor children or elderly? _____O____.

## ASSETS

6. I state the following about my property:

I have $ *38,544.50* in cash, including money in savings or checking accounts.

I own the vehicles, personal home, other real estate, stock, bonds, or other valuable property, besides household furnishings and clothing, listed below:

_____

_____

_____

List the Property

## EXPENSES

7. This is my best estimate of the monthly expenses for myself and the people in my household who depend on me for support:

Housing (rent, mortgage, taxes, & insurance): $ *1450*
Public Transportation and Gasoline: $ *20.00*
Automobile Loan, Insurance, Maintenance: $ *0*
Health (medical, dental, vision, prescriptions, insurance): $ *varies* *$150 - 350*
Food and other Household Necessities: $ *100-200*  *self pay*
Utilities (including gas, electric, water, phone, internet): $ *300*  *varies for appointment to doctor*
Clothing: $ *50*  *100 - 300*
Child Support: $ *0*  *office*
Childcare (including diapers, daycare): $ *0*  *+ utilities*
Other (explain in detail): $ *20.00 (Bank Service fee)*  *+ food*  *+ transpor*

**Total Estimated Monthly Expenses:** $ *1,890 - 2390*

3                                                                 Form 106A

## OTHER SPECIAL CIRCUMSTANCES

8. (Optional) Explain any other special circumstances that you want to have considered in support of your request, including any large monthly expenses, debts, wage or bank account garnishments, and/or judgments.

Out of pocket payments for Doctor office visits b\c only have Medicare Part A card, not accepted. Medical bills and energy bills pending approval.

## DECLARATION

**REQUIRED**: I solemnly swear or affirm under criminal penalties for the making of a false statement, which includes 180 days in jail or a $1,000 fine or both, that I have read this Application and that the factual statements made in it are true to the best of my personal knowledge, information and belief.[1]

*Marcia Lorraine Madden*

Signature

*142 Michigan Avenue, NE U11*

Address *Washington DC 20017-1024*

*202) 518-0157 /202) 705-6630*

Phone Number

*March 01, 2012*

Date

## POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION TO PROCEED WITHOUT PREPAYMENT OF COSTS, FEES, OR SECURITY

1. D.C. Code § 15-712.
2. D.C. Code § 22-2405.
3. Civil Rule 54-II, Domestic Relations Proceedings Rule 54-II, and Family Rule R.
4. *Adkins v. E.I. Du Pont de Nemours & Co., Inc.*, 335 U.S. 331 (1948).
5. *Harris v. Harris*, 137 U.S. App. D.C. 318, 322, 424 F.2d 806 (1970), *cert. denied,* 400 U.S. 826 (1970) (*"in forma pauperis* relief not limited to those who are public charges or absolutely destitute").
6. *Green v. Green*, 562 A.2d 1214 (D.C. 1989) (statute "effectuates the fundamental principle that every litigant should be provided equal access to the courts without regard to financial ability").
7. *Herbin v. Hoeffel*, 727 A.2d 883, 887 (D.C. 1999) (court officers serve process in *in forma pauperis* cases).
8. *Cabillo v. Cabillo*, 317 A.2d 866, 866 (D.C. 1974) (per curiam) (reversing denial of *in forma pauperis* status and mandating granting of petition where litigant's income "only slightly above the welfare standard").

---

[1] When you come to court, you may be asked questions about this Application. If your responses are not truthful, you could face additional criminal penalties.



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

MARCIA LORRAINE MADDEN
Vs.                                        C.A. No.      2012 CA 002077 M
THE DISTRICT OF COLUMBIA VETERANS MEDICAL CENTER

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to:  Judge MICHAEL L RANKIN
Date:  March 2, 2012
Initial Conference: 9:00 am, Friday, June 01, 2012
Location:  Courtroom 517
      500 Indiana Avenue N.W.
      WASHINGTON, DC  20001

Caio.doc

# ADDENDUM TO INITIAL ORDER AFFECTING
# ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc