# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MARCIA LORRAINE MADDEN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 12-0615 (ABJ) |
| U.S. DEPARTMENT OF VETERAN AFFAIRS, | ) ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint, which was removed to this Court from the Superior Court of the District of Columbia by the federal defendants. *See* Notice of Removal [Dkt. # 1]. Plaintiff has named over forty different defendants in this case and seeks $37 million in damages. Compl. at 1. Several of those defendants have filed motions to dismiss the claims against them, *see, e.g.*, [Dkt. # 3, 4, 11, 12, 15, 18, 26], and plaintiff has filed a pleading opposing some of the motions, [Dkt. # 29], as well as a supplement to the opposition, [Dkt. # 30].

Although plaintiff's opposition to the motions to dismiss recites facts involving one or more of the defendants named in this case, the complaint itself – which is the operative document for purposes of a motion to dismiss – consists of a bare recitation of several causes of action without any explanation or factual assertions. The substance of the complaint, in its entirety, states: "Abuses/assaults; injustices/reprisals; employment discriminations and terminations; slander and libel; defamations; invasion of privacy; malpractice, false imprisonments; intentional infliction of emotional distress. Claim for damages, injuries, other:

February 29, 2012." *Id.* Because the complaint does not contain any explanation of plaintiff's injuries or any facts in support of her claims, the allegations "constitute the sort of patently insubstantial claims" that deprive the Court of subject matter jurisdiction. *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009); *see Caldwell v. Kagan*, 777 F. Supp. 2d 177, 178 (D.D.C. 2011) (quoting *Tooley* for the proposition that "[a] district court lacks subject matter jurisdiction when the complaint 'is so patently insubstantial, presenting no federal question suitable for decision.'").

Accordingly, the Court will dismiss this action without prejudice. Should plaintiff choose to file a new complaint, it should be filed as a separate action and should clearly identify the claims being brought against any particular defendants and state the facts on which the claims are based. A separate Order will issue.

_____
AMY BERMAN JACKSON
United States District Judge

DATE: June 5, 2012